1  MICHAEL D. STEWART, Cal. Bar No. 161909
   mstewart@sheppardmullin.com
2  JACQUELINE G. LUTHER, Cal. Bar No. 271844
   jluther@sheppardmullin.com
3  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   650 Town Center Drive, 4th Floor
4  Costa Mesa, California  92626-1993
   Telephone:  (714) 513-5100
5  Facsimile:   (714) 513-5130

6  Attorneys for Defendants DR. ALLEN
   SCOTT TERRY, D.D.S. and FOTONA,
7  LLC

8  MARK A. FINKELSTEIN, Cal. Bar No. 173851
   mafinkelstein@jonesday.com
9  JONES DAY
   3161 Michelson Drive, Suite 800
10 Irvine, California  92612-4408
   Telephone:  (949) 851-3939
11 Facsimile:   (949) 553-7539

12 Attorneys for Defendant FOTONA, LLC

13                UNITED STATES DISTRICT COURT

14        CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MILLENNIUM DENTAL TECHNOLOGIES, INC., a California Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>DR. ALLEN SCOTT TERRY, D.D.S., an individual; FOTONA, LLC, a Wyoming limited liability company; and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No. 8:18-cv-348<br><br>**DEFENDANTS DR. ALLEN SCOTT TERRY D.D.S. AND FOTONA, LLC'S:**<br><br>**(1) NOTICE OF REMOVAL OF ACTION [28 U.S.C. §§ 1331 and 1441(c); FEDERAL QUESTION JURISDICTION and 28 U.S.C. §§ 1367; SUPPLEMENTAL JURISDICTION]; and**<br><br>**(2) REQUEST FOR WRIT OF CERTIORARI [28 U.S.C. § 1447(B)]**<br><br>(Orange County Superior Court Case No. 30-2016-00880518-CU-BC-CJC) |

-1-

**TO THE ABOVE-CAPTIONED COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that defendants Dr. Allen Scott Terry, D.D.S. ("Dr. Terry") and Fotona, LLC ("Fotona") (collectively, "Defendants") hereby jointly remove *Millennium Dental Technologies, Inc. v. Dr. Allen Scott Terry, D.D.S., et al.*, Orange County Superior Court Case No. 30-2016-00880518-CU-BC-CJC to the United States District Court for the Central District of California, Southern Division on the following grounds:

## I.
## DESCRIPTION OF PLAINTIFF'S ORIGINAL AND FIRST AMENDED COMPLAINTS IN STATE COURT

1. Plaintiff Millennium Dental Technologies, Inc. ("Plaintiff") sells dental laser devices used in the treatment of periodontal disease. Plaintiff previously held a patent on a technique or protocol for using its dental lasers, entitled LANAP®. That patent has now expired.

2. Defendant Fotona, a competitor of Plaintiff, manufactures laser products that have application in a variety of fields, including dentistry. Defendant Dr. Terry is a periodontist who, according to Plaintiff, gave a single presentation on behalf of Fotona in April 2016.

3. In its original complaint, filed on October 11, 2016 and its First Amended Complaint ("FAC") filed on November 14, 2016,[1] Plaintiff attempted to extend trade secret protection to its expired patent. Plaintiff alleged that Dr. Terry purchased a dental laser package from Plaintiff, learned the LANAP® protocol on how to operate the laser, and then disclosed such information during an April 15, 2016 presentation to approximately fifteen people. Plaintiff further alleged that

---

[1] Plaintiff's initial complaint and FAC allege identical factual allegations and identical causes of action against Defendants. Plaintiff's FAC however deleted Plaintiff's request to recover attorneys' fees in its prayer for relief.

-2-

during that presentation, Dr. Terry and Fotona, engaged in false advertising and fraudulent business practices by falsely representing that Plaintiff's trade secrets were developed by Defendants, and that Defendants' dental lasers and techniques are more effective than those sold by Plaintiff.  Aside from that lone April 2016 presentation, Plaintiff did not allege any other specific instances of false advertising or fraudulent business practices.

4. Based on Dr. Terry's statements in his presentation, in both its initial complaint and FAC, Plaintiff alleged the following causes of action: (1) breach of two license agreements against Dr. Terry; (2) violation of Civil Code 3426 *et seq.*, (California Uniform Trade Secrets Act, or "CUTSA") against both Defendants for purportedly disclosing confidential trade secrets; (3) false and misleading statements under California Business and Professions Code § 17500 against both Defendants; and (4) unfair and fraudulent business practices under California Business and Professions Code § 17200 against both Defendants.

5. Plaintiff voluntarily dismissed its trade secret cause of action against Defendants on November 9, 2017.[2]

## II.

## DESCRIPTION OF PLAINTIFF'S SECOND AMENDED COMPLAINT

6. On February 1, 2018, the Orange County Superior Court entered an order granting Plaintiff leave to file a Second Amended Complaint ("SAC"). Plaintiff filed and served Defendants with its SAC on February 9, 2018.[3]

---

[2] Attached as **EXHIBIT B** is a true and correct copy of Plaintiff's request to dismiss its trade secret cause of action against Defendants.

[3] In accordance with the requirements of 28 U.S.C. § 1446(a), a copy of the original Complaint, the FAC, the Court's order granting Plaintiff leave to file its SAC, and the SAC served on Defendants in the state court action as of the filing of this Notice of Removal, together with an index of such documents, are attached to this Notice as **EXHIBIT A.**  Defendants request that the Court issue a Writ of Certiorari under

-3-

7. Plaintiff's SAC, like its FAC, includes causes of action for (1) breach of contract against Dr. Terry; and (2) unfair competition claims against Defendants under California Business and Professions Code §§ 17200 and 17500. However, Plaintiff's SAC adds a cause of action against Defendants for Violation of 15 U.S.C. §§ 1051, *et seq.* (the "Lanham Act") pursuant to 15 U.S.C. § 1125(a).

8. In its Lanham Act claim, Plaintiff contends that the Defendants "have used, made, approved and sponsored false and misleading representations of fact, orally and in written commercial advertisements and in other promotional materials, including but not limited to Defendants' claims … that mispresent the nature, characteristics, and qualities of the technology, products, pricing and training of Fotona, the clinical outcomes of Fotona's products and procedures, and the technology, products, pricing, and training of Millennium." (SAC, ¶ 39.) Plaintiff contends that Defendants' "false and misleading statements are made intentionally and with the intent of harming Millennium and causing potential and existing Millennium customers to switch from using Millennium's dental lasers to Defendant's technology or dental lasers." (SAC, ¶ 40.)

9. In its unfair competitions claims amended in the SAC, Plaintiff alleges that Defendants violated Section 17200's and 17500's prohibitions against engaging in unlawful, unfair and fraudulent business acts by incorporating its Lanham Act allegations and claiming that Defendants "misrepresent to Millennium customers and potential customers that the proprietary protocols owned by Millennium were independently created by the Defendants." (SAC, ¶¶ 46, 49 & 51.).

10. Likewise, in its breach of contract claim against Dr. Terry, Plaintiff incorporates its allegation that "Fotona, its sales representatives, and its

---

Section 1447(b) to the Superior Court for the County of Orange County to obtain the entire state court action file. (*See* Notice and discussion in Section VI, below.)

-4-

SMRH:485595437.1                                                 NOTICE OF REMOVAL AND
                                                                  REQUEST FOR WRIT OF CERTIORARI

employee Terry have targeted existing Millennium customers and used false and misleading advertising and marketing statements and proclamations in an effort to get Millennium customers to switch from using Millennium's lasers and protocols to Fotona lasers." (SAC, ¶¶ 28 & 29.)

## III.
## THE COURT HAS FEDERAL QUESTION JURISDICTION

11. This Court has original jurisdiction of this action under 28 U.S.C. § 1331. Plaintiff's Lanham Act claim is founded on a claim or right arising under the laws of the United States. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

12. Thus, Defendants may properly remove this case pursuant to 28 U.S.C. section 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending") and 15 U.S.C. § 1121(a) ("The district and territorial courts of the United States shall have original jurisdiction . . . of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties.").

13. There is federal question jurisdiction because Plaintiff asserts a claim for relief under the federal Lanham Act, 15 U.S.C. § 1125(a). Because this claim in the SAC requires resolution of a substantial, disputed federal question under the Lanham Act, the case is removable to this Court.

## IV.

## THE COURT HAS SUPPLEMENTAL JURISDICTION OVER ANY NON-FEDERAL CLAIMS

14. This Court has supplemental jurisdiction over Plaintiff's related breach of contract and unfair competition claims under the California Business and Professions Code. 28 U.S.C.§ 1367.

15. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's state law claims because they are substantially related to, and rise out of the same nucleus of operative facts as, Plaintiff's claims arising under the Lanham Act (as to which there is federal question jurisdiction) such that they should all be tried in one action. *See Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990). Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims in the Complaint. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966).

16. In particular, all of the claims arise from, relate to, and emanate from Defendants' purported intent to target "existing Millennium customers and use[] false and misleading advertising and marketing statements and proclamations in an effort to get Millennium customers to switch from using Millennium's lasers and protocols to Fotona lasers" that is the subject of Plaintiff's federal Lanham Act claim. (*See* SAC, ¶¶ 28, 29, 38, 46 & 49.) Therefore, Plaintiff's state law claims are so related to its federal law claims that they "form part of the same case or controversy" under Article III of the Constitution, giving rise to this Court's jurisdiction under 28 U.S.C. § 1367(a).

17. There is a significant interest in having these and other federal issues adjudicated in a federal forum, and removal of this action will not disrupt any balance between federal and state judicial responsibilities over related disputes.

18. Accordingly, by virtue of 28 U.S.C. § 1441, Defendants are entitled to remove all of Plaintiff's claims to this Court.

## V.

## **THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER**

19. Pursuant to 28 U.S.C. § 1446(a), Defendants filed this Notice of Removal in the United States District Court for the Central District of California. Because the state court action is pending in Orange County Superior Court, this is the proper district for removal. *See* 28 U.S.C. § 84(c)(2). Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

20. Pursuant to 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure, Defendants filed this Notice of Removal within the time permitted for removal. The Court issued an Order Permitting Plaintiff to File its SAC on February 1, 2018. Plaintiff filed the SAC on February 9, 2018. Plaintiff raised a Lanham Act claim for the first time in its SAC, thus invoking federal question jurisdiction. Defendants filed this Notice of Removal within thirty (30) days of the Court's Order granting Plaintiff leave to file its SAC.

21. All named Defendants join in this Notice of Removal.

22. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Orange.

23. In the event that Plaintiff files a request to remand, or the Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit additional argument or evidence in support of removal.

## VI.

## **REQUEST FOR WRIT OF CERTIORARI UNDER 28 U.S.C. § 1447(b)**

**PLEASE TAKE FURTHER NOTICE** that Defendants request that the Court issue a Writ of Certiorari under 28 U.S.C. § 1447(b) to the Superior Court

1  for Orange County to obtain the entire state court action file.  Good cause exists to
2  grant this request because the state-action papers are voluminous and the file
3  contains many documents that were filed or served before Plaintiff's current
4  attorneys substituted into the case.  Attached as **Exhibit C** is a copy of the docket
5  for the state action, which was downloaded from the state court's website at:
6  https://www.occourts.org/online-services/case-access/.
7           WHEREFORE, Defendants request that the above action pending
8  before the Superior Court of the State of California for the County of Orange be
9  removed to the United States District Court for the Central District of California.
10 DATED:  March 1, 2018

SHEPPARD MULLIN RICHTER & HAMPTON LLP


By     */s/ Michael D. Stewart*
        MICHAEL D. STEWART
        JACQUELINE G. LUTHER

        Attorneys for Defendants
   DR. ALLEN SCOTT TERRY, D.D.S.
          and FOTONA, LLC

# EXHIBIT A

| Exhibit A | Description |
|---|---|
| 1. | Initial Complaint, Civil Case Cover Sheet and Summons Filed by Plaintiff on October 11, 2016 |
| 2. | First Amended Complaint ("FAC") Filed by Plaintiff on November 14, 2016 |
| 3. | Answer to FAC filed by Defendants on April 12, 2017 |
| 4. | Court's February 1, 2018 Minute Order granting Plaintiff Leave To File Second Amended Complaint ("SAC") |
| 5. | Plaintiff's SAC filed on February 9, 2018 |