# EXHIBIT A

| Exhibit A | Description |
|---|---|
| 1. | Initial Complaint, Civil Case Cover Sheet and Summons Filed by Plaintiff on October 11, 2016 |
| 2. | First Amended Complaint ("FAC") Filed by Plaintiff on November 14, 2016 |
| 3. | Answer to FAC filed by Defendants on April 12, 2017 |
| 4. | Court's February 1, 2018 Minute Order granting Plaintiff Leave To File Second Amended Complaint ("SAC") |
| 5. | Plaintiff's SAC filed on February 9, 2018 |

SMRH:485595437.1

NOTICE OF REMOVAL AND
REQUEST FOR WRIT OF CERTIORARI

EXHIBIT A
-9-

# EXHIBIT "A-1"

# **EXHIBIT "A-1"**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**10/11/2016** at 11:25:55 AM

Clerk of the Superior Court
By Jeanette Torres-Mendoza,Deputy Clerk

1  Patrick D. Flannery (SBN 134834)
   THE LAW OFFICE OF PATRICK D.
2  FLANNERY
   19900 MacArthur Blvd., Suite 1150
3  Irvine, California 92612
   Telephone: (949) 863-3101
4  Facsimile:  (949) 407-5133
   Email: dflannery@pdflannerylaw.com

5

6  Attorney for Plaintiff, Millennium Dental
   Technologies, Inc.

7

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10 MILLENNIUM DENTAL TECHNOLOGIES,   ) CASE NO: 30-2016-00880518-CU-BC-CJC
   INC., a California Corporation.              )
11                                              ) Assigned for All Purposes to
                                                ) Dept.  Judge Randall J. Sherman
12               Plaintiff,                      )
                                                )
13                                              ) **COMPLAINT FOR:**
                                                )   **(1) BREACH OF CONTRACT**
14          vs.                                 )       **(License Agreement);**
                                                )   **(2) VIOLATION OF THE**
15                                              )       **CALIFORNIA UNIFORM TRADE**
                                                )       **SECRETS ACT (Civil Code § 3426**
16                                              )       **et. seq.);**
                                                )   **(3) UNFAIR COMPETITION**
17 DR. ALLEN SCOTT TERRY, D.D.S., an           )       **(California Business and**
   individual; FOTONA, LLC, a Wyoming, Limited )       **Professions Code §17500);**
18 Liability Company; and DOES 1 through 10,    )   **(4) UNFAIR COMPEITION**
   inclusive,                                   )       **(California Business and**
19                                              )       **Professions Code § 17200); and**
                                                )
20               Defendants.                     )
   _____)
21

22

23        Plaintiff Millennium Dental Technologies, Inc., a California corporation (hereinafter

24 "Millennium") brings its complaint and alleges, complains and states, as follows:

25

26                        **STATEMENT OF FACTS**

27        1.      This is an action which arises out of two written contracts between Plaintiff and

28 Defendant Dr. Allen Scott Terry (hereinafter "Terry") for the purchase of a dental laser along

with the clinical training on how to perform a Millennium patented periodontal laser protocol commonly known as LANAP® or Laser Assisted New Attachment Procedure.  The action being brought by the Plaintiff asserts, among other things, breach of the two written contacts one entitled "Periolase MVP-7 Periodontal Package Order Form" and the second entitled "License Agreement", an alleged violation of California's Uniform Trade Secrets act by both Terry and his employer Fotona, LLC (hereinafter "Fotona") for disclosing confidential proprietary trade secrets owned by Millennium, Unfair Competition by both Terry and Fotona for falsely advertising that Terry and Fotona invented the LANAP® protocol, Unfair Competition by both Terry and Fotona for unlawful, false, unfair and fraudulent business practices which are untrue and misleading.

2.     Plaintiff is a California corporation with its principal place of business located in the City of Cerritos, County of Los Angeles, California.

3.     Defendant Terry is being sued as an individual. Millennium is informed and believes that Terry's principal residence is located in the City of Sioux Falls, County of Minnehaha, South Dakota.

4.     Defendant Fotona is a Wyoming, Limited Liability Company with its principal place of business in the City of San Clemente, County of Orange, California.

5.     Plaintiff does not know the true names or capacities of the Defendants designated herein by the fictitious names Does 1 through 10, inclusive.  When said true names and capacities have been ascertained, Plaintiff will seek leave of court to amend this complaint accordingly.

6.     Plaintiff is informed and believes, and based thereon allege, that each of the Defendants designated herein is, and at all material times has been, the agent, employee, co-owner, servant, partner, fiduciary and representative of the remaining Defendants and in that capacity is liable to Plaintiff as more specifically set forth herein below.

7.     Plaintiff is informed and believes, and based thereon allege, that each of the Defendants conspired with each other to commit the acts herein alleged for their individual and collective benefit.

8.      On or about April 8th, 2014, the Terry, as buyer, and Millennium, as seller, entered into that certain contract entitled "Periolase MVP-7 Periodontal Package Order". The Order provided for Terry to purchase and Millennium to sell to Terry a "Periolase MVP-7 Periodontal Package" for the purchase price of $110,545.00.  The Periodontal Package included the price for a dental laser, a specialized hand piece, laser fibers and five days of specialized training on how to safely and effectively use the laser to perform Millennium's patented LANAP® protocol, including live supervised clinical training on actual dental patients.  The Order Form specifically provided that Terry "agrees to the TERMS, CONDITIONS & LICENSE AGREEMENT on the attached/reverse side" of the Order form. Paragraph one of the License Agreements states:

> "1. License Grant: Subject to, and contingent upon, Your successful completion of the Millennium 3-day Basis Proficiency Training Course, "Laser Boot Camp", Millennium grants to You a LIMITED, NON-EXCLUSIVE, NON-SUBLICENSABLE, NON-TRANSFERABLE, PERSONAL license to use the Millennium Materials *solely in connection with Your authorized practice of the LANAP® protocols. THIS AGREEMENT GIVES YOU NO OTHER RIGHTS IN OR TO THE MILLENNIUM MATERIALS OR OTHER PROERTY OF MILLENNIUM, INCLUDING WITHOUT LIMITATION, NO RIGHTS TO (1) teach or permit any other person to use the Millennium Materials or perform the Patented Procedure unless that other person is separately authorized under a current license agreement with Millennium, (2) use the Millennium Materials for any other purpose other than the treatment of Your patients, or (3) use any Millennium advertising materials or trademarks (e.g., "Laser Periodontal Therapy", "Laser Periodontitis Therapy", "Laser ENAP", "LANAP®", "No Cut-No Sew", and the Millennium logo) other than in connection with Your authorized practice of the LANAP® protocols."* (Emphasis added)

A true and correct copy of the Contract is attached hereto as "**Exhibit A**" and is incorporated herein by this reference, as if set forth in full herein.

9.      Paragraph 8 of the License Agreement on the reverse side of the Order specially provides that "This Agreement shall be governed by the laws of the State of California, U.S.A., exclusive of its choice of law principles.  The courts located in and serving Orange County, California shall have exclusive jurisdiction and venue over any dispute arising out of or relating to this Agreement, and You and Millennium hereby consent to such jurisdiction and venue".

-3-
**COMPLAINT**
EXHIBIT A-1

10.     Terry signed the front page of the Order Form and initialed the second page or License Agreement saying, "I have read and agree to Millennium's Terms, Conditions & License Agreement".

11.     On April 17, 2014 Terry attended his first Laser Boot Camp class.  Prior to being given any of the confidential and proprietary training material, hand-outs and notebooks Terry was required to sign a second "License Agreement".

12.     The second or April 17th 2014 License Agreement states in relevant part:

> "THIS AGREEMENT GIVES LICENSEE NO RIGHTS IN OR TO THE LANAP® PROTOCAL, THE MILLENNIUM MATERIALS, THE MILLENNIUM MARKS, OR OTHER MILLENNIUM PROPERTY RIGHT EXCEPT AS SPECIFICALLY SET FORTH HEREIN.  For example, this License does NOT grant Licensee the right: *(i) to teach the LANAP® Protocol or permit or authorize any person other than Licensee to practice the LANAP® Protocol;(ii) to conduct any research involving the LANAP® Protocol except with the prior written consent of Millennium; (iii) to demonstrate the LANAP® Protocol or disclose the Millennium Materials or the Proprietary Techniques to any other person or for any purpose other than Licensee's individual use on a patient in Licensee's own dental practice; (iv) to permit any other party to use, view or have access to the Millennium Materials,* (unless such person is separately authorized under a current license agreement with Millennium) or for Licensee or any other person to copy, sell, distribute or translate Millennium Materials; (v) to deconstruct, decompile, reverse engineer, modify or alter the Laser, or (vi) to use the Millennium Marks except as authorized by this Agreement" (Emphasis added).

13.     In addition to the above restrictions on use of the Millennium Materials this second License Agreement also provides:

> "Licensee acknowledges and agrees that certain of the Millennium information and materials provided in the LANAP® Training under this License, including the Proprietary Techniques and certain information in the Millennium Materials, is confidential and proprietary in nature ("Confidential Information"), and developed or acquired by Millennium at great expense.  Except as expressly allowed herein Licensee agrees not to use or disclose to any third party any of the Confidential Information without Millennium's prior written consent."

As with the first License Agreement this second license agreement also states, "This License Agreement shall be governed by the laws of California, exclusive of its choice of law principles.  The courts located in Orange County California shall have exclusive jurisdiction and

-4-
**COMPLAINT**
EXHIBIT A-1
-14-

1   venue over any dispute arising out of or relating to this Agreement, and Licensee hereby consents

2   to such jurisdiction and venue". Terry also signed the second License Agreement agreeing to all

3   of the terms contained therein. A true and correct copy of the License Agreement is attached

4   hereto as **"Exhibit B"** and is incorporated herein by this reference, as if set forth in full herein.

5       14.     Terry completed his initial 3-day boot camp on April 19th, 2014. He completed the

6   fourth evolution course on September 12th, 2014 and his final fifth evolution course on March 21,

7   2015.

8       15.     In each of the five evolutions or training classes Terry was trained in not only the

9   steps of the LANAP® protocol but he was also trained in the confidential and proprietary clinical

10  steps and techniques that needed to be utilized to obtain the best clinical results or outcome.

11  These steps, procedures and techniques are not described or defined in the Laser Excisional New

12  Attachment Procedure (Patent No. 5,642,997) but can only be learned from taking the

13  Millennium training course and the hands on training provided by Millennium's trained

14  instructors.

15      16.     Since completing the five day supervised specialized training by Millennium,

16  Terry has not contacted Millennium and requested Millennium's consent to either teach, advertise

17  research or sell any of the confidential information or techniques that he learned in the

18  Millennium training. Millennium has not authorized either Terry or Fotona to advertise, sell or

19  teach the proprietary techniques and procedures taught during their five-day evolution training

20  courses.

21      17.     On or about April 15, 2016 Terry gave a lecture at the Academy of Laser

22  Dentistry. Terry's lecture was described as a "Comparison of a New Minimally Invasive Laser-

23  Assisted Periodontal Surgical Protocol to LANAP Protocol: Description of a New Protocol and

24  its Effectiveness in Reducing Periodontal Disease Parameters".

25      18.     Fotona is a dental laser manufacturer which competes with Millennium to sell

26  dental lasers to licensed dental practitioners. Terry represented that he is a "***paid instructor for***

27  ***Fotona for training their users in the advanced periodontal technique".*** Further it was

28

-5-
**COMPLAINT**
EXHIBIT A-1

represented that Terry's technique has been adopted by Fotona as their advanced surgical protocol for moderate-to-severe periodontal disease.

19.     Terry named his new technique "Dual Wavelength Laser Assisted Osseous Surgery" or "DWLAOS".  In reality, Dual Wavelength Laser Assisted Osseous Surgery is nothing more than LANAP® by a different name.  Even though the LANAP® patent expired on February 1st, 2016, the specialized training, clinical techniques, procedures, laser power settings, the number of laser passes and the detailed confidential proprietary steps necessary to get the best clinical results are not part of the patent but can only be obtained through the Millennium courses. The rights to advertise, sell or teach such information is severely limited by the required License Agreements.

20.     In his opening remarks Terry, as a paid instructor for Fotona, falsely represented to the audience that he developed DWLAOS for the purpose of "enhancing the predictability of treatment and that he has a desire to incorporate all the best of our laser treatments into one procedure".  Notwithstanding the prohibitions against conducting research involving the LANAP® Protocol, Terry then explains that the real reason for his lecture was to reveal his research in comparing his DWLAOS procedure against LANAP in split mouth treatment comparisons that he had performed.

21.     The real reason for Terry's DWLAOS vs. LANAP® comparison was to attempt to convince the members of the Academy that they should purchase the Fotona laser as opposed to the Millennium laser because you get better results with Fotona.  Such allegations are completely false, misleading and have no basis in scientific fact or reality.

22.     Terry then proceeded to provide to the academy a "Step by Step" explanation of the confidential, proprietary and detailed steps of LANAP® as taught to him in the Millennium Evolution training courses.  In his presentation he even goes so far as to actually quote multiple statements made by Millennium instructors during the courses he attended.

23.     In his Step by Step explanation of his DWLAOS protocol he actually discloses the exact power setting for the laser ablation as taught to him by Millennium.  Such information is

-6-
**COMPLAINT**
EXHIBIT A-1
-16-

not disclosed to practitioners in any other forum.  Terry even uses terms such as the "J" stroke which is a term that was made up by Millennium to describe one of the confidential proprietary techniques that they have developed and teach in their classes.  The term "J" stroke does not have a medical definition and is not a recognized surgical term or technique generally recognized in the dental industry.

24.     In an effort to attempt to disguise DWLAOS as being something other than just another name for LANAP®, Terry tells the audience that the Fotona laser can be used for root surface debridement while the Millennium laser does not have such a setting.  However, this attempted distinction is nothing but a sham.  After describing the ER:YAG lasers capability in this part of the procedure, Terry immediately reverts to his Millennium training and states: "And for me I find that the ultrasonics and hand instruments are probably the best way to go here".  In other words, DWLAOS has no distinction from LANAP® and the confidential propriety techniques that he was taught by Millennium are now, according to Terry and Fotona, new and revolutionary procedures invented by Terry and officially adopted by Fotona.

25.     After giving his Step by Step explanation of the LANAP® protocol and Millennium's specialized surgical practices and procedures to get the best result, Terry goes even further.  Next he presents his "Proof of Concept" entitled "Effectiveness of a Dual Wavelength Laser-Assisted Periodontal Surgical Procedure in Treating Moderate to Advanced Periodontitis Compared to the LANAP® Protocol".

26.     Terry then claims that he performed experiments on 22 patients in his office.  He would do LANAP on one side of the patient's mouth and then do his DWLAOS on the other side of the patient's mouth and then compare the results.

27.     Since both LANAP® and DWLAOS are the same procedure it is not surprising that Terry concludes that his DWLAOS is a successful and viable treatment option for moderate to advanced periodontitis but he does conclude that when compared to LANAP® his procedure has less recession in the papilla.

## FIRST CAUSE OF ACTION

### (Breach of Contract as against Defendant Terry)

28.     Plaintiff incorporates herein by reference paragraphs 1 through 27, inclusive.

29.     Defendant entered into two separate Agreements wherein he agreed that in exchange for Millennium teaching him the LANAP® protocol along with all of the confidential, proprietary clinical steps necessary to obtain the best clinical results that he would agree to not teach the LANAP® protocol or permit or authorize any person other than Licensee to practice the LANAP® protocol, to conduct any research involving the LANAP® protocol except with the prior written consent of Millennium, to demonstrate the LANAP® protocol or disclose the Millennium Materials or the Proprietary Techniques to any other person or for any other purpose other than the Licensee's use on a patient in the Licensee's dental practice.

30.     Terry's April 15, 2016 presentation to the Academy of Laser Dentistry wherein he disclosed confidential proprietary material and clinical techniques taught to him by Millennium is a material breach of the both of the License Agreements.

31.     Terry's admission that he is a paid instructor for Fotona and teaches the confidential proprietary material and clinical techniques to Fotona customers is also a material breach of both License Agreements.

32.     Terry's admission that he has conducted research regarding the LANAP® and the confidential clinical techniques taught to him by Millennium is a third material breach of the License Agreements.

33.     Plaintiff has performed all of the conditions, covenants and promises required to be performed in accordance with the terms of the Periolase MVP-7 Periodontal Package Order Form and both License Agreements.

34.      At the time both License Agreements were entered into, their terms were clearly defined with specificity, were fair, just and reasonable as to the Defendant and the consideration to be received by Defendant was adequate.

35.     As a result of Defendant Terry's intentional breach of both License Agreements, Millennium has been damaged by the loss of sales of its Periolase MVP-7 Periodontal Package in an amount to be proven at trial as part of a decree by the court.

36.     Plaintiff also seeks an injunction which would compel the Defendant to immediately cease and desist from any further unauthorized disclosures of Millennium confidential proprietary information and techniques.

**SECOND CAUSE OF ACTION**

**(Violation of the California Uniform Trade Secrets Act, as to All Defendants)**

37.     Plaintiffs incorporate herein by this reference paragraphs 1 through 36, inclusive.

38.     Under California's Uniform Trade Secrets Act a "trade secret" is defined as "information, including a formula, pattern, compilation, program, device or method, technique or process that derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use and is subject of efforts that are reasonable under the circumstances to maintain its secrecy".

39.     Millennium spent years and hundreds of thousands of dollars to develop its patented protocols and the confidential proprietary techniques necessary to obtain the best possible clinical results.  The Millennium Periolase MVP-7 Periodontal Package and training is so valuable that it routinely sells for in excess of $110,000.00.

40.     Before Millennium will provide to a dentist its confidential and proprietary training materials and the five evolution training course, each dentist is required to sign two License Agreements requiring that the dentist keep both the training materials and the clinical techniques that they have been taught in the strictest confidence.

41.     Both Terry and Fotona knew that Millennium actively protects its confidential proprietary materials and techniques.  Both Terry and Fotona knew that Terry obtained Millennium's confidential training materials and clinical training only after agreeing to use the information and training only in his individual dental practice.

-9-
**COMPLAINT**

EXHIBIT A-1

42.     Both Terry and Fotona knew that Terry was prohibited from disclosing Millennium's trade secrets to any third parties.

43.     Under the Uniform Trade Secrets Act "misappropriation" of a trade secret is defined as "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means".  Further, "improper means" is defined as "breach or inducement of a breach of duty to maintain secrecy".

44.     Dr. Terry has disclosed confidential Millennium trade secrets in breach of his commitment to maintain their secrecy and Fotona recognizing the value of Millennium's confidential and proprietary trade secrets has, by hiring Terry to teach Millennium's trade secrets to Fotona's laser customers, thereby inducing Terry to further violate the Uniform Trade Secrets Act for Fotona's financial gain.

## THIRD CAUSE OF ACTION

**(Unfair Competition, False and Misleading Statements in Violation of California Business and Professions Code § 17500)**

45.     Plaintiff incorporates herein by reference paragraphs 1 through 44 above as though fully set forth hereinafter.

46.     Fotona, its sales representatives, and its employee Terry have targeted existing Millennium customers and used false and misleading advertising and marketing statements and proclamations in an effort to get Millennium customers to switch from using Millennium's lasers and protocols to Fotona lasers and the phony DWLAOS protocol.  Defendants also have directed false and misleading advertising and marketing to customers and potential customers of Millennium at trade shows, on their websites and through other media. Many of these statements are in the form of false and misleading comparative advertising.

47.     Defendants' false and misleading advertising and marketing statements are given high creditability and relied upon by dental practitioners due to Terry's representation that he was

-10-

**COMPLAINT**

EXHIBIT A-1

trained by Millennium therefore he has "insider knowledge" that Fotona's laser and protocol is a better product, protocol and will achieve better clinical results.

## FOURTH CAUSE OF ACTION

### (Unfair Competition, Unlawful, Unfair or Fraudulent Business Practices in Violation of California Business and Professions Code § 17200)

48.     Plaintiff incorporates herein by reference paragraphs 1 through 47 above as though fully set forth hereinafter.

49.     Business and Professions Code §17200 defines, unfair competition as "any unlawful, unfair or fraudulent business act or practice and unfair, untrue or misleading advertising".

50.     As set forth more clearly above, Fotona and Terry have unlawfully absconded and disseminated confidential proprietary trade secrets owned by Millennium and subject to several restrictive License Agreements.  The Defendants then falsely advertise and misrepresent to Millennium customers and potential customers that the trade secrets owned by Millennium were independently created by the Defendants and that the Defendants new and revolutionary techniques and protocols are more effective in treating periodontal disease.  All of which is false, misleading and unfair.

WHEREFORE, Plaintiff Millennium Dental Technologies, Inc., a California Corporation seeks a judgment against Defendants Dr. Allen Scott Terry, an individual, Fotona, LLC, a Wyoming Limited Liability Company and Doe Defendants to be named at a later date, as follows:

1.     For a general damages according to proof;

2.     For injunctive relief to prevent further unlawful distribution and dissemination of Millennium's confidential and proprietary trade secrets;

3.     For injunctive relief to prevent further unlawful, untrue and false advertising and business practices;

4.     For reasonable attorneys' fees pursuant to both License Agreements;

-11-
**COMPLAINT**

1         5.    For Plaintiffs' costs incurred herein; and

2         6.    For such other and further relief as this Court deems just and proper.

3

4    DATED: October 6, 2016      THE LAW OFFICE OF PATRICK D. FLANNERY

5

6                    By:

7                         Patrick D. Flannery
                       Attorney for Plaintiff, Millennium Dental

8                         Technologies, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-

**COMPLAINT**

EXHIBIT A-1

Exhibit "A"

562-860-9286                                        10:46:32 a.m.    04-01-2014        1 /2



**MILLENNIUM**
DENTAL TECHNOLOGIES, INC.

Periolase® MVP-7™
Periodontal Package™ Order Form

| | |
|---|---|
| Business Name:   Midwest Periodontics | Shipping Address (FOB Origin): |
| Cust. Name:   Alan Terry DDS | Address: |
| Address:   3805 Kiwanis Circle | |
| | City: |
| City, State, Zip:   Sioux Falls, SD 57105 | State, Zip: |
| Phone:   (605) 335-8630        Fax: | Cell Phone: |
| E-Mail:   asterry8337@yahoo.com    Website:   www.midwestperiodontics.com | |

*DATE OF PROPOSAL:      3/31/2014          EVENT:

DEP. PAYMENT METHOD (Check One):   ☐ Check   ☐ Credit Card      MDT REP:   Jim Ruchie   OWNER

CREDIT CARD #:                                          TYPE:              EXP. DATE:

BALANCE OF ORDER PAYMENT METHOD (Check One):   ☐ Check   ☐ Financing   ☐ Credit Card

CHOICE OF FINANCING (PLEASE LIST):

BILLING ADDRESS:   ☐ Same as shipping address

billing address continued:                      CUSTOMER REFERRED BY:

| ATTENDING DENTIST(S) | SPECIALTY | LOCATION | ****LASER BOOTCAMP® DATE |
|---|---|---|---|
| Alan Terry DDS | Perio | NYC | April 17th-19th, 2014 |
| | | | |

| QUANTITY | ITEM # | DESCRIPTION | UNIT PRICE | EXT PRICE | TOTAL |
|---|---|---|---|---|---|
| 1 | PL1 | PerioLase® MVP-7™ Periodontal Package™ | $109,995.00 | $109,995.00 | $109,995.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

(Circle) laser color    MDT Standard Blue/Grey    Millennium Red    University White    PerioLase Blue

IMPORTANT: I agree to the TERMS, CONDITIONS & LICENSE AGREEMENT on the attached/reverse side.

Signature & Date: _____ DDS                    4/8/14

YOUR SIGNATURE CONSTITUTES THIS PROPOSAL AS AN ORDER            *ORDER DATE

Name and Title (Print):   Alan Scott Terry   Periodontist / Owner

| | |
|---|---|
| SUB-TOTAL | $109,995.00 |
| Sales Tax | TBD |
| Shipping | $550.00 |
| TOTAL | $110,545.00 |
| Less Deposit | |
| ***BALANCE | $110,545.00 |
| BALANCE DUE DATE: | |

TERMS :

* THIS PROPOSAL IS VALID FOR 30 DAYS FROM PROPOSAL DATE.
** THE SIGNED ORDER IS VALID FOR 90 DAYS FROM ORDER DATE.
*** BALANCE DUE 30 BUSINESS DAYS BEFORE SCHEDULED LASER BOOTCAMP DATE.
**** POSTPONING THE LASER BOOTCAMP BEYOND 90 DAYS FROM THE LASER BOOTCAMP DATE ABOVE VOIDS THIS ORDER.
***** ORDER CANCELATION LESS THAN 10 WORKING DAYS PRIOR TO SCHEDULED BOOTCAMP SHALL RESULT IN LOSS OF DEPOSIT.
***** A BOOTCAMP DATE CHANGE LESS THAN THREE WEEKS FROM THE 1ST DAY OF BOOTCAMP SHALL RESULT IN A CHANGE FEE.

(Customer initial)

BT

**PLEASE FAX BOTH PAGES TO 562-860-9286**
10945 South Street, Suite 104-A, Cerritos, CA  90703  U.S.  TEL: 888-495-2737  or  562-860-2908
All purchase contracts are subject to acceptance by Millennium Dental Technologies, Inc.
www.LANAP.com

06-08-001 Rev. C 3/28/2014                                                Page 1 of 2

MILLENNIUM DENTAL TECHNOLOGIES INC.'S  CONDITIONS & LICENSE AGREEMENT

562-860-9286                                                10:46:47 a.m.     04-01-2014         2 /2

Laser ENAP©/ Laser Periodontal Therapy™/ Laser Periodontitis Therapy™/ LPT™/ Laser Assisted New Attachment Procedure/ Laser ANAP/ LANAP© Protocol

A. Payment of deposit secures the selected scheduled training date for Laser BootCamp® training.

B. Order may not be canceled before you speak directly with the sales director, and the territory sales representative completes a two (2) hour in-office kick-off meeting.

C. Balance of the PerioLase® Periodontal Package™ purchase price must be received 30 business days prior to the beginning of Laser BootCamp®.

D. Balance payments made by credit card are not subject to the card holder/bank satisfaction guarantee. Card holder accepts that this agreement supersedes any card issuing bank's customer satisfaction guarantee.

E. Any scheduled training canceled by Millennium Dental Technologies, Inc., is rescheduled to customer's choice of alternative training dates.

F. PerioLase® Periodontal Package™ delivery will be made to the customer's office as soon after completion of Laser BootCamp® as possible.

G. The purchase of the PerioLase® Periodontal Package™ includes a license to use the LANAP® protocols. After requisite training, this license (a copy of which is printed below) is issued and belongs to the doctor receiving the training.

H. Six month Clinical Guarantee: If after taking the LANAP® training course and practicing the LANAP® protocols with the PerioLase® MVP-7™ Laser, and using the Millennium Materials (as defined in the License Agreement) in your personal office for SIX (6) months, you are not able to reproduce the clinical results depicted in the training, upon return of all Millennium Materials and the PerioLase® Periodontal Package™ in good working order, Millennium Dental Technologies, Inc. will refund your entire purchase price. This is conditioned upon the following:  1) Purchase made by personal loan, cash, credit cards and Millennium Dental Technologies approved funding sources (other lease; and deferred plans are not eligible);  2) Completion of Evolution 4 training;  3) Customers must demonstrate a good faith effort to incorporate LANAP® protocols and integrate the PerioLase® Periodontal Package™ into clinical use within their practice, this includes regular communication with MDT customer support and instructors during the first six month period.

---

**LICENSE AGREEMENT — IMPORTANT - READ VERY CAREFULLY:** THIS IS A LEGAL AGREEMENT BETWEEN YOU (THE "TRAINEE" OR "YOU") AND MILLENNIUM DENTAL TECHNOLOGIES, INC., OF 10945 SOUTH STREET, SUITE 104-A, CERRITOS, CALIFORNIA 90703 ("MILLENNIUM"). IT IS IMPORTANT THAT YOU READ AND AFFIRMATIVELY AGREE TO BE BOUND BY THIS DOCUMENT BEFORE OPENING OR USING THE LANAP® TRAINING MATERIALS, CLINICAL TRAINING PRESENTATIONS, OR CONFIDENTIAL AND PROPRIETARY INFORMATION AND INSTRUCTION ON MILLENNIUM'S PROPRIETARY TECHNIQUES AND PROCEDURES, INCLUDING WITHOUT LIMITATION THE "LASER EXCISIONAL NEW ATTACHMENT PROCEDURE," U.S. PATENT NO. 5,642,997 (COLLECTIVELY, THE "MILLENNIUM MATERIALS"). BY OPENING OR USING THE MILLENNIUM MATERIALS, YOU ACKNOWLEDGE THAT YOU HAVE READ THIS AGREEMENT AND THAT YOU AGREE TO BE BOUND BY ALL OF ITS TERMS. IF YOU DO NOT AGREE TO BE SO BOUND, IMMEDIATELY RETURN ALL MILLENNIUM MATERIALS TO MILLENNIUM UNOPENED AND UNUSED.

**1. License Grant:** Subject to, and contingent upon, Your successful completion of the Millennium 3-Day Basic Proficiency Training Course, "Laser BootCamp®", Millennium grants to You a LIMITED, NON-EXCLUSIVE, NON-SUBLICENSABLE, NON-TRANSFERABLE, PERSONAL license to use the Millennium Materials solely in connection with Your authorized practice of the LANAP® protocols. THIS AGREEMENT GIVES YOU NO OTHER RIGHTS IN OR TO THE MILLENNIUM MATERIALS OR OTHER PROPERTY OF MILLENNIUM, INCLUDING WITHOUT LIMITATION, NO RIGHTS TO (1) teach or permit any other person to use the Millennium Materials or perform the Patented Procedure unless that other person is separately authorized under a current license agreement with Millennium, (2) use the Millennium Materials for any purpose other than the treatment of Your patients, or (3) to use any Millennium advertising materials or trademarks (e.g., "Laser Periodontal Therapy™, "Laser Periodontitis Therapy™", "LaserENAP®", "LANAP®", "No Cut-No Sew"™, and the Millennium logo) other than in connection with Your authorized practice of the LANAP® protocols.

**2. Term:** This Agreement is effective upon the Commencement of Millennium's 3-Day Basic Proficiency Training Course "Laser BootCamp™" and, unless terminated earlier pursuant to this paragraph 2, shall continue for the term of U.S. Patent No. 5,642,997. The license granted herein is personal to you and shall terminate immediately upon Your death or permanent disability. Furthermore, if Your breach any of the terms, conditions or promises under this Agreement and continue in default for a period of thirty (30) days after receiving written notice of such default, Millennium shall have the right at the expiration of the notice period to terminate this Agreement and the licenses granted herein without further notice.

**3. FOB Origin** – Cerritos, CA USA: Customer (Buyer) shall determine the common carrier for delivery of products to the Buyer location; the Seller will choose a carrier on behalf of the Buyer if no preference is indicated. The Buyer shall be responsible for the payment of shipping, handling and insurance for the product, regardless of who selects the carrier. The Buyer takes title (ownership) of the merchandise at the time the Seller consigns the freight to the common carrier at the Seller's shipping dock. The Buyer retains ownership of the products in transit and at the destination, regardless of who selects the carrier. The Seller prepays the freight and insurance fees as a courtesy to the Buyer and then charges shipping, handling and insurance fees to the Buyer on the invoice. The Buyer is responsible to file any claims against the carrier for damage or loss of product.

**4. Return of Materials:** Upon termination or expiration of this Agreement, You shall immediately (1) cease using the Millennium Materials, and (2) upon request, return to Millennium all Millennium Materials (regardless of form) then in Your possession or in the possession of any third party to whom such materials were distributed, and You shall certify in writing that all original and copies thereof, regardless of form, have been returned. Sections 3 through 9 shall survive termination of this Agreement. All product returned to the Seller for any reason, including service, repair, replacement or refund, shall have a Seller issued Return Material Authorization (RMA) number marked on the outside of the shipping container. This RMA number may be issued by the Seller, at its sole option, when the Buyer contacts the Seller during normal business hours. Merchandise returned without a Seller issued RMA number shall be refused and sent back to the Buyer at the Buyers expense. The Buyer pays for shipping, handling and insurance for all shipments involving returned product unless prior arrangements or written offers dictate otherwise. The Buyer retains title (ownership) of the product during transit, at the destination and during service/repair or evaluation of the claims leading to the issuing of the RMA. The Seller will notify the Buyer, in writing, if and when the Seller takes title to the returned product and the terms of credit to be issued, if applicable. Buyer is responsible to file claims with the Buyers insurance company for damage or loss of product in transit or at the Seller's facility.

**5. Confidentiality:** You acknowledge and agree that the Millennium Materials are proprietary in nature and contain valuable confidential information developed or acquired by Millennium at great expense. Except as expressly allowed herein, You agree not to disclose Millennium Materials to third parties without the advance written consent of Millennium.

**6. No Warranty/Limitation of Remedies:** MILLENNIUM MAKES NO WARRANTIES, WHETHER EXPRESS OR IMPLIED, WRITTEN OR ORAL (INCLUDING ANY WARRANTY OF MERCHANTABILITY, NON-INFRINGEMENT, OR FITNESS FOR A PARTICULAR PURPOSE) AS TO THE MILLENNIUM MATERIALS OR THE PATENTED PROCEDURE. TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, MILLENNIUM SHALL NOT BE LIABLE TO YOU OR ANY OTHER PERSON OR ENTITY, INCLUDING WITHOUT LIMITATION YOUR PATIENTS, FOR SPECIAL, INCIDENTAL, INDIRECT OR CONSEQUENTIAL DAMAGES (INCLUDING, BUT NOT LIMITED TO, LOSS OF PROFITS OR LOSS OF USE DAMAGES) ARISING OUT OF THE USE OF THE MILLENNIUM MATERIALS OR THE PATENTED PROCEDURE, EVEN IF MILLENNIUM HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES OR LOSSES AND WHETHER IN AN ACTION FOR OR ARISING OUT OF A BREACH OF CONTRACT, TORT, OR ANY OTHER CAUSE OF ACTION.

**7. Indemnity:** You assume sole responsibility for Your dental practice and Your use of the Millennium Materials. You agree to indemnify, defend and hold Millennium and its successors, and their respective shareholders, officers, employees and agents, harmless against, and to reimburse them for, all losses (including all liability, penalties, costs, damages, expenses, causes of action, claims, or judgments, including attorneys' fees and costs) arising out of Your treatment of patients and/or Your use of the Millennium Materials.

**8. Governing Law:** This Agreement shall be governed by the laws of the State of California, U.S.A., exclusive of its choice of law principles. The courts located in and serving Orange County, California shall have exclusive jurisdiction and venue over any dispute arising out of or relating to this Agreement, and You and Millennium hereby consent to such jurisdiction and venue.

**9. In General:** The failure of any provision of this Agreement by virtue of its being construed as invalid or otherwise unenforceable shall render the entire Agreement unenforceable at the option of the party asserting the unenforceability of said provision. Failure of a party to enforce any provision of this Agreement shall not constitute or be construed as a waiver of such provision or of the right to enforce such provision. This Agreement contains the parties' entire understanding and may only be modified by a written instrument signed by each party's duly authorized representative.

I have read and agree to Millennium's Terms, Conditions & License Agreement: _____

(Customer Initial)

Doc. Part 06-00-001 Rev. Q 3/26/2014                                                          Page 2 of 2

EXHIBIT A-1

-25-

Exhibit "B"

LICENSE AGREEMENT

**IMPORTANT - READ CAREFULLY:** THIS LICENSE AGREEMENT ("AGREEMENT") IS A BINDING LEGAL AGREEMENT BETWEEN MILLENNIUM DENTAL TECHNOLOGIES, INC. ("MILLENNIUM") AND THE INDIVIDUAL BELOW WHO WILL RECEIVE THE LANAP® PROTOCOL TRAINING ("LICENSEE"). BEFORE PARTICIPATING IN ANY OF THE LANAP® PROTOCOL TRAINING TAUGHT BY THE INSTITUTE FOR ADVANCED LASER DENTISTRY ("IALD"), OR OPENING, VIEWING OR USING THE MATERIALS, PRESENTATIONS, AND DOCUMENTS WHICH CONTAIN MILLENNIUM CONFIDENTIAL AND PROPRIETARY INFORMATION, TECHNIQUES, PROCEDURES, TRADE SECRETS AND KNOW-HOW ("MILLENNIUM MATERIALS"), THE INDIVIDUAL BELOW ACKNOWLEDGES THAT S/HE HAS READ, UNDERSTANDS AND EXECUTED THIS AGREEMENT AND AGREES TO BE BOUND BY ALL OF ITS TERMS.

**1. License Grant:**  A limited right to use the LANAP® Protocol (as defined below) and the Millennium Materials is granted upon the commencement of and for the duration of the Laser BootCamp® Training Session (Evolutions™ 1-3) to the individual who will participate in the Training and has executed this Agreement.  Upon successful completion of the Laser BootCamp® Training Session and achievement of Standard Proficiency Certification from IALD, a license to use the LANAP® Protocol and a limited right to use the Millennium Materials is granted to the individual completing the Laser BootCamp ("Licensee").  Licensee acknowledges that Licensee is required to successfully complete all five (5) training sessions ("Evolutions™") of the LANAP® Protocol Continuum™ Training ("Training") , which includes training in the LANAP® Protocol with the PerioLase® MVP-7™ Laser ("Laser"), the only properly configured device that supports the LANAP® Protocol. Evolutions™ 1-3 are taught in the Laser BootCamp® and Evolutions™ 4 and 5 occur at scheduled dates following completion of the Laser BootCamp®.  Failure to complete Evolution™ 4 and Evolution™ 5 within six months of the scheduled completion date for each Evolution will result in loss of recognition which can be restored or reinstated upon successful completion of both Evolutions™ 4 and 5.

The Licensee is PERSONAL, NON-SUBLICENSABLE, NON-TRANSFERABLE and NON-EXCLUSIVE. The License is granted only to the individual who has completed the Laser BootCamp®, limited to use by the Licensee only in the Licensee's individual dentistry practice, and limited to use in United States and Canada, unless approved in writing in advance by Millennium.

The License granted to practice the LANAP® Protocol includes the right:
       a. to utilize US patent number 5,642,997 for the life of the patent;
       b. to utilize the proprietary techniques, procedures, information, trade secrets and know-how taught in the LANAP® Protocol Continuum™ Training, which proprietary techniques include the procedures for the elimination of occlusal prematurities and interferences ("Proprietary Techniques").
       c. to use, subject to the terms and conditions set forth herein, certain Millennium trademarks including "LANAP®", "No Cut-No Sew-No Fear™", "Laser Periodontal Therapy," "PerioLase®", "LaserENAP," the Millennium logo and such other marks as Millennium may from time to time authorize in writing ("Millennium Marks") for the purpose of informing the public that Licensee is authorized by Millennium to practice the LANAP® Protocol. Licensee is required to comply with the Trademark Use Standards provided by Millennium.
       d. to retain and use one copy of the Millennium Materials, the training materials provided in the LANAP® Training, which right is limited to access and use by Licensee only and solely in connection with Licensee's individual practice of the LANAP® Protocol. Licensee acknowledges and agrees that Licensee has no ownership right to the Millennium Materials, and that Licensee will not, and will not permit any other party to, copy, sell, distribute, or translate the Millennium Materials, in whole or in part, or allow any other party to use or view the Millennium Materials (unless such party is separately authorized under a current license agreement with Millennium).

THIS AGREEMENT GIVES LICENSEE NO RIGHTS IN OR TO THE LANAP® PROTOCOL, THE MILLENNIUM MATERIALS, THE MILLENNIUM MARKS, OR OTHER MILLENNIUM PROPERTY

RIGHT EXCEPT AS SPECIFICALLY SET FORTH HEREIN.  For example, this License does NOT grant Licensee the right: (i) to teach the LANAP® Protocol or permit or authorize any person other than Licensee to practice the LANAP® Protocol; (ii) to conduct research involving the LANAP® Protocol except with the prior written consent of Millennium; (iii) to demonstrate the LANAP® Protocol or disclose the Millennium Materials or the Proprietary Techniques to any other person or for any purpose other than Licensee's individual use on a patient in Licensee's own dental practice; (iv) to permit any other party to use, view or have access to the Millennium Materials, (unless such person is separately authorized under a current license agreement with Millennium) or for Licensee or any other person to copy, sell, distribute or translate the Millennium Materials; (v) to deconstruct, decompile, reverse engineer, modify or alter the Laser, or (vi) to use the Millennium Marks except as authorized by this Agreement.

**2. Use of Millennium Marks:**  The use of the Millennium Marks licensed under this Agreement is subject to the following terms and conditions: (i) Licensee must have successfully completed the Laser BootCamp®; (ii) all uses of the Millennium Marks are consistent with the Millennium Trademark Use Standards; (iii) the proposed use does not disclose any Millennium Confidential Information; and (iv) Licensee is not in violation of any obligation or provision of the License Agreement.  As part of Millennium's obligation to assure quality associated with the use of its Marks, Licensee is required to and agrees to maintain records of all uses of the Millennium Marks for a period of five (5) years, and upon request to furnish copies of those records for Millennium review.  In the event that Millennium discovers an impermissible use of any Millennium Mark, Licensee agrees to make any changes requested by Millennium and to send out or publish any corrective notices Millennium deems necessary to avoid or correct confusion or incorrect impressions among consumers.

**3. Term:**  This Agreement is effective upon the commencement of participation in the Laser BootCamp® by the individual executing this Agreement.  The License is granted to Licensee upon Licensee's successful completion of the Laser BootCamp® and achievement of Standard Proficiency Certification.  The License, and all rights granted under this Agreement, shall terminate without further notice, upon the occurrence of any of the following:  (i) upon the death of Licensee; (ii) at such time as Licensee discontinues or ceases the practice of dentistry; (iii) if Licensee attempts to transfer or assign this License, including any purported assignment or transfer in connection with a sale or other disposition of Licensee's dental practice; (iv) if Licensee alters or modifies the LANAP® Protocol, any of the Proprietary Techniques or if Licensee uses a laser to perform the LANAP® Protocol that has not been authorized by Millennium; (v) if Licensee violate or breach any term, condition or provision of this Agreement; (vi) if the License was granted pursuant to or under any other agreement, at the option of Millennium upon the termination of such agreement; and (vii) immediately upon exercise of the Clinical Guarantee and return of the Equipment.

**4. Return of Materials:**  Upon a termination of this Agreement, Licensee shall immediately cease using the LANAP® Protocol and the Millennium Materials and shall return (or if requested by Millennium destroy) all Millennium Material in Licensee's possession or control, and shall certify in writing that all such materials have been either returned or destroyed.

**5. Confidentiality:**  Licensee acknowledges and agrees that certain of the Millennium information and materials provided in the LANAP® Training and under this License, including the Proprietary Techniques and certain

REV 5 10/18/2011

EXHIBIT A-1

information in the Millennium Materials, is confidential and proprietary in nature ("Confidential Information"), and developed or acquired by Millennium at great expense. Except as expressly allowed herein, Licensee agrees not to use or disclose to any third party any of the Confidential Information without Millennium's prior written consent.

**6. No Warranty/Limitation of Remedies:** EXCEPT FOR THE LIMITED WARRANTY PROVIDED IN MILLENNIUM'S STANDARD WARRANTY IN CONNECTION WITH THE PURCHASE OF THE LASER, AND/OR ITS ENHANCED AND EXTENDED WARRANTY, MILLENNIUM MAKES NO WARRANTIES, WHETHER EXPRESS OR IMPLIED, WRITTEN OR ORAL (INCLUDING ANY WARRANTY OF MERCHANTABILITY, NON-INFRINGEMENT, OR FITNESS FOR A PARTICULAR PURPOSE) AS TO THE LASER, THE LANAP® PROTOCOL, THE MILLENNIUM MARKS, OR THE MILLENNIUM MATERIALS. TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, MILLENNIUM SHALL NOT BE LIABLE TO LICENSEE OR ANY OTHER PERSON OR ENTITY, INCLUDING WITHOUT LIMITATION LICENSEE'S PATIENTS, FOR ANY LOSS OR DAMAGE, INCLUDING SPECIAL, INCIDENTAL, INDIRECT OR CONSEQUENTIAL DAMAGES (INCLUDING, BUT NOT LIMITED TO, LOSS OF PROFITS OR LOSS OF USE DAMAGES, OR DAMAGES TO REPUTATION) ARISING OUT OF OR IN CONNECTION WITH THE USE OF THE LASER AND RELATED ACCESSORIES, THE LANAP® PROTOCOL, INCLUDING THE PROPRIETARY TECHNIQUES, THE MILLENNIUM MATERIALS OR THE MILLENNIUM MARKS, EVEN IF MILLENNIUM HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES AND LOSSES AND WHETHER IN AN ACTION FOR OR ARISING OUT OF A BREACH OF CONTRACT, TORT, OR ANY OTHER CAUSE OF ACTION.

**7. Indemnity:** Licensee assumes sole responsibility for Licensee's dental practice and Licensee's use and performance of the LANAP® Protocol and use of the Laser. Licensee agrees to indemnify, defend and hold Millennium, and its affiliates (including IALD), successors, respective shareholders, officers, employees and agents, harmless against, and to reimburse them for, all liabilities and losses (including all penalties, costs, damages, expenses, causes of action, claims, or judgments, including attorneys' fees and costs) arising out of Licensee's treatment of patients and/or use of the LANAP® Protocol, the Laser and any accessories and/or the Millennium Materials.

**8. Governing Law:** This License Agreement shall be governed by the laws of California, exclusive of its choice of law principles. The courts located in Orange County, California shall have exclusive jurisdiction and venue over any dispute arising out of or relating to this Agreement, and Licensee hereby consents to such jurisdiction and venue.

**9. In General:** Sections 5 through 8 shall survive any termination of this Agreement. If any provision of this Agreement is judicially declared to be invalid, unenforceable, void or voidable, such determination will not have the effect of invalidating or voiding the remainder of this Agreement or affect the enforceability or application of such provision to other persons or other jurisdictions or affect any other provision of this Agreement. Failure of a party to enforce any provision of this Agreement shall not constitute or be construed as a waiver of such provision or of the right to enforce such provision. This Agreement may only be modified in a writing signed by both parties.

I HAVE READ THIS LICENSE AGREEMENT AND ACCEPT AND AGREE TO ITS TERMS.

_____
Signature (person participating in the Training)

_Alan Scott Terry_
Print Name

Executed on this _17_ day of _04/2014_
          (day)        /(month/year)

MILLENNIUM DENTAL TECHNOLOGIES, INC.

_____
Signature

_Jennifer Iglesia / T.C._
Print Name/Title

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Patrick D. Flannery [SBN 134834]<br>Law Office of Patrick D. Flannery<br>19900 MacArthur Blvd., Ste. 1150<br>Irvine, CA 92612<br>TELEPHONE NO.: (949) 863-3101   FAX NO.: (949) 407-5133<br>ATTORNEY FOR *(Name):* Plaintiff, Millennium Dental Technologies, Inc. | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**10/11/2016** at 11:25:55 AM<br>Clerk of the Superior Court<br>By Jeanette Torres-Mendoza,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Millennium Dental Technologies, Inc. v. Terry, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 30-2016-00880518-CU-BC-CJC |
|---|---|---|---|---|
| [✓] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Randall J. Sherman<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [✓] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [ ] Large number of separately represented parties
   - b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [ ] Substantial amount of documentary evidence
   - d. [ ] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 1
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: Oct. 5, 2016

Patrick D. Flannery [SBN 134834]
_____
(TYPE OR PRINT NAME)

▶ *Patrick D. Flannery*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT A-1

-29-

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

DR. ALLEN SCOTT TERRY, D.D.S., an individual; FOTANA, LLC, a Wyoming Limited Liability Company and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

MILLENIUM DENTAL TECHNOLOGIES, INC., a California Corporation

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**10/11/2016** at 11:25:55 AM
Clerk of the Superior Court
By Jeannette Torres-Mendoza, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> (El nombre y dirección de la corte es): Orange County Superior Court - CJC <br><br> 700 Civic Center Drive West <br> Santa Ana, CA 92701 | CASE NUMBER: <br> (Número del Caso): 30-2016-00880518-CU-BC-CJC <br><br> Judge Randall J. Sherman |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Patrick D. Flannery, Esq., 19900 MacArthur Blvd., Ste. 1150, Irvine, CA 92612; Telephone: (949) 863-3101

DATE: 10/11/2016 ALAN CARLSON, Clerk of the Court     Clerk, by *Jeannette Jones*, Deputy
(Fecha)                                                (Secretario)                              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).     Jeannette Torres-Mendoza

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):
    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT A-1**

# EXHIBIT "A-2"

# **EXHIBIT "A-2"**

1  Patrick D. Flannery (SBN 134834)
   THE LAW OFFICE OF PATRICK D.
2  FLANNERY
   19900 MacArthur Blvd., Suite 1150
3  Irvine, California 92612
   Telephone: (949) 863-3101
4  Facsimile: (949) 407-5133
   Email: dflannery@pdflannerylaw.com
5
   Attorney for Plaintiff, Millennium Dental
6  Technologies, Inc.

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10  MILLENNIUM DENTAL TECHNOLOGIES,      )  CASE NO: 30-2016-00880518-CU-BC-CJC
    INC., a California Corporation.       )  Assigned for All Purposes to
11                                        )  Hon. Randall J. Sherman
                                          )  Dept. C24
12                                        )
                        Plaintiff,        )  FIRST AMENDED COMPLAINT FOR:
13                                        )   (1) BREACH OF CONTRACT
                                          )       (License Agreement);
14                                        )   (2) VIOLATION OF THE
             vs.                          )       CALIFORNIA UNIFORM TRADE
15                                        )       SECRETS ACT (Civil Code § 3426
                                          )       et. seq.);
16                                        )   (3) UNFAIR COMPETITION
                                          )       (California Business and
17                                        )       Professions Code §17500); and
    DR. ALLEN SCOTT TERRY, D.D.S., an     )   (4) UNFAIR COMPEITION
18  individual; FOTONA, LLC, a Wyoming, Limited )  (California Business and
    Liability Company; and DOES 1 through 10,  )      Professions Code § 17200)
19  inclusive,                           )
                                          )
20                                        )
                        Defendants.       )
21  _____ )  _____

22

23

24      Plaintiff Millennium Dental Technologies, Inc., a California corporation (hereinafter

25  "Millennium") brings its complaint and alleges, complains and states, as follows:

26                          STATEMENT OF FACTS

27      1.      This is an action which arises out of two written contracts between Plaintiff and

28  Defendant Dr. Allen Scott Terry (hereinafter "Terry") for the purchase of a dental laser along

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
11/14/2016 at 03:32:00 PM
Clerk of the Superior Court
By Trucmy Vu,Deputy Clerk

with the clinical training on how to perform a Millennium patented periodontal laser protocol commonly known as LANAP® or Laser Assisted New Attachment Procedure.  The action being brought by the Plaintiff asserts, among other things, breach of the two written contacts one entitled "Periolase MVP-7 Periodontal Package Order Form" and the second entitled "License Agreement", an alleged violation of California's Uniform Trade Secrets act by both Terry and his employer Fotona, LLC (hereinafter "Fotona") for disclosing confidential proprietary trade secrets owned by Millennium, Unfair Competition by both Terry and Fotona for falsely advertising that Terry and Fotona invented the LANAP® protocol, Unfair Competition by both Terry and Fotona for unlawful, false, unfair and fraudulent business practices which are untrue and misleading.

2.      Plaintiff is a California corporation with its principal place of business located in the City of Cerritos, County of Los Angeles, California.

3.      Defendant Terry is being sued as an individual. Millennium is informed and believes that Terry's principal residence is located in the City of Sioux Falls, County of Minnehaha, South Dakota.

4.      Defendant Fotona is a Wyoming, Limited Liability Company with its principal place of business in the City of San Clemente, County of Orange, California.

5.      Plaintiff does not know the true names or capacities of the Defendants designated herein by the fictitious names Does 1 through 10, inclusive.  When said true names and capacities have been ascertained, Plaintiff will seek leave of court to amend this complaint accordingly.

6.      Plaintiff is informed and believes, and based thereon allege, that each of the Defendants designated herein is, and at all material times has been, the agent, employee, co-owner, servant, partner, fiduciary and representative of the remaining Defendants and in that capacity is liable to Plaintiff as more specifically set forth herein below.

7.      Plaintiff is informed and believes, and based thereon allege, that each of the Defendants conspired with each other to commit the acts herein alleged for their individual and collective benefit.

-2-

**FIRST AMENDED COMPLAINT**

8. On or about April 8th, 2014, the Terry, as buyer, and Millennium, as seller, entered into that certain contract entitled "Periolase MVP-7 Periodontal Package Order". The Order provided for Terry to purchase and Millennium to sell to Terry a "Periolase MVP-7 Periodontal Package" for the purchase price of $110,545.00. The Periodontal Package included the price for a dental laser, a specialized hand piece, laser fibers and five days of specialized training on how to safely and effectively use the laser to perform Millennium's patented LANAP® protocol, including live supervised clinical training on actual dental patients. The Order Form specifically provided that Terry "agrees to the TERMS, CONDITIONS & LICENSE AGREEMENT on the attached/reverse side" of the Order form. Paragraph one of the License Agreements states:

> "1. License Grant: Subject to, and contingent upon, Your successful completion of the Millennium 3-day Basis Proficiency Training Course, "Laser Boot Camp", Millennium grants to You a LIMITED, NON-EXCLUSIVE, NON-SUBLICENSABLE, NON-TRANSFERABLE, PERSONAL license to use the Millennium Materials *solely in connection with Your authorized practice of the LANAP® protocols. THIS AGREEMENT GIVES YOU NO OTHER RIGHTS IN OR TO THE MILLENNIUM MATERIALS OR OTHER PROERTY OF MILLENNIUM, INCLUDING WITHOUT LIMITATION, NO RIGHTS TO (1) teach or permit any other person to use the Millennium Materials or perform the Patented Procedure unless that other person is separately authorized under a current license agreement with Millennium, (2) use the Millennium Materials for any other purpose other than the treatment of Your patients, or (3) use any Millennium advertising materials or trademarks (e.g., "Laser Periodontal Therapy", "Laser Periodontitis Therapy", "Laser ENAP", "LANAP®", "No Cut-No Sew", and the Millennium logo) other than in connection with Your authorized practice of the LANAP® protocols."* (Emphasis added)

A true and correct copy of the Contract is attached hereto as "**Exhibit A**" and is incorporated herein by this reference, as if set forth in full herein.

9. Paragraph 8 of the License Agreement on the reverse side of the Order specially provides that "This Agreement shall be governed by the laws of the State of California, U.S.A., exclusive of its choice of law principles. The courts located in and serving Orange County, California shall have exclusive jurisdiction and venue over any dispute arising out of or relating to this Agreement, and You and Millennium hereby consent to such jurisdiction and venue".

-3-

**FIRST AMENDED COMPLAINT**

10.     Terry signed the front page of the Order Form and initialed the second page or License Agreement saying, "I have read and agree to Millennium's Terms, Conditions & License Agreement".

11.     On April 17, 2014 Terry attended his first Laser Boot Camp class.  Prior to being given any of the confidential and proprietary training material, hand-outs and notebooks Terry was required to sign a second "License Agreement".

12.     The second or April 17th 2014 License Agreement states in relevant part:

"THIS AGREEMENT GIVES LICENSEE NO RIGHTS IN OR TO THE LANAP® PROTOCAL, THE MILLENNIUM MATERIALS, THE MILLENNIUM MARKS, OR OTHER MILLENNIUM PROPERTY RIGHT EXCEPT AS SPECIFICALLY SET FORTH HEREIN.  For example, this License does NOT grant Licensee the right: *(i) to teach the LANAP® Protocol or permit or authorize any person other than Licensee to practice the LANAP® Protocol;(ii) to conduct any research involving the LANAP® Protocol except with the prior written consent of Millennium; (iii) to demonstrate the LANAP® Protocol or disclose the Millennium Materials or the Proprietary Techniques to any other person or for any purpose other than Licensee's individual use on a patient in Licensee's own dental practice; (iv) to permit any other party to use, view or have access to the Millennium Materials,* (unless such person is separately authorized under a current license agreement with Millennium) or for Licensee or any other person to copy, sell, distribute or translate Millennium Materials; (v) to deconstruct, decompile, reverse engineer, modify or alter the Laser, or (vi) to use the Millennium Marks except as authorized by this Agreement" (Emphasis added).

13.     In addition to the above restrictions on use of the Millennium Materials this second License Agreement also provides:

"Licensee acknowledges and agrees that certain of the Millennium information and materials provided in the LANAP® Training under this License, including the Proprietary Techniques and certain information in the Millennium Materials, is confidential and proprietary in nature ("Confidential Information"), and developed or acquired by Millennium at great expense. Except as expressly allowed herein Licensee agrees not to use or disclose to any third party any of the Confidential Information without Millennium's prior written consent."

As with the first License Agreement this second license agreement also states, "This License Agreement shall be governed by the laws of California, exclusive of its choice of law principles.  The courts located in Orange County California shall have exclusive jurisdiction and

-4-
**FIRST AMENDED COMPLAINT**

venue over any dispute arising out of or relating to this Agreement, and Licensee hereby consents to such jurisdiction and venue". Terry also signed the second License Agreement agreeing to all of the terms contained therein. A true and correct copy of the License Agreement is attached hereto as **"Exhibit B"** and is incorporated herein by this reference, as if set forth in full herein.

14.     Terry completed his initial 3-day boot camp on April 19th, 2014.  He completed the fourth evolution course on September 12th, 2014 and his final fifth evolution course on March 21, 2015.

15.     In each of the five evolutions or training classes Terry was trained in not only the steps of the LANAP® protocol but he was also trained in the confidential and proprietary clinical steps and techniques that needed to be utilized to obtain the best clinical results or outcome. These steps, procedures and techniques are not described or defined in the Laser Excisional New Attachment Procedure (Patent No. 5,642,997) but can only be learned from taking the Millennium training course and the hands on training provided by Millennium's trained instructors.

16.     Since completing the five day supervised specialized training by Millennium, Terry has not contacted Millennium and requested Millennium's consent to either teach, advertise research or sell any of the confidential information or techniques that he learned in the Millennium training.  Millennium has not authorized either Terry or Fotona to advertise, sell or teach the proprietary techniques and procedures taught during their five-day evolution training courses.

17.     On or about April 15, 2016 Terry gave a lecture at the Academy of Laser Dentistry.  Terry's lecture was described as a "Comparison of a New Minimally Invasive Laser-Assisted Periodontal Surgical Protocol to LANAP Protocol:  Description of a New Protocol and its Effectiveness in Reducing Periodontal Disease Parameters".

18.     Fotona is a dental laser manufacturer which competes with Millennium to sell dental lasers to licensed dental practitioners.  Terry represented that he is a *"paid instructor for Fotona for training their users in the advanced periodontal technique"*.  Further it was

-5-
**FIRST AMENDED COMPLAINT**

1   represented that Terry's technique has been adopted by Fotona as their advanced surgical protocol

2   for moderate-to-severe periodontal disease.

3        19.    Terry named his new technique "Dual Wavelength Laser Assisted Osseous

4   Surgery" or "DWLAOS".  In reality, Dual Wavelength Laser Assisted Osseous Surgery is

5   nothing more than LANAP® by a different name.  Even though the LANAP® patent expired on

6   February 1st, 2016, the specialized training, clinical techniques, procedures, laser power settings,

7   the number of laser passes and the detailed confidential proprietary steps necessary to get the best

8   clinical results are not part of the patent but can only be obtained through the Millennium courses.

9   The rights to advertise, sell or teach such information is severely limited by the required License

10  Agreements.

11       20.    In his opening remarks Terry, as a paid instructor for Fotona, falsely represented to

12  the audience that he developed DWLAOS for the purpose of "enhancing the predictability of

13  treatment and that he has a desire to incorporate all the best of our laser treatments into one

14  procedure".  Notwithstanding the prohibitions against conducting research involving the

15  LANAP® Protocol, Terry then explains that the real reason for his lecture was to reveal his

16  research in comparing his DWLAOS procedure against LANAP in split mouth treatment

17  comparisons that he had performed.

18       21.    The real reason for Terry's DWLAOS vs. LANAP® comparison was to attempt to

19  convince the members of the Academy that they should purchase the Fotona laser as opposed to

20  the Millennium laser because you get better results with Fotona.  Such allegations are completely

21  false, misleading and have no basis in scientific fact or reality.

22       22.    Terry then proceeded to provide to the academy a "Step by Step" explanation of

23  the confidential, proprietary and detailed steps of LANAP® as taught to him in the Millennium

24  Evolution training courses.  In his presentation he even goes so far as to actually quote multiple

25  statements made by Millennium instructors during the courses he attended.

26       23.    In his Step by Step explanation of his DWLAOS protocol he actually discloses the

27  exact power setting for the laser ablation as taught to him by Millennium.  Such information is

28

-6-

**FIRST AMENDED COMPLAINT**

not disclosed to practitioners in any other forum. Terry even uses terms such as the "J" stroke which is a term that was made up by Millennium to describe one of the confidential proprietary techniques that they have developed and teach in their classes. The term "J" stroke does not have a medical definition and is not a recognized surgical term or technique generally recognized in the dental industry.

24.     In an effort to attempt to disguise DWLAOS as being something other than just another name for LANAP®, Terry tells the audience that the Fotona laser can be used for root surface debridement while the Millennium laser does not have such a setting. However, this attempted distinction is nothing but a sham. After describing the ER:YAG lasers capability in this part of the procedure, Terry immediately reverts to his Millennium training and states: "And for me I find that the ultrasonics and hand instruments are probably the best way to go here". In other words, DWLAOS has no distinction from LANAP® and the confidential propriety techniques that he was taught by Millennium are now, according to Terry and Fotona, new and revolutionary procedures invented by Terry and officially adopted by Fotona.

25.     After giving his Step by Step explanation of the LANAP® protocol and Millennium's specialized surgical practices and procedures to get the best result, Terry goes even further. Next he presents his "Proof of Concept" entitled "Effectiveness of a Dual Wavelength Laser-Assisted Periodontal Surgical Procedure in Treating Moderate to Advanced Periodontitis Compared to the LANAP® Protocol".

26.     Terry then claims that he performed experiments on 22 patients in his office. He would do LANAP on one side of the patient's mouth and then do his DWLAOS on the other side of the patient's mouth and then compare the results.

27.     Since both LANAP® and DWLAOS are the same procedure it is not surprising that Terry concludes that his DWLAOS is a successful and viable treatment option for moderate to advanced periodontitis but he does conclude that when compared to LANAP® his procedure has less recession in the papilla.

-7-
**FIRST AMENDED COMPLAINT**

**FIRST CAUSE OF ACTION**

**(Breach of Contract as against Defendant Terry)**

28.    Plaintiff incorporates herein by reference paragraphs 1 through 27, inclusive.

29.    Defendant entered into two separate Agreements wherein he agreed that in exchange for Millennium teaching him the LANAP® protocol along with all of the confidential, proprietary clinical steps necessary to obtain the best clinical results that he would agree to not teach the LANAP® protocol or permit or authorize any person other than Licensee to practice the LANAP® protocol, to conduct any research involving the LANAP® protocol except with the prior written consent of Millennium, to demonstrate the LANAP® protocol or disclose the Millennium Materials or the Proprietary Techniques to any other person or for any other purpose other than the Licensee's use on a patient in the Licensee's dental practice.

30.    Terry's April 15, 2016 presentation to the Academy of Laser Dentistry wherein he disclosed confidential proprietary material and clinical techniques taught to him by Millennium is a material breach of the both of the License Agreements.

31.    Terry's admission that he is a paid instructor for Fotona and teaches the confidential proprietary material and clinical techniques to Fotona customers is also a material breach of both License Agreements.

32.    Terry's admission that he has conducted research regarding the LANAP® and the confidential clinical techniques taught to him by Millennium is a third material breach of the License Agreements.

33.    Plaintiff has performed all of the conditions, covenants and promises required to be performed in accordance with the terms of the Periolase MVP-7 Periodontal Package Order Form and both License Agreements.

34.    At the time both License Agreements were entered into, their terms were clearly defined with specificity, were fair, just and reasonable as to the Defendant and the consideration to be received by Defendant was adequate.

-8-

**FIRST AMENDED COMPLAINT**

35.     As a result of Defendant Terry's intentional breach of both License Agreements, Millennium has been damaged by the loss of sales of its Periolase MVP-7 Periodontal Package in an amount to be proven at trial as part of a decree by the court.

36.     Plaintiff also seeks an injunction which would compel the Defendant to immediately cease and desist from any further unauthorized disclosures of Millennium confidential proprietary information and techniques.

### SECOND CAUSE OF ACTION

**(Violation of the California Uniform Trade Secrets Act, as to All Defendants)**

37.     Plaintiffs incorporate herein by this reference paragraphs 1 through 36, inclusive.

38.     Under California's Uniform Trade Secrets Act a "trade secret" is defined as "information, including a formula, pattern, compilation, program, device or method, technique or process that derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use and is subject of efforts that are reasonable under the circumstances to maintain its secrecy".

39.     Millennium spent years and hundreds of thousands of dollars to develop its patented protocols and the confidential proprietary techniques necessary to obtain the best possible clinical results.  The Millennium Periolase MVP-7 Periodontal Package and training is so valuable that it routinely sells for in excess of $110,000.00.

40.     Before Millennium will provide to a dentist its confidential and proprietary training materials and the five evolution training course, each dentist is required to sign two License Agreements requiring that the dentist keep both the training materials and the clinical techniques that they have been taught in the strictest confidence.

41.     Both Terry and Fotona knew that Millennium actively protects its confidential proprietary materials and techniques.  Both Terry and Fotona knew that Terry obtained Millennium's confidential training materials and clinical training only after agreeing to use the information and training only in his individual dental practice.

-9-

**FIRST AMENDED COMPLAINT**

42.     Both Terry and Fotona knew that Terry was prohibited from disclosing Millennium's trade secrets to any third parties.

43.     Under the Uniform Trade Secrets Act "misappropriation" of a trade secret is defined as "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means". Further, "improper means" is defined as "breach or inducement of a breach of duty to maintain secrecy".

44.     Dr. Terry has disclosed confidential Millennium trade secrets in breach of his commitment to maintain their secrecy and Fotona recognizing the value of Millennium's confidential and proprietary trade secrets has, by hiring Terry to teach Millennium's trade secrets to Fotona's laser customers, thereby inducing Terry to further violate the Uniform Trade Secrets Act for Fotona's financial gain.

## THIRD CAUSE OF ACTION

**(Unfair Competition, False and Misleading Statements in Violation of California Business and Professions Code § 17500)**

45.     Plaintiff incorporates herein by reference paragraphs 1 through 44 above as though fully set forth hereinafter.

46.     Fotona, its sales representatives, and its employee Terry have targeted existing Millennium customers and used false and misleading advertising and marketing statements and proclamations in an effort to get Millennium customers to switch from using Millennium's lasers and protocols to Fotona lasers and the phony DWLAOS protocol. Defendants also have directed false and misleading advertising and marketing to customers and potential customers of Millennium at trade shows, on their websites and through other media. Many of these statements are in the form of false and misleading comparative advertising.

47.     Defendants' false and misleading advertising and marketing statements are given high creditability and relied upon by dental practitioners due to Terry's representation that he was

-10-

**FIRST AMENDED COMPLAINT**

1  trained by Millennium therefore he has "insider knowledge" that Fotona's laser and protocol is a

2  better product, protocol and will achieve better clinical results.

3

4  **FOURTH CAUSE OF ACTION**

5  **(Unfair Competition, Unlawful, Unfair or Fraudulent Business Practices in Violation of**

6  **California Business and Professions Code § 17200)**

7  48.     Plaintiff incorporates herein by reference paragraphs 1 through 47 above as though

8  fully set forth hereinafter.

9  49.     Business and Professions Code §17200 defines, unfair competition as "any

10  unlawful, unfair or fraudulent business act or practice and unfair, untrue or misleading

11  advertising".

12  50.     As set forth more clearly above, Fotona and Terry have unlawfully absconded and

13  disseminated confidential proprietary trade secrets owned by Millennium and subject to several

14  restrictive License Agreements.  The Defendants then falsely advertise and misrepresent to

15  Millennium customers and potential customers that the trade secrets owned by Millennium were

16  independently created by the Defendants and that the Defendants new and revolutionary

17  techniques and protocols are more effective in treating periodontal disease.  All of which is false,

18  misleading and unfair.

19

20  WHEREFORE, Plaintiff Millennium Dental Technologies, Inc., a California Corporation

21  seeks a judgment against Defendants Dr. Allen Scott Terry, an individual, Fotona, LLC, a

22  Wyoming Limited Liability Company and Doe Defendants to be named at a later date, as follows:

23  1.     For a general damages according to proof;

24  2.     For injunctive relief to prevent further unlawful distribution and

25  dissemination of Millennium's confidential and proprietary trade secrets;

26  3.     For injunctive relief to prevent further unlawful, untrue and false

27  advertising and business practices;

28

-11-

**FIRST AMENDED COMPLAINT**

1        4.     For Plaintiffs' costs incurred herein; and

2        5.     For such other and further relief as this Court deems just and proper.

3

4    DATED: November 14, 2016        THE LAW OFFICE OF PATRICK D. FLANNERY

5

6                       By: _Patrick D. Flannery_

7                           Patrick D. Flannery

8                           Attorney for Plaintiff, Millennium Dental
                                  Technologies, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-

**FIRST AMENDED COMPLAINT**

Exhibit "A"

562-860-9286                                          10:46:32 a.m.    04-01-2014        1/2



**MILLENNIUM**
DENTAL TECHNOLOGIES, INC.

Periolase® MVP-7™
Periodontal Package™ Order Form

| | | | |
|---|---|---|---|
| **Business Name:** Midwest Periodontics | | **Shipping Address (FOB Origin):** | |
| **Cust. Name:** Alan Terry DDS | | **Address:** | |
| **Address:** 3605 Kiwanis Circle | | | |
| | | **City:** | |
| **City, State, Zip:** Sioux Falls, SD 57105 | | **State, Zip:** | |
| **Phone:** (605) 335-8830     **Fax:** | | **Cell Phone:** | |
| **E-Mail:** asterry6337@yahoo.com     **Website:** www.midwestperiodontics.com | | | |

| | |
|---|---|
| **\*DATE OF PROPOSAL:** 3/31/2014     **EVENT:** | |
| **DEP. PAYMENT METHOD (Check One):** ☐ Check  ☐ Credit Card     **MDT REP:** Jim Ruchie  OWNER | |
| **CREDIT CARD #:**     **TYPE:**     **EXP. DATE:** | |
| **BALANCE OF ORDER PAYMENT METHOD (Check One):** ☐ Check  ☐ Financing  ☐ Credit Card | |
| **CHOICE OF FINANCING (PLEASE LIST):** | |
| **BILLING ADDRESS:** ☐ Same as shipping address | |
| billing address continued:     **CUSTOMER REFERRED BY:** | |

| ATTENDING DENTIST(S) | SPECIALTY | LOCATION | ****LASER BOOTCAMP® DATE |
|---|---|---|---|
| Alan Terry DDS | Perio | NYC | April 17th-19th, 2014 |

| QUANTITY | ITEM # | DESCRIPTION | UNIT PRICE | EXT PRICE | TOTAL |
|---|---|---|---|---|---|
| 1 | PL1 | PerioLase® MVP-7™ Periodontal Package™ | $109,995.00 | $109,995.00 | $109,995.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

(Circle) laser color   MDT Standard Blue/Gray   Millennium Red   University White   PerioLase Blue

**IMPORTANT:** I agree to the TERMS, CONDITIONS & LICENSE AGREEMENT on the attached/reverse side.

| | | |
|---|---|---|
| Signature & Date: _____ DDS     4/8/14 | **SUB-TOTAL** | $109,995.00 |
| | **Sales Tax** | TBD |
| YOUR SIGNATURE CONSTITUTES THIS PROPOSAL AS AN ORDER     **ORDER DATE** | **Shipping** | $550.00 |
| Name and Title (Print): Alan Scott Terry  Periodontist/Owner | **TOTAL** | $110,545.00 |
| | **Less Deposit** | |
| | **\*\*\*BALANCE** | $110,545.00 |

**TERMS :**

\* THIS PROPOSAL IS VALID FOR 30 DAYS FROM PROPOSAL DATE.     **BALANCE DUE DATE:**
\*\* THE SIGNED ORDER IS VALID FOR 90 DAYS FROM ORDER DATE.
\*\*\* BALANCE DUE 30 BUSINESS DAYS BEFORE SCHEDULED LASER BOOTCAMP DATE.
\*\*\*\* POSTPONING THE LASER BOOTCAMP BEYOND 90 DAYS FROM THE LASER BOOTCAMP DATE ABOVE VOIDS THIS ORDER.
\*\*\*\* ORDER CANCELATION LESS THAN 10 WORKING DAYS PRIOR TO SCHEDULED BOOTCAMP SHALL RESULT IN LOSS OF DEPOSIT.
\*\*\*\*\* A BOOTCAMP DATE CHANGE LESS THAN THREE WEEKS FROM THE 1ST DAY OF BOOTCAMP SHALL RESULT IN A CHANGE FEE.

(Customer initial)

BIM

**PLEASE FAX BOTH PAGES TO 562-860-9286**
10945 South Street, Suite 104-A, Cerritos, CA  90703  U.S.  TEL: 888-495-2737  or  562-860-2908
All purchase contracts are subject to acceptance by Millennium Dental Technologies, Inc.
www.LANAP.com

06-00-001 Rev. O 3/20/2014

Page 1 of 2

MILLENNIUM DENTAL TECHNOLOGIES INC.'S  CONDITIONS & LICENSE AGREEMENT

562-860-9286                                              10:46:47 a.m.     04-01-2014          2/2

Laser ENAP®/ Laser Periodontal Therapy™/ Laser Periodontitis Therapy™/ LPT™/ Laser Assisted New Attachment Procedure/ Laser ANAP/ LANAP® Protocol

A. Payment of deposit secures the selected scheduled training date for Laser BootCamp™ training.

B. Order may not be canceled before you speak directly with the sales director, and the territory sales representative completes a two (2) hour in-office kick-off meeting.

C. Balance of the PerioLase® Periodontal Package™ purchase price must be received 30 business days prior to the beginning of Laser BootCamp™.

D. Balance payments made by credit card are not subject to the card holder/bank satisfaction guarantee. Card holder accepts that this agreement supersedes any card issuing bank's customer satisfaction guarantee.

E. Any scheduled training canceled by Millennium Dental Technologies, Inc., is rescheduled to customer's choice of alternative training dates.

F. PerioLase® Periodontal Package™ delivery will be made to the customer's office as soon after completion of Laser BootCamp™ as possible.

G. The purchase of the PerioLase® Periodontal Package™ includes a license to use the LANAP® protocols. After requisite training, this license (a copy of which is printed below) is issued and belongs to the doctor receiving the training.

H. Six month Clinical Evaluation: If after taking the LANAP® training course and practicing the LANAP® protocols with the PerioLase® MVP-7™ Laser, and using the Millennium Materials (as defined in the License Agreement) in your personal office for SIX (6) months, you are not able to reproduce the clinical results depicted in the training presentations, you return of all Millennium Materials and the PerioLase® Periodontal Package™ in good working order, Millennium Dental Technologies, Inc. will refund your entire purchase price. This is conditioned upon the following:  1) Purchase made by personal loan, cash, credit cards and Millennium Dental Technologies approved funding sources (other leases and deferred plans are not eligible); 2) Completion of Evolution 4 training; 3) Customers must demonstrate a good faith effort to incorporate LANAP® protocols and integrate the PerioLase® Periodontal Package™ into clinical use within their practice, this includes regular communication with MDT customer support and instructors during the first six month period.

LICENSE AGREEMENT — IMPORTANT - READ VERY CAREFULLY: THIS IS A LEGAL AGREEMENT BETWEEN YOU (THE "TRAINEE" OR "YOU") AND MILLENNIUM DENTAL TECHNOLOGIES, INC., OF 10945 SOUTH STREET, SUITE 104-A, CERRITOS, CALIFORNIA 90703 ("MILLENNIUM"). IT IS IMPORTANT THAT YOU READ AND AFFIRMATIVELY AGREE TO BE BOUND BY THIS DOCUMENT BEFORE OPENING OR USING THE LANAP® TRAINING MATERIALS, CLINICAL TRAINING PRESENTATIONS, OR CONFIDENTIAL AND PROPRIETARY INFORMATION AND INSTRUCTION ON MILLENNIUM'S PROPRIETARY TECHNIQUES AND PROCEDURES, INCLUDING WITHOUT LIMITATION THE "LASER EXCISIONAL NEW ATTACHMENT PROCEDURE," U.S. PATENT NO. 5,642,997 (COLLECTIVELY, THE "MILLENNIUM MATERIALS"). BY OPENING OR USING THE MILLENNIUM MATERIALS, YOU ACKNOWLEDGE THAT YOU HAVE READ THIS AGREEMENT AND THAT YOU AGREE TO BE BOUND BY ALL OF ITS TERMS. IF YOU DO NOT AGREE TO BE SO BOUND, IMMEDIATELY RETURN ALL MILLENNIUM MATERIALS TO MILLENNIUM UNOPENED AND UNUSED.

1. License Grant: Subject to, and contingent upon, Your successful completion of the Millennium 3-Day Basic Proficiency Training Course, "Laser BootCamp®", Millennium grants to You a LIMITED, NON-EXCLUSIVE, NON-SUBLICENSABLE, NON-TRANSFERABLE, PERSONAL license to use the Millennium Materials solely in connection with Your authorized practice of the LANAP® protocols. THIS AGREEMENT GIVES YOU NO OTHER RIGHTS IN OR TO THE MILLENNIUM MATERIALS OR OTHER PROPERTY OF MILLENNIUM, INCLUDING WITHOUT LIMITATION, NO RIGHTS TO (1) teach or permit any other person to use the Millennium Materials or perform the Patented Procedure unless that other person is separately authorized under a current license agreement with Millennium, (2) use the Millennium Materials for any purpose other than the treatment of Your patients, or (3) to use any Millennium advertising materials or trademarks (e.g., "Laser Periodontal Therapy"™, "Laser Periodontitis Therapy"™, "LaserENAP®", "LANAP®", "No Cut-No Sew"™, and the Millennium logo) other than in connection with Your authorized practice of the LANAP® protocols.

2. Term: This Agreement is effective upon the Commencement of Millennium's 3-Day Basic Proficiency Training Course "Laser BootCamp"™ and, unless terminated earlier pursuant to this paragraph 2, shall continue for the term of U.S. Patent No. 5,642,997. The license granted herein is personal to you and shall terminate immediately upon Your death or permanent disability. Furthermore, if You breach any of the terms, conditions or promises under this Agreement and continue in default for a period of thirty (30) days after receiving written notice of such default, Millennium shall have the right at the expiration of the notice period to terminate this Agreement and the licenses granted herein without further notice.

3. FOB Origin – Cerritos, CA USA: Customer (Buyer) shall determine the common carrier for delivery of products to the Buyer location; the Seller will choose a carrier on behalf of the Buyer if no preference is indicated. The Buyer takes the responsibility for the payment of shipping, handling and insurance for the product, regardless of who selects the carrier. The Buyer takes title (ownership) of the merchandise at the time the Seller consigns the freight to the common carrier at the Seller's shipping dock. The Buyer retains ownership of the products in transit and at the destination, regardless of who selects the carrier. The Seller prepays the freight and insurance fees as a courtesy to the Buyer and then charges shipping, handling and insurance fees to the Buyer on the invoice. The Buyer is responsible to file any claims against the carrier for damage or loss of product.

4. Return of Materials: Upon termination or expiration of this Agreement, You shall immediately () cease using the Millennium Materials, and (2) upon request, return to Millennium all Millennium Materials (regardless of form) then in Your possession or in the possession of any third party to whom such materials were distributed, and You shall certify in writing that all original and copies thereof, regardless of form, have been returned. Sections 5 through 9 shall survive termination of this Agreement. All product returned to the Seller for any reason, including service, repair, replacement or refund, shall have a Seller issued Return Material Authorization (RMA) number marked on the outside of the shipping container. This RMA number may be issued by the Seller, at its sole option, when the Buyer contacts the Seller during normal business hours. Merchandise returned without a Seller issued RMA number shall be refused and sent back to the Buyer at the Buyers expense. The Buyer retains title (ownership) of the product during transit, at the destination and during service/repair or evaluation of the claims leading to the issuing of the RMA. The Seller will notify the Buyer, in writing, if and when the Seller takes title to the returned product and the terms of credit to be issued, if applicable. Buyer is responsible to file claims with the Buyers insurance company for damage or loss of product in transit or at the Seller's facility.

5. Confidentiality: You acknowledge and agree that the Millennium Materials are proprietary in nature and contain valuable confidential information developed or acquired by Millennium at great expense. Except as expressly allowed herein, You agree not to disclose Millennium Materials to third parties without the advance written consent of Millennium.

6. No Warranty/Limitation of Remedies: MILLENNIUM MAKES NO WARRANTIES, WHETHER EXPRESS OR IMPLIED, WRITTEN OR ORAL (INCLUDING ANY WARRANTY OF MERCHANTABILITY, NON-INFRINGEMENT, OR FITNESS FOR A PARTICULAR PURPOSE) AS TO THE MILLENNIUM MATERIALS OR THE PATENTED PROCEDURE. TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, MILLENNIUM SHALL NOT BE LIABLE TO YOU OR ANY OTHER PERSON OR ENTITY, INCLUDING WITHOUT LIMITATION YOUR PATIENTS, FOR SPECIAL, INCIDENTAL, INDIRECT OR CONSEQUENTIAL DAMAGES (INCLUDING, BUT NOT LIMITED TO, LOSS OF PROFITS OR LOSS OF USE DAMAGES) ARISING OUT OF THE USE OF THE MILLENNIUM MATERIALS OR THE PATENTED PROCEDURE, EVEN IF MILLENNIUM HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES OR LOSSES AND WHETHER IN AN ACTION FOR OR ARISING OUT OF A BREACH OF CONTRACT, TORT, OR ANY OTHER CAUSE OF ACTION.

7. Indemnity: You assume sole responsibility for Your dental practice and Your use of the Millennium Materials. You agree to indemnify, defend and hold Millennium and its successors, and their respective shareholders, officers, employees and agents, harmless against, and to reimburse them for, all losses (including all liability, penalties, costs, damages, expenses, causes of action, claims, or judgments, including attorneys' fees and costs) arising out of Your treatment of patients and/or Your use of the Millennium Materials.

8. Governing Law: This Agreement shall be governed by the laws of the State of California, U.S.A., exclusive of its choice of law principles. The courts located in and serving Orange County, California shall have exclusive jurisdiction and venue over any dispute arising out of or relating to this Agreement, and You and Millennium hereby consent to such jurisdiction and venue.

9. In General: The failure of any provision of this Agreement by virtue of its being construed as invalid or otherwise unenforceable shall render the entire Agreement cancelable at the option of the party asserting the enforceability of said provision. Failure of a party to enforce any provision of this Agreement shall not constitute or be construed as a waiver of such provision or of the right to enforce such provision. This Agreement contains the parties' entire understanding and may only be modified by a written instrument signed by each party's duly authorized representative.

I have read and agree to Millennium's Terms, Conditions & License Agreement: _____
                                                                          (Customer Initial)

Doc. No: 06-00-001 (Rev. Q 3/25/2014                                                              Page 2 of 2

Exhibit "B"

## LICENSE AGREEMENT

**IMPORTANT - READ CAREFULLY:** THIS LICENSE AGREEMENT ("AGREEMENT") IS A BINDING LEGAL AGREEMENT BETWEEN MILLENNIUM DENTAL TECHNOLOGIES, INC. ("MILLENNIUM") AND THE INDIVIDUAL BELOW WHO WILL RECEIVE THE LANAP® PROTOCOL TRAINING ("LICENSEE"). BEFORE PARTICIPATING IN ANY OF THE LANAP® PROTOCOL TRAINING TAUGHT BY THE INSTITUTE FOR ADVANCED LASER DENTISTRY ("IALD"), OR OPENING, VIEWING OR USING THE MATERIALS, PRESENTATIONS, AND DOCUMENTS WHICH CONTAIN MILLENNIUM CONFIDENTIAL AND PROPRIETARY INFORMATION, TECHNIQUES, PROCEDURES, TRADE SECRETS AND KNOW-HOW ("MILLENNIUM MATERIALS"), THE INDIVIDUAL BELOW ACKNOWLEDGES THAT S/HE HAS READ, UNDERSTANDS AND EXECUTED THIS AGREEMENT AND AGREES TO BE BOUND BY ALL OF ITS TERMS.

**1. License Grant:** A limited right to use the LANAP® Protocol (as defined below) and the Millennium Materials is granted upon the commencement of and for the duration of the Laser BootCamp® Training Session (Evolutions™ 1-3) to the individual who will participate in the Training and has executed this Agreement. Upon successful completion of the Laser BootCamp® Training Session and achievement of Standard Proficiency Certification from IALD, a license to use the LANAP® Protocol and a limited right to use the Millennium Materials is granted to the individual completing the Laser BootCamp ("Licensee"). Licensee acknowledges that Licensee is required to successfully complete all five (5) training sessions ("Evolutions™") of the LANAP® Protocol Continuum™ Training ("Training") , which includes training in the LANAP® Protocol with the PerioLase® MVP-7™ Laser ("Laser"), the only properly configured device that supports the LANAP® Protocol. Evolutions™ 1-3 are taught in the Laser BootCamp® and Evolutions™ 4 and 5 occur at scheduled dates following completion of the Laser BootCamp®. Failure to complete Evolution™ 4 and Evolution™ 5 within six months of the scheduled completion date for each Evolution will result in loss of recognition which can be restored or reinstated upon successful completion of both Evolutions™ 4 and 5.

The Licensee is PERSONAL, NON-SUBLICENSABLE, NON-TRANSFERABLE and NON-EXCLUSIVE. The License is granted only to the individual who has completed the Laser BootCamp®, limited to use by the Licensee only in the Licensee's individual dentistry practice, and limited to use in United States and Canada, unless approved in writing in advance by Millennium.

The License granted to practice the LANAP® Protocol includes the right:
    a. to utilize US patent number 5,642,997 for the life of the patent;
    b. to utilize the proprietary techniques, procedures, information, trade secrets and know-how taught in the LANAP® Protocol Continuum™ Training, which proprietary techniques include the procedures for the elimination of occlusal prematurities and interferences ("Proprietary Techniques");
    c. to use, subject to the terms and conditions set forth herein, certain Millennium trademarks including "LANAP®", "No Cut-No Sew-No Fear™", "Laser Periodontal Therapy," "PerioLase®", "LaserENAP," the Millennium logo and such other marks as Millennium may from time to time authorize in writing ("Millennium Marks") for the purpose of informing the public that Licensee is authorized by Millennium to practice the LANAP® Protocol. Licensee is required to comply with the Trademark Use Standards provided by Millennium.
    d. to retain and use one copy of the Millennium Materials, the training materials provided in the LANAP® Training, which right is limited to access and use by Licensee only and solely in connection with Licensee's individual practice of the LANAP® Protocol. Licensee acknowledges and agrees that Licensee has no ownership right to the Millennium Materials, and that Licensee will not, and will not permit any other party to, copy, sell, distribute, or translate the Millennium Materials, in whole or in part, or allow any other party to use or view the Millennium Materials (unless such party is separately authorized under a current license agreement with Millennium).

THIS AGREEMENT GIVES LICENSEE NO RIGHTS IN OR TO THE LANAP® PROTOCOL, THE MILLENNIUM MATERIALS, THE MILLENNIUM MARKS, OR OTHER MILLENNIUM PROPERTY

RIGHT EXCEPT AS SPECIFICALLY SET FORTH HEREIN. For example, this License does NOT grant Licensee the right: (i) to teach the LANAP® Protocol or permit or authorize any person other than Licensee to practice the LANAP® Protocol; (ii) to conduct research involving the LANAP® Protocol except with the prior written consent of Millennium; (iii) to demonstrate the LANAP® Protocol or disclose the Millennium Materials or the Proprietary Techniques to any other person or for any purpose other than Licensee's individual use on a patient in Licensee's own dental practice; (iv) to permit any other party to use, view or have access to the Millennium Materials, (unless such person is separately authorized under a current license agreement with Millennium) or for Licensee or any other person to copy, sell, distribute or translate the Millennium Materials; (v) to deconstruct, decompile, reverse engineer, modify or alter the Laser, or (vi) to use the Millennium Marks except as authorized by this Agreement.

**2. Use of Millennium Marks:** The use of the Millennium Marks licensed under this Agreement is subject to the following terms and conditions: (i) Licensee must have successfully completed the Laser BootCamp®; (ii) all uses of the Millennium Marks are consistent with the Millennium Trademark Use Standards; (iii) the proposed use does not disclose any Millennium Confidential Information; and (iv) Licensee is not in violation of any obligation or provision of the License Agreement. As part of Millennium's obligation to assure quality associated with the use of its Marks, Licensee is required to and agrees to maintain records of all uses of the Millennium Marks for a period of five (5) years, and upon request to furnish copies of those records for Millennium review. In the event that Millennium discovers an impermissible use of any Millennium Mark, Licensee agrees to make any changes requested by Millennium and to send out or publish any corrective notices Millennium deems necessary to avoid or correct confusion or incorrect impressions among consumers.

**3. Term:** This Agreement is effective upon the commencement of participation in the Laser BootCamp® by the individual executing this Agreement. The License is granted to Licensee upon Licensee's successful completion of the Laser BootCamp® and achievement of Standard Proficiency Certification. The License, and all rights granted under this Agreement, shall terminate without further notice, upon the occurrence of any of the following: (i) upon the death of Licensee; (ii) at such time as Licensee discontinues or ceases the practice of dentistry; (iii) if Licensee attempts to transfer or assign this License, including any purported assignment or transfer in connection with a sale or other disposition of Licensee's dental practice; (iv) if Licensee alters or modifies the LANAP® Protocol, any of the Proprietary Techniques or if Licensee uses a laser to perform the LANAP® Protocol that has not been authorized by Millennium; (v) if Licensee violate or breach any term, condition or provision of this Agreement; (vi) if the License was granted pursuant to or under any other agreement, at the option of Millennium upon the termination of such agreement; and (vii) immediately upon exercise of the Clinical Guarantee and return of the Equipment.

**4. Return of Materials:** Upon a termination of this Agreement, Licensee shall immediately cease using the LANAP® Protocol and the Millennium Materials and shall return (or if requested by Millennium destroy) all Millennium Material in Licensee's possession or control, and shall certify in writing that all such materials have been either returned or destroyed.

**5. Confidentiality:** Licensee acknowledges and agrees that certain of the Millennium information and materials provided in the LANAP® Training and under this License, including the Proprietary Techniques and certain

REV 5 10/18/2012

information in the Millennium Materials, is confidential and proprietary in nature ("Confidential Information"), and developed or acquired by Millennium at great expense. Except as expressly allowed herein, Licensee agrees not to use or disclose to any third party any of the Confidential Information without Millennium's prior written consent.

**6. No Warranty/Limitation of Remedies:** EXCEPT FOR THE LIMITED WARRANTY PROVIDED IN MILLENNIUM'S STANDARD WARRANTY IN CONNECTION WITH THE PURCHASE OF THE LASER, AND/OR ITS ENHANCED AND EXTENDED WARRANTY, MILLENNIUM MAKES NO WARRANTIES, WHETHER EXPRESS OR IMPLIED, WRITTEN OR ORAL (INCLUDING ANY WARRANTY OF MERCHANTABILITY, NON-INFRINGEMENT, OR FITNESS FOR A PARTICULAR PURPOSE) AS TO THE LASER, THE LANAP® PROTOCOL, THE MILLENNIUM MARKS, OR THE MILLENNIUM MATERIALS. TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, MILLENNIUM SHALL NOT BE LIABLE TO LICENSEE OR ANY OTHER PERSON OR ENTITY, INCLUDING WITHOUT LIMITATION LICENSEE'S PATIENTS, FOR ANY LOSS OR DAMAGE, INCLUDING SPECIAL, INCIDENTAL, INDIRECT OR CONSEQUENTIAL DAMAGES (INCLUDING, BUT NOT LIMITED TO, LOSS OF PROFITS OR LOSS OF USE DAMAGES, OR DAMAGES TO REPUTATION) ARISING OUT OF OR IN CONNECTION WITH THE USE OF THE LASER AND RELATED ACCESSORIES, THE LANAP® PROTOCOL, INCLUDING THE PROPRIETARY TECHNIQUES, THE MILLENNIUM MATERIALS OR THE MILLENNIUM MARKS, EVEN IF MILLENNIUM HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES OR LOSSES AND WHETHER IN AN ACTION FOR OR ARISING OUT OF A BREACH OF CONTRACT, TORT, OR ANY OTHER CAUSE OF ACTION.

**7. Indemnity:** Licensee assumes sole responsibility for Licensee's dental practice and Licensee's use and performance of the LANAP® Protocol and use of the Laser. Licensee agrees to indemnify, defend and hold Millennium, and its affiliates (including IALD), successors, respective shareholders, officers, employees and agents, harmless against, and to reimburse them for, all liabilities and losses (including all penalties, costs, damages, expenses, causes of action, claims, or judgments, including attorneys' fees and costs) arising out of Licensee's treatment of patients and/or use of the LANAP® Protocol, the Laser and any accessories and/or the Millennium Materials.

**8. Governing Law:** This License Agreement shall be governed by the laws of California, exclusive of its choice of law principles. The courts located in Orange County, California shall have exclusive jurisdiction and venue over any dispute arising out of or relating to this Agreement, and Licensee hereby consents to such jurisdiction and venue.

**9. In General:** Sections 5 through 8 shall survive any termination of this Agreement. If any provision of this Agreement is judicially declared to be invalid, unenforceable, void or voidable, such determination will not have the effect of invalidating or voiding the remainder of this Agreement or affect the enforceability or application of such provision to other persons or other jurisdictions or affect any other provision of this Agreement. Failure of a party to enforce any provision of this Agreement shall not constitute or be construed as a waiver of such provision or of the right to enforce such provision. This Agreement may only be modified in a writing signed by both parties.

I HAVE READ THIS LICENSE AGREEMENT AND ACCEPT AND AGREE TO ITS TERMS.

_____
Signature (person participating in the Training)

Alen Scott Terry
Print Name

Executed on this 17 day of 04/2014
                  (day)        /(month/year)

MILLENNIUM DENTAL TECHNOLOGIES, INC.

_____
Signature

Jennifer Iglesias / T.C.
Print Name/Title

REV 5 10/18/2012

I hereby acknowledge that during this Introductory Laser Course, I was informed that:

(1)    The U.S. Food and Drug Administration has cleared PerioLase® lasers to be marketed in the United States for the following:

<u>Hard Tissue</u>

- First degree caries removal
- Removal of resin, gutta percha, cements in endodontically treated teeth

<u>Soft  Tissue</u>

**<u>Laser Assisted New Attachment Procedure™</u>**

**Laser curettage--sulcular debridement** (removal of inflamed, diseased soft tissue in the periodontal pocket) to improve clinical indices including **Gingival Index (GI)** - improving the quality, quantity, and severity of disease; **Gingival Bleeding Index (GBI)** - reduce bleeding from the gums; **Probe Depth (PD)** - reduce the depth of the periodontal pocket; **Attachment Level (AL)** - increase the level of tissue attachment; and **Tooth Mobility (TM)** - lessen loose teeth.

<u>Other soft tissue uses</u>:

- \* Gingivectomy
- \* Gingivoplasty
- \* Tissue troughing/retraction for impressions
- \* Soft tissue crown lengthening
- \* Aphthous ulcer treatment
- \* Excisional and incisional biopsies
- \* Frenectomy
- \* Gingival incisions and excisions
- \* Hemostatic assistance

- \* Incising and draining of abscesses
- \* Operculectomy
- \* Oral Papillectomy
- \* Reduction of denture hyperplasia
- \* Reduction of drug-induced gingival hypertrophy
- \* Removal of fibromas
- \* Removal of post-surgical granulations
- \* Second stage recovery of implants
- \* Vestibuloplasty

(2)    Any information relating to other applications is strictly for educational purposes.

Printed name of participant: _Alan Terry_____

Signature of participant: _____

Date of laser course: _4/8/14_____

Name of instructor: _Neal Lehrman / Ray Yukna_____

*Rev. Nov 03*

# EXHIBIT "A-3"

# **EXHIBIT "A-3"**

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MICHAEL D. STEWART, Cal. Bar No. 161909
mstewart@sheppardmullin.com
JACQUELINE G. LUTHER, Cal. Bar No. 271844
jluther@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone:   714.513.5100
Facsimile:    714.513.5130

Attorneys for Defendants
DR. ALLEN SCOTT TERRY, D.D.S.
and FOTONA, LLC

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**04/12/2017** at 04:09:00 PM

Clerk of the Superior Court
By Alan Silva, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| MILLENNIUM DENTAL TECHNOLOGIES, INC., a California Corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>DR. ALLEN SCOTT TERRY, D.D.S., an individual; FOTONA, LLC, a Wyoming, Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 30-2016-00880518-CU-BC-CJC<br><br><u>Assigned for All Purposes To:</u><br>Hon. Randall J. Sherman<br>Department C-24<br><br>**DEFENDANTS DR. ALLEN SCOTT TERRY, D.D.S. AND FOTONA, LLC'S ANSWER TO MILLENNIUM DENTAL TECHNOLOIES, INC.'S FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: October 11, 2016<br>FAC Filed:      November 14, 2016<br>Trial Date:      None Set |

## GENERAL DENIAL OF ALLEGATIONS OF COMPLAINT

Pursuant to the provisions of Code of Civil Procedure Section 431.30, defendants Dr. Allen Scott Terry, D.D.S. and Fotona, LLC's ("Defendants") deny generally each and every allegation of plaintiff Millennium Dental Technologies, Inc.'s ("Plaintiff") unverified First Amended Complaint ("Complaint").

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. Neither the Complaint, nor any cause of action asserted therein, asserts facts sufficient to constitute a cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (No Trade Secrets)

2. Plaintiff does not have any trade secrets and therefore, Plaintiff's causes of action are barred. Plaintiff has failed and continues to fail to identify its alleged trade secrets with particularity.

## THIRD AFFIRMATIVE DEFENSE

### (Trade Secrets Disclosed)

3. Plaintiff's alleged trade secrets are not trade secrets because this information has been disclosed to the public by, or with the consent of, the Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4. Any of the conduct of Defendants which is alleged in the Complaint to be unlawful was taken as a result of conduct or omissions by Plaintiff and Plaintiff is thus estopped from asserting any cause of action against Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

5. The Complaint, and the causes of action contained therein, are barred by one or more of the statute of limitations provisions, including those contained at

California Code of Civil Procedure sections 337, 338, 339, 340(3), and/or 343 and/or
California Civil Code section 3426.6.

### SIXTH AFFIRMATIVE DEFENSE

#### (Reasonableness and Good Faith)

6.     Defendants acted diligently, reasonably, and in good faith at all times
material herein, based on all relevant facts and circumstances known by Defendants.
Accordingly, Plaintiff is barred from any recovery in this action.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Unenforceable Provisions)

7.     The contract provisions which Plaintiff attempts to enforce against
Defendants are void to the extent they purport to restrain Defendants from working in any
profession or occupation, as such provisions violate California Business and Professions
Code section 16600 and the Cartwright Act.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Adequate Remedy)

8.     Injunctive relief is inappropriate as other adequate remedies exist.

### NINTH AFFIRMATIVE DEFENSE

#### (Bad Faith of Plaintiff)

9.     The allegations and claims asserted in the Complaint, and in each
purported cause of action alleged therein, have always been and continue to be frivolous,
unreasonable, and groundless.  Plaintiff brought this action in bad faith.  Plaintiff's award,
if any, should be reduced by its own bad faith.

### TENTH AFFIRMATIVE DEFENSE

#### (Privilege and Justification)

10.     The Complaint and each cause of action asserted therein are barred
because Defendants' acts were privileged and justified under the law.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Authorization of Law)**

11.     The Complaint and each of the causes of action asserted therein are barred because the acts and omissions of Defendants, if any, were at all times legal and authorized by law, and were not tortious.

### TWELFTH AFFIRMATIVE DEFENSE

**(Justification - Consent)**

12.     Any acts alleged to have been committed by Defendants were committed in the exercise of good faith and with probable cause, and were reasonable and justified under the circumstances.  Plaintiff consented to the acts alleged in its Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Confidential Mediation and Settlement Communications)**

13.     Certain of Plaintiff's advertising claims are barred by virtue of the fact that Plaintiff cannot rely upon Defendants' privileged and confidential mediation and settlement communications to substantiate its claims.  They are also barred by the parol evidence rule and the terms of an integrated settlement agreement.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Special Damages)**

14.     Plaintiff has failed to specifically allege special damages. Accordingly, Plaintiff is not entitled to recover such damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Spoliation of Evidence)**

15.     Plaintiff's alleged claims are barred by virtue of Plaintiff's failure to preserve evidence and Plaintiff's spoliation of evidence.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

16.     The Complaint and each of the causes of action asserted therein are barred by Plaintiff's own unclean hands.  In addition to Plaintiff's other misconduct and

unclean hands, Plaintiff should be barred from enforcing its alleged trade secrets because, and to the extent that, they are not Plaintiff's work product.  Plaintiff charges its unwitting customers and trainees approximately $40,000 for binders that Plaintiff calls Evolutions 1-5 and associated "training."  Plaintiff requires such customers and trainees to sign agreements stating that Evolutions 1-5 are the confidential material of Plaintiff, before the customers or trainees have an opportunity to review their contents.  However, in actuality over 90% of Evolutions 1-5 consists of documents and publications authored and copyrighted by others, including but not limited to *Journal of Periodontology, Practical Periodontics and Aesthetics Dentistry, Journal of Clinical Periodontology, Lasers in Medical Science, The International Journal of Periodontics & Restorative Dentistry, Proc. SPIE, Compendium of Continuing Education in Dentistry, Dentistry Today, Department of Health & Human Services, Louisiana State University School of Dentistry, Dental Products.Net, Dental Products Report, American Association of Oral and Maxillofacial Surgeons, Infection and Immunity, Proteomics Journal, Cell Host & Microbe, Inside Dentistry, Lasers in Surgery and Medicine, Patterson Today, CDA Journal, J. Periodontol, JADA, The Houston Post, Journal of Prosthetic Dentistry, the American Medical Association, Journal of the History of Dentistry, Dept. of Prosthodontics, University of Maryland Dental School, The Canadian Academy of Restorative Dentistry and Prosthodontics, University of California San Francisco, Laser Education Group, Dental Practice Report, American Heart Association, DPR Europe, Photomedicine and Laser Surgery, Journal of Periodontal & Implant Science, Journal of Indian Society of Periodontology, Contemporary OB/GYN, Obstetrics & Gynecology*, other periodicals, articles and publications, along with excerpts from various treatises and textbooks (none of which show any affiliation with or ownership by Plaintiff).  Defendants further allege that Plaintiff's claims are barred because, and to the extent that, Plaintiff obtained its purported trade secrets and confidential information, including but not limited to the information and documents in Evolutions 1-5, in violation of any laws including copyright laws.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure To Mitigate)

17.     Plaintiff has failed to mitigate its damages, if any, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Code of Civil Procedure sections 128.5, 128.7 and 3426.4)

18.     The Complaint fails to meet the good faith requirements of Code of Civil Procedure sections 128.5, 128.7 and 3426.4 and, therefore, Defendants are entitled to their reasonable costs and attorneys' fees in defending this action.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Damages)

19.     Plaintiff has not suffered any damages as a result of any actions taken by Defendants, and Plaintiff is thus barred from asserting any cause of action against Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Laches)

20.     Plaintiff's claims are barred by the doctrine of laches.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Generally Known and Failure to Maintain Secrecy)

21.     Defendants allege as a separate affirmative defense that Plaintiff's alleged trade secrets do not satisfy the requirements of (1) California Civil Code section 3426.1(d)(1) because they reflect information that is generally known to purchasers or would-be purchasers of laser dentistry equipment or purchasers of training for such equipment, or to other persons who can obtain economic value from disclosure or use; and (2) California Civil Code section 3426.1(d)(2) because Plaintiff does not maintain the alleged secrecy of such information.  The following items and information, among others, do not constitute trade secrets or confidential information of Plaintiff because of its failure to satisfy Section 3426.1 and other requirements:

Plaintiff's eight-page document entitled "A Clinical Guide" in Evolution 2, including its statements that LENAP protocol consists of, among other things, the following:

 "Indications:

1. When there is a moderate to deep probing (pocket depth ≥ 4 mm).

2. Bony defects visible and/or probable. Infection in the gingival tissue. Mobility of the dentition. Extreme fremitus.

3. Esthetic considerations. Anterior regions."

"Objective:

The objective of Laser ANAP™ is pocket elimination by establishing a new connective tissue attachment to the root surface at a more coronal level, via a long junctional epithelium leading to the formation of the New Attachment apparatus. Occlusal adjustment to remove traumatic interferences causing bony defects and mobility."

"Technique:

2. Anesthetize the area to be treated. Usually two quadrants. Using 4% Prilocaine Plain first, this will allow the most painless infiltration and blocks. Then follow with an anesthetic with a vasoconstrictor like Lidocaine 2% with Epi. 1:100,000, to allow sufficient time to finish the procedure."

"3. After sufficient analgesia measure and record pocket depths with a perio probe as a base line and to determine the full depth of the diseased pocket."

"4. Using a contact laser fiber (360 um) oriented along the long axis of the tooth, create a gingival trough by excising the free gingival margin, the internal epithelial lining, bacteria and pathologic proteins of the pocket. This will relieve the tension on the gingiva allowing the root surface to be exposed to the depth of the pocket."

"5. Appropriately cleaved contact laser fibers are for the precise control of the laser energy, the physical placement of the laser energy, and the

determination of the desired physical orientation of the laser energy to the tissue which is to be removed."

"6.  Long axis orientation defines the direction of the laser fiber for the proper initial excision."

"7.  Gingival troughing opens the root surface for visualization."

"8.  Excising the free gingival margin removes accretions and pathogens within the tissue of the free margin otherwise not removable, provides hemostasis for better visualization, further defines the tissue margins preceding mechanical instrumentation, and preserves the integrity of the mucosa by releasing tissue tension prior to mechanical manipulation.  It also dissects out the separation between the free gingival margin and the fibrous collagen matrix, which holds the gingiva in position.  This aids the maintenance of the crest of the gingival margin."

"9.  Using the "hot-tip" effect (accumulated tissue proteins heated conductivity secondary to the passage of laser energy through the fiber), continue to excise the inner pocket epithelium around the entire tooth, to the depth of the probe readings.  This technique provides the selective removal of sulcular and pocket epithelium and granulomatous tissue without removing substantially any granulation and connective fibrous tissue, and does so circumferentially."

"11.  As necessary, remove the excised tissue that accumulates on the tip of the laser fiber."

"13.  Ultrasonic scale all root surfaces to depth of pocket."  "The intent is to remove all foreign structures and substance, including cementum, from the pocket to allow adhesion of the soft tissue to the clean, smooth root surface."

"14.  Carefully hand scale and root plan all diseased cementum.  This can be augmented by the use of the small perio-files and sub-zero scalers, which clean the surface of the root very well."

"17.  Irrigate all areas well to remove any loose calculus and blood

clots.  Touch up with the laser as necessary."

"20.  Irrigate the Pocket with Peridex®, PerioGard® or a tetracycline

solution.  This aids the laser in the reduction of bacteria in the pocket."

"21.  Approximate the wound edges.  Lase … to control oozing as

needed.  Healing of the wound edges by secondary intention takes place

because we are able to obtain a stable fibrin clot."

"22.  Compress tissue in the surgical site with wet gauze against the soft

tissue surface from both a facial and lingual direction in order to permit the

thinnest clot to form between the tissue and the tooth."

"23.  At some point following the occlusal adjustment take alginate

impressions for a 'Tanner Splint' or an 'Occlusal Guard'.  This will be

delivered after lab processing at a subsequent appointment and adjusted as

needed for stabilization of the dentition."

"25.  Prescribe medications for home use … and review post-op care with

the patient."

"26.  The first post-op appointment should be at 7 to 10 days …"

Plaintiff also alleges that it owns and may enforce alleged trade secrets contained

within five binders that Plaintiff calls Evolutions 1-5.  Plaintiff requires its customers and

trainees to sign agreements stating that Evolutions 1-5 are the confidential material of

Plaintiff, before the customers or trainees have an opportunity to review their contents.

However, in actuality over 90% of Evolutions 1-5 consists of documents and publications

authored and copyrighted by others, including but not limited to *Journal of*

*Periodontology, Practical Periodontics and Aesthetics Dentistry, Journal of Clinical*

*Periodontology, Lasers in Medical Science, The International Journal of Periodontics &*

*Restorative Dentistry, Proc. SPIE, Compendium of Continuing Education in Dentistry,*

*Dentistry Today, Department of Health & Human Services, Louisiana State University*

*School of Dentistry, Dental Products.Net, Dental Products Report, American Association*

*of Oral and Maxillofacial Surgeons, Infection and Immunity, Proteomics Journal, Cell Host & Microbe, Inside Dentistry, Lasers in Surgery and Medicine, Patterson Today, CDA Journal, J. Periodontol, JADA, The Houston Post, Journal of Prosthetic Dentistry, the American Medical Association, Journal of the History of Dentistry, Dept. of Prosthodontics, University of Maryland Dental School, The Canadian Academy of Restorative Dentistry and Prosthodontics, University of California San Francisco, Laser Education Group, Dental Practice Report, American Heart Association, DPR Europe, Photomedicine and Laser Surgery, Journal of Periodontal & Implant Science, Journal of Indian Society of Periodontology, Contemporary OB/GYN, Obstetrics & Gynecology,* other periodicals, articles and publications, along with excerpts from various treatises and textbooks (none of which show any affiliation with or ownership by Plaintiff).  These so called Evolutions contain information that information that is generally known to purchasers or would-be purchasers of laser dentistry equipment or purchasers of training for such equipment.  These include, among others, the following documents within Plaintiff's Evolutions 1-5:

- A 29-page document contained within Millennium's Evolution 1 binder and entitled Overview of Research in Laser Dentistry.

- A 2-page document contained within Millennium's Evolution 1 binder and entitled Overview of Lasers in Dentistry.

- A 25-page document contained within Millennium's Evolution 1 binder and entitled Laser Physics.

- A 16-page document contained within Millennium's Evolution 1 binder and entitled Curriculum Guidelines.

- A 4-page document contained within Millennium's Evolution 1 binder and entitled Nd:YAG Laser Assisted Procedures.

- A 1-page document contained within Millennium's Evolution 1 binder and entitled FR Nd:YAG Laser Power Bleaching.

- A 28-page document contained within Millennium's Evolution 1 binder and entitled Laser Safety.

- A 2-page document contained within Millennium's Evolution 1 binder and entitled Selected Lasers and their Characteristics Charts.

- A 48-page document contained within Millennium's Evolution 1 binder and entitled Selected Bibliography.

- A 1-page document contained within Millennium's Evolution 1 binder and entitled Periodontal Diseases & Human Health Cover.

- A 73-page document contained within Millennium's Evolution 1 binder and entitled Insert Book (Periodontal Diseases & Human Health).

- An 8-page document contained within Millennium's Evolution 1 binder and entitled Risk of Very Preterm Delivery.

- A 1-page document contained within Millennium's Evolution 1 binder and entitled Histology of Laser Wound.

- A 1-page document contained within Millennium's Evolution 1 binder and entitled Coherent Absorption Chart.

- A 2-page document contained within Millennium's Evolution 1 binder and entitled Company Update Notes.

- A 3-page document contained within Millennium's Evolution 2 binder and entitled LANAP Clinical Technique Checklist for Evolution 2.

- A 1-page document contained within Millennium's Evolution 2 binder and entitled Critical-Key Concepts.

- A 10-page document contained within Millennium's Evolution 2 binder and entitled Thielemann's Diagonal Law of Occlusion Revisited.

- A 9-page document contained within Millennium's Evolution 2 binder and entitled High Power-Pulsed Nd:YAG Laser as a New Stimulus to Induce BMP-2 Expression in MC3T3-E1 Osteoblasts.

- A 13-page document contained within Millennium's Evolution 2 binder and entitled IJPRD: Human Clinical and Histologic Evaluation of Laser-Assisted New Attachment Procedure  Marc Nevins, DMD, MMSc, July 2012.

- A 3-page document contained within Millennium's Evolution 2 binder and entitled AAP Statement on the Efficacy of Lasers in the Non-surgical Treatment of Inflammatory Periodontal Disease.

- A 7-page document contained within Millennium's Evolution 2 binder and entitled Periodontal infection and preterm birth: Successful periodontal therapy reduces the risk of preterm birth.

- A 5-page document contained within Millennium's Evolution 2 binder and entitled Laser Assisted New Attachment Procedure David Kimmel.

- A 16-page document contained within Millennium's Evolution 2 binder and entitled Bacterial Invasion of Epithelial Cells and Spreading in Periodontal Tissue.

- A 1-page document contained within Millennium's Evolution 2 binder and entitled US News and World Report.

- A 1-page document contained within Millennium's Evolution 2 binder and entitled Dental Product Shopper.

- A 6-page document contained within Millennium's Evolution 2 binder and entitled Laser antisepsis of *Phorphyromonas gingivalis* in vitro with dental lasers University of California, Dept of Periodontal Diseases & Human Health Cover.

- A 1-page document contained within Millennium's Evolution 2 binder and entitled Yukna Peri-Implantitis abstract.

- A 1-page document contained within Millennium's Evolution 2 binder and entitled IALD Clinical Proficiency Simulation Exam.

- A 1-page document contained within Millennium's Evolution 2 binder and entitled IALD Position Paper on LANAP and Full Mouth Treatment.

- A 1-page document contained within Millennium's Evolution 2 binder and entitled Checking the integrity of your fiber (breaking or other damage).

- A 1-page document contained within Millennium's Evolution 2 binder and entitled Cleaving procedure.

- A 1-page document contained within Millennium's Evolution 2 binder and entitled The Evolution of Near-Infrared Dental Diode Lasers.

- A 1-page document contained within Millennium's Evolution 2 binder and entitled 0855 Ablation of *Porphyromonas gingivalis* in vitro with Pulsed Dental Lasers.

- A 1-page document contained within Millennium's Evolution 2 binder and entitled #855 Ablation of *Porphyromonas gingivalis* in vitro with dental laser poster.

- A 14-page document contained within Millennium's Evolution 2 binder and entitled Study on Reattachment of the Supporting Structures of the Teeth.

- A 9-page document contained within Millennium's Evolution 2 binder and entitled A Rationale for the Treatment of the Intrabony Pocket; One Method of Treatment, Subgingival Curettage.

- A 7-page document contained within Millennium's Evolution 2 binder and entitled A Technic for Reattachment.

- A 1-page document contained within Millennium's Evolution 2 binder and entitled Evolution 2 Licensee Comparative Effect of the Nd:YAG Laser with Root Planing on Subgingival Anaerobes in Periodontal Pockets.

- A 1-page document contained within Millennium's Evolution 2 binder and entitled Effect of Nd:YAG Laser Treatment on Subgingival Calculus in Vitro.

- A 6-page document contained within Millennium's Evolution 2 binder and entitled Clinical Efficacy of the Nd:YAG Laser for Combination Periodontitis Therapy.

- A 4-page document contained within Millennium's Evolution 2 binder and entitled Clinical Advances of the Pulsed Nd:YAG Laser in Periodontal Therapy.

- A 7-page document contained within Millennium's Evolution 2 binder and entitled Curettage Revisted: Laser Therapy.

- A 10-page document contained within Millennium's Evolution 2 binder and entitled Treatment of Periodontal Pockets with a Diode Laser.

- A 6-page document contained within Millennium's Evolution 2 binder and entitled Pulsed Laser Beam Effects on Gingiva.

- A 7-page document contained within Millennium's Evolution 2 binder and entitled Bactericidal Activity of Pulsed Nd:YAG Laser Radiation In Vitro.

- A 6-page document contained within Millennium's Evolution 2 binder and entitled Effects of Nd:YAG and $CO_2$ Laser Treatment and Ultrasonic Scaling on Periodontal Pockets of Chronic Periodontal Patients.

- A 4-page document contained within Millennium's Evolution 2 binder and entitled Dentistry Today: Nd:YAGAssisted Periodontal Curettage to Prevent Bacteremia Before Cardiovascular Surgery.

- A 4-page document contained within Millennium's Evolution 2 binder and entitled Dentistry Today: The PPSP* Procedure: the Pinero Precardiac Surgical Protocol.

- A 1-page document contained within Millennium's Evolution 2 binder and entitled NASA Biostimulation.

- A 20-page document contained within Millennium's Evolution 2 binder and entitled AAP-Commissioned Review: Lasers in Periodontics: A Review of the Literature.

- A 2-page document contained within Millennium's Evolution 2 binder and entitled Interview with Dr. Charles Cobb.

EXHIBIT A-3

- A 6-page document contained within Millennium's Evolution 2 binder and entitled Letters to the Editor: Romanos to Cobb.

- A 3-page document contained within Millennium's Evolution 2 binder and entitled Letters to the Editor: Cobb's response to Romanos.

- A 40-page document contained within Millennium's Evolution 2 binder and entitled Applications of Lasers in Perio 2000 May 2009.

- An 8-page document contained within Millennium's Evolution 2 binder and entitled In Vitro Evaluation of the Effects of Low-Intensity Nd:YAG Laser Irradiation on the Inflammatory Reaction Elicited by Bacterial Lipolysaccharide Adherent to Titanium Dental Implants.

- A 9-page document contained within Millennium's Evolution 2 binder and entitled The Effect of Diode Laser (980 nm) Treatment on Aggressive Periodontitis: Evaluation of Microbial and Clinical Parameters.

- A 4-page document contained within Millennium's Evolution 2 binder and entitled Clarithromycin Accumulation by Phagocytes and Its Effect on Killing of *Aggregatibacter actinomycetemcomitans*.

- A 1-page document contained within Millennium's Evolution 2 binder and entitled IJPRD Cover.

- A 12-page document contained within Millennium's Evolution 2 binder and entitled IJPRD: Histologic Evaluation of an Nd:YAG Laser-Assisted New Attachment Procedure in Humans.

- A 6-page document contained within Millennium's Evolution 2 binder and entitled Periodontal Regeneration in Humans Following the Laser Assisted New Attachment Procedure (LANAP): Technical Report to Sponsor.

- A 10-page document contained within Millennium's Evolution 2 binder and entitled Sulcular Debridement with Pulsed Nd:YAG.

- A 2-page document contained within Millennium's Evolution 2 binder and entitled AAP Statement Regarding use of Dental Lasers for Excisional New Attachment Procedure (ENAP).

- An 8-page document contained within Millennium's Evolution 2 binder and entitled Compendium Case Report: A High-Tech Approach to Managing Periodontal Disease.

- A 4-page document contained within Millennium's Evolution 2 binder and entitled Dentistry Today: Laser ENAP for Periodontal Bone Regeneration.

- A 3-page document contained within Millennium's Evolution 2 binder and entitled Dentistry Today: Laser ENAP for Periodontal Ligament (PDL) Regeneration.

- A 4-page document contained within Millennium's Evolution 2 binder and entitled Dentistry Today: Eight Year Retrospective Review of Laser Periodontal Therapy in Private Practice.

- A 6-page document contained within Millennium's Evolution 2 binder and entitled Dentistry Today: New Attachment Procedure.

- An 8-page document contained within Millennium's Evolution 2 binder and entitled Laser Periodontal Therapy: A Clinical guide.

- A 3-page document contained within Millennium's Evolution 2 binder and entitled LANAP Clinical Technique Checklist for Evolution 2.

- A 4-page document contained within Millennium's Evolution 2 binder and entitled EMS Mini Master Brochure.

- A 58-page document contained within Millennium's Evolution 2 binder and entitled Section 5A: Non-Surgical Pocket Therapy:  Mechanical.

- A 2-page document contained within Millennium's Evolution 2 binder and entitled Probing Depths and Attachment Loss.

- A 6-page document contained within Millennium's Evolution 2 binder and entitled Is There a Link Between Periodontal Disease and Preterm Birth?

- A 2-page document contained within Millennium's Evolution 2 binder and entitled Potential Healing Responses of the Periodontal Tissues.

- A 3-page document contained within Millennium's Evolution 2 binder and entitled Chlorhexidine-Induced Changes to Human Gingival Fibroblast Collagen and Non-Collagen Protein Production.

- A 15-page document contained within Millennium's Evolution 2 binder and entitled Effective, Safe, Practical, and Affordable Periodontal Antimicrobial Therapy: Where are we going, and are we there yet?

- A 2-page document contained within Millennium's Evolution 2 binder and entitled FDA response to Douglas N. Dederich letter.

- A 2-page document contained within Millennium's Evolution 2 binder and entitled Douglas N. Dederich letter to FDA.

- A 7-page document contained within Millennium's Evolution 2 binder and entitled Dental Products.net: The word is out: perio's pivotal.

- A 6-page document contained within Millennium's Evolution 2 binder and entitled AAOMS: White Paper on Third Molar Data.

- An 8-page document contained within Millennium's Evolution 2 binder and entitled Infection and Immunity:  Intercellular Spreading of Porphyromonas gingivalis Infection in Primary Gingival Epithelial Cells.

- A 6-page document contained within Millennium's Evolution 2 binder and entitled Infection and Immunity: Association between Epithelial Cell Death and Invasion by Microspheres Conjugated to Porphyromonas gingivalis Vesicles with Different Types of Fimbriae.

- A 15-page document contained within Millennium's Evolution 2 binder and entitled Journal of Periodontology on CD-ROM: Equivalence and Superiority Testing in Regeneration Clinical Trials.

- A 15-page document contained within Millennium's Evolution 2 binder and entitled Proteomics: Quantitative proteomics of intracellular *Porphyromonas gingivalis*.

- A 28-page document contained within Millennium's Evolution 2 binder and entitled Ultrasonics in Perio 2000.

- A 16-page document contained within Millennium's Evolution 2 binder and entitled One-stage, Full Mouth Disinfection Teughels Perio 2000.

- A 4-page document contained within Millennium's Evolution 2 binder and entitled Mouse Study Explains Bacterium's Unique Role in Periodontitis.

- A 10-page document contained within Millennium's Evolution 2 binder and entitled Low-Abundance Biofilm Species Orchestrates Inflammatory Periodontal Disease through the Commensal Microbiota and Complement.

- A 10-page document contained within Millennium's Evolution 2 binder and entitled Interactions of Enamel Matrix Derivative and Biomechanical Loading in Periodontal Regenerative Healing.

- A 3-page document contained within Millennium's Evolution 2 binder and entitled *Porphyromonas gingivalis* Sinks Teeth into the Oral Microbiota and Periodontal Disease.

- A 7-page document contained within Millennium's Evolution 2 binder and entitled Laser Dentistry A Clinical Training Seminar: Selected Research Abstracts.

- A 2-page document contained within Millennium's Evolution 2 binder and entitled Dentistry Today: Pain Management- A Clinical Technique for Giving Painless Injections.

- A 9-page document contained within Millennium's Evolution 2 binder and entitled Endodontic Applications of a Short Pulsed FR Nd:YAG Dental Laser: Treatment of Dystrophic Calcification.

- An 8-page document contained within Millennium's Evolution 2 binder and entitled Endodontic Applications of a Short Pulsed FR Nd:YAG Dental Laser: Photo-Vaporization of Extruded Pulpal Tissue.

- A 2-page document contained within Millennium's Evolution 2 binder and entitled Dental Economics: Perio Perfect.

- A 2-page document contained within Millennium's Evolution 2 binder and entitled DPR Europe: Laser Solution for Periodontal Patients.

- A 2-page document contained within Millennium's Evolution 2 binder and entitled Inside Dentistry: Occlusion Confusion.

- A 1-page document contained within Millennium's Evolution 3 binder and entitled MDT Robert Gregg letter regarding Laser Dentistry Forum.

- A 14-page document contained within Millennium's Evolution 3 binder and entitled Evaluation, Diagnosis, and Treatment of Occlusal Problems: The Concept of Complete Dentistry.

- A 10-page document contained within Millennium's Evolution 3 binder and entitled Occlusion and the Periodontium: A Review and Rationale for Treatment.

- A 10-page document contained within Millennium's Evolution 3 binder and entitled The Effect of Occlusal Discrepancies on Periodontitis. I. Relationship of Initial Occlusal Discrepancies to Initial Clinical Parameters.

- An 11-page document contained within Millennium's Evolution 3 binder and entitled The Effect of Occlusal Discrepancies on Periodontitis. II. Relationship of Occlusal Treatment to the Progression of Periodontal Disease.

- An 11-page document contained within Millennium's Evolution 3 binder and entitled Longitudinal Comparison of the Periodontal Status of patients With Moderate to Sever Periodontal Disease Receiving No Treatment, Non-

Surgical Treatment, and Surgical Treatment Utilizing Individual Sites for Analysis.

- An 8-page document contained within Millennium's Evolution 3 binder and entitled Pathologic Tooth Migration.

- A 16-page document contained within Millennium's Evolution 3 binder and entitled A Photoelastic Study of Three-Unit Mandibular Posterior Cantilever Bridges.

- A 1-page document contained within Millennium's Evolution 3 binder and entitled TMD TMJ Disorders and Their Relationship to Occlusion and Dental Compression Syndrome.

- A 7-page document contained within Millennium's Evolution 3 binder and entitled Pathologic Manifestations of Occlusal Disharmony.

- A 3-page document contained within Millennium's Evolution 3 binder and entitled Dealing with Grief.

- A 1-page document contained within Millennium's Evolution 3 binder and entitled JADA Report of the President's Conference on the Examination, Diagnosis, and Management of Temporomandibular Disorders.

- A 1-page document contained within Millennium's Evolution 3 binder and entitled JADA Letters to the Editor: Occlusal Splints.

- A 1-page document contained within Millennium's Evolution 3 binder and entitled Dentistry Today: Muscle Measuring Device Shows how Bruxism is Stress Related.

- A 1-page document contained within Millennium's Evolution 3 binder and entitled Headache pain? Maybe your dentist could help Article.

- A 2-page document contained within Millennium's Evolution 3 binder and entitled Craniomandibular (TMJ) disorders-The state of the art.

- A 5-page document contained within Millennium's Evolution 3 binder and entitled The Nonsurgical Temporomandibular Joint Syndrome.

- A 15-page document contained within Millennium's Evolution 3 binder and entitled Section 5C: Non-Surgical Pocket Therapy: Dental Occlusion.

- An 8-page document contained within Millennium's Evolution 3 binder and entitled Section 5: Consensus Report: Non-Surgical Pocket Therapy: Mechanical, Pharmacotherapeutics, and Dental Occlusion.

- A 32-page document contained within Millennium's Evolution 3 binder and entitled Chapter 6: Occlusal equilibration by selective grinding.

- A 2-page document contained within Millennium's Evolution 3 binder and entitled Occlusal Trauma Concepts.

- A 17-page document contained within Millennium's Evolution 3 binder and entitled Treatment of the Periodontium Affected by Occlusal Traumatism.

- A 12-page document contained within Millennium's Evolution 3 binder and entitled The Tanner Mandibular Appliance.

- A 43-page document contained within Millennium's Evolution 3 binder and entitled Section 5B: Non-Surgical Pocket Therapy: Pharmacotherapeutics.

- A 10-page document contained within Millennium's Evolution 3 binder and entitled The Effectiveness of  Equilibration in the Improvement of Signs and Symptoms in the Stomatognathic System.

- A 4-page document contained within Millennium's Evolution 3 binder and entitled ADA response to Thomas McLellan letter.

- A 1-page document contained within Millennium's Evolution 3 binder and entitled Laser Periodontal Therapy Ad.

- A 2-page document contained within Millennium's Evolution 3 binder and entitled IALD Patient Informed Consent Form.

- A 3-page document contained within Millennium's Evolution 3 binder and entitled Spanish Version of: IALD Patient Informed Consent Form.

- A 2-page document contained within Millennium's Evolution 3 binder and entitled LANAP Informed Consent-Zinman Edition.

- A 3-page document contained within Millennium's Evolution 3 binder and entitled Spanish Version of LANAP Informed Consent-Zinman Edition.

- A 1-page document contained within Millennium's Evolution 3 binder and entitled Half Page Informed Consent.

- A 1-page document contained within Millennium's Evolution 3 binder and entitled Sample Treatment Entry for ANAP.

- A 1-page document contained within Millennium's Evolution 3 binder and entitled Home Care Instructions-After Laser Treatment.

- A 1-page document contained within Millennium's Evolution 3 binder and entitled LANAP Tray Set Up.

- A 1-page document contained within Millennium's Evolution 3 binder and entitled LANAP Occlusal Adjustment Criteria.

- A 1-page document contained within Millennium's Evolution 3 binder and entitled LANAP Protocol Sheet Case Type Form.

- A 1-page document contained within Millennium's Evolution 3 binder and entitled LPT Protocol.

- A 1-page document contained within Millennium's Evolution 3 binder and entitled Robert H. Gregg DDS & Associates: What you can expect with Laser Periodontal Therapy (LPT) letter.

- A 1-page document contained within Millennium's Evolution 3 binder and entitled Laser Economics: periodontal therapy.

- A document contained within Millennium's Evolution 3 binder and entitled Appointment Scheduling.

- A 1-page document contained within Millennium's Evolution 3 binder and entitled Robert H. Gregg DDS & Associates: Referral Form.

- A 1-page document contained within Millennium's Evolution 3 binder and entitled Pre Treatment Questionnaire.

- A 1-page document contained within Millennium's Evolution 3 binder and entitled "Most Inclusive Procedure".
- A 3-page document contained within Millennium's Evolution 3 binder and entitled Procedure 04260.
- A 2-page document contained within Millennium's Evolution 3 binder and entitled Procedure 04341.
- A 1-page document contained within Millennium's Evolution 3 binder and entitled Procedure 04220.
- A 1-page document contained within Millennium's Evolution 3 binder and entitled Procedure 04910.
- A 1-page document contained within Millennium's Evolution 3 binder and entitled Receptionist FAQ.
- A 1-page document contained within Millennium's Evolution 3 binder and entitled Robert H. Gregg DDS & Associates: Medical Clearance Form.
- A 1-page document contained within Millennium's Evolution 3 binder and entitled Periolase II Pre-Sets.
- A 1-page document contained within Millennium's Evolution 3 binder and entitled Periolase MVP-7 FR Nd:YAG Laser Treatment Settings.
- A 1-page document contained within Millennium's Evolution 3 binder and entitled Periodontal Risk Assessment Form.
- A 1-page document contained within Millennium's Evolution 3 binder and entitled Patient instructions following Laser Periodontal Disease Therapy (LPT).
- A 2-page document contained within Millennium's Evolution 3 binder and entitled Spanish Version of Patient Instructions following Laser Periodontal Disease Therapy (LPT).
- A 1-page document contained within Millennium's Evolution 3 binder and entitled Robert H. Gregg: Patient Pre-Treatment Estimate Statement.

- A 2-page document contained within Millennium's Evolution 3 binder and entitled Dental Laser Periodontal Therapy: Indications and Guidelines for the use of the laser in periodontal infections.
- A 1-page document contained within Millennium's Evolution 3 binder and entitled MetLife Insurance Estimate of Dental Benefits.
- A 5-page document contained within Millennium's Evolution 3 binder and entitled Ethics versus Legal Informed Consent-a Distinction with little Difference Ed Zinman Article.
- A 1-page document contained within Millennium's Evolution 3 binder and entitled Patient Non-compliance Letter.
- A 1-page document contained within Millennium's Evolution 3 binder and entitled IALD LANAP Treatment Sequence.
- A 1-page document contained within Millennium's Evolution 3 binder and entitled IALD Post LANAP Diet Instructions.
- A 2-page document contained within Millennium's Evolution 3 binder and entitled Spanish Version of IALD Post LANAP Diet Instructions.
- A 1-page document contained within Millennium's Evolution 3 binder and entitled IALD Post LANAP OHI "Loose Instructions".
- A 1-page document contained within Millennium's Evolution 3 binder and entitled IALD Laser Pocket Disinfection (LPD).
- A 4-page document contained within Millennium's Evolution 3 binder and entitled Treatment Refusal Forms.
- A 1-page document contained within Millennium's Evolution 3 binder and entitled IALD Patient Understanding Form.
- A 1-page document contained within Millennium's Evolution 3 binder and entitled Spanish Version of IALD Patient Understanding Form.
- A 1-page document contained within Millennium's Evolution 3 binder and entitled Insurance Insights: Lasers in 2009 and beyond.

- A 2-page document contained within Millennium's Evolution 3 binder and entitled LANAP Occlusal Splint Prescription – Great Lakes Orthodontics, Ltd.

- A 2-page document contained within Millennium's Evolution 3 binder and entitled Sub-Niche Marketing.

- A 1-page document contained within Millennium's Evolution 3 binder and entitled Paxton Quigley PerioLase Marketing hand out.

- A 1-page document contained within Millennium's Evolution 3 binder and entitled Insurance Narrative.

- A 1-page document contained within Millennium's Evolution 3 binder and entitled Laser Data Sheet.

- A 3-page document contained within Millennium's Evolution 3 binder and entitled Periodontal Charting Clinical Stickers.

- A 2-page document contained within Millennium's Evolution 3 binder and entitled 11x17 Science for Those who Need it (purple).

- A 2-page document contained within Millennium's Evolution 3 binder and entitled 11x17 Science for Those who Need it (gold).

- A document contained within Millennium's Evolution 3 binder and entitled Marketing Kit.

- A CD contained within Millennium's Evolution 3 binder and entitled LANAP Movies & Clinical Photos.

- A DVD contained within Millennium's Evolution 3 binder and entitled Dawn Bloore LANAP DVD.

- A 1-page document contained within Millennium's Evolution 3 binder and entitled Ribbond® Brochure.

- A 1-page document contained within Millennium's Evolution 3 binder and entitled Dentapreg Flyer.

EXHIBIT A-3

- A 1-page document contained within Millennium's Evolution 3 binder and entitled Breakthrough FDA Approved Treatment for Gum Disease Ad.

- A 3-page document contained within Millennium's Evolution 4 binder and entitled LANAP Clinical Technique Checklist Evolution 4.

- A 3-page document contained within Millennium's Evolution 4 binder and entitled LANAP Clinical Technique Checklist Evolution 2.

- A 1-page document contained within Millennium's Evolution 4 binder and entitled Critical-Key Concepts.

- An 8-page document contained within Millennium's Evolution 4 binder and entitled IJPRD: A Prospective 9-Month Clinical Evaluation of Laser-Assisted New Attachment Procedure (LANAP) Therapy.

- A 1-page document contained within Millennium's Evolution 4 binder and entitled Recap for Success Brochure-"More" Research.

- A 14-page document contained within Millennium's Evolution 4 binder and entitled Pulsed Nd:YAG Laser Treatment for Failing Dental Implants Due to Peri-implantitis-SPIE.

- A 9-page document contained within Millennium's Evolution 4 binder and entitled Change in clinical indices following laser or scalpel treatment for periodontitis: A split- mouth, randomized, multi-center trial; SPIE.

- A 10-page document contained within Millennium's Evolution 4 binder and entitled Thielemann's Diagonal Law of Occlusion Revisted.

- A 9-page document contained within Millennium's Evolution 4 binder and entitled High Power-Pulsed Nd:YAG Laser as a New Stimulus to Induce BMP-2 Expression in MC3T3-E1 Osteoblasts.

- A 13-page document contained within Millennium's Evolution 4 binder and entitled IJPRD: Human Clinical and Histologic Evaluation of Laser-Assisted New Attachment Procedure.

- An 8-page document contained within Millennium's Evolution 4 binder and entitled Compendium Case Report: A High-Tech Approach to Managing Periodontal Disease.

- A 4-page document contained within Millennium's Evolution 4 binder and entitled Mouse Study Explains Bacterium's Unique Role in Periodontitis.

- A 10-page document contained within Millennium's Evolution 4 binder and entitled Interactions of Enamel Matrix Derivative and Biomechanical Loading in Periodontal Regenerative Healing.

- A 3-page document contained within Millennium's Evolution 4 binder and entitled *Porphyromonas gingivalis* Sinks Teeth into the Oral Microbiota and Periodontal Disease.

- A 10-page document contained within Millennium's Evolution 4 binder and entitled Interactions of Enamel Matrix Derivative and Biomechanical Loading in Periodontal Regenerative Healing.

- A 3-page document contained within Millennium's Evolution 4 binder and entitled *Porphyromonas gingivalis* Sinks Teeth into the Oral Microbiota and Periodontal Disease.

- A 10-page document contained within Millennium's Evolution 4 binder and entitled Low-Abundance Biofilm Species Orchestrates Inflammatory Periodontal Disease through the Commensal Microbiota and Complement.

- A 1-page document contained within Millennium's Evolution 4 binder and entitled Laser Data Sheet.

- A 1-page document contained within Millennium's Evolution 4 binder and entitled Yukna Peri-Implantitis abstract.

- A 4-page document contained within Millennium's Evolution 4 binder and entitled Clarithromycin Accumulation by Phagocytes and Its Effect on Killing of *Aggregatibacter actinomycetemcomitans*.

- A 3-page document contained within Millennium's Evolution 4 binder and entitled AAP Statement on the Efficacy of Lasers in the Non-surgical Treatment of Inflammatory Periodontal Disease.

- A 7-page document contained within Millennium's Evolution 4 binder and entitled Periodontal infection and preterm birth: Successful periodontal therapy reduces the risk of preterm birth.

- A 5-page document contained within Millennium's Evolution 4 binder and entitled Laser Assisted New Attachment Procedure.

- A 2-page document contained within Millennium's Evolution 4 binder and entitled Probing Depths and Attachment Loss.

- A 16-page document contained within Millennium's Evolution 4 binder and entitled Bacterial Invasion of Epithelial Cells and Spreading in Periodontal Tissue.

- An 8-page document contained within Millennium's Evolution 4 binder and entitled The Association of Occlusal Contacts with the Presence of Increased Periodontal Probing Depth.

- A 1-page document contained within Millennium's Evolution 4 binder and entitled Position Paper on LANAP and Full Mouth Treatment.

- A 1-page document contained within Millennium's Evolution 4 binder and entitled Evolution 4 Course Outline.

- A 2-page document contained within Millennium's Evolution 4 binder and entitled Paxton Quigley PerioLase Marketing hand out.

- A 1-page document contained within Millennium's Evolution 4 binder and entitled Insurance Narrative.

- A 6-page document contained within Millennium's Evolution 4 binder and entitled Laser antisepsis of *Phorphyromonas gingivalis* in vitro with dental lasers.

- A 1-page document contained within Millennium's Evolution 4 binder and entitled 0855 Ablation of Porphyromonas gingivalis in vitro with Pulsed Dental Lasers.

- A 1-page document contained within Millennium's Evolution 4 binder and entitled #855 Ablation of Porphyromonas gingivalis in vitro with dental laser poster.

- A 4-page document contained within Millennium's Evolution 4 binder and entitled Nd:YAG Laser Assisted Procedures.

- A 1-page document contained within Millennium's Evolution 4 binder and entitled LANAP Treatment Sequence.

- A 1-page document contained within Millennium's Evolution 4 binder and entitled Periodontal Risk Assessment Form.

- A 2-page document contained within Millennium's Evolution 4 binder and entitled Ed Zinman's Informed Consent.

- A 1-page document contained within Millennium's Evolution 4 binder and entitled Clinical Pictures.

- A 10-page document contained within Millennium's Evolution 4 binder and entitled Dentistry Today: Method and Dosimetry for Thermolysis and Removal of Biofilm in the Periodontal Pocket with Near-Infrared Diode Lasers.

- A 3-page document contained within Millennium's Evolution 4 binder and entitled LANAP Clinical Technique Checklist Evolution 4 Clinicians.

- A 3-page document contained within Millennium's Evolution 4 binder and entitled LANAP Clinical Technique Checklist Evolution 2 Clinicians.

- A 1-page document contained within Millennium's Evolution 4 binder and entitled PerioLase FR Nd:YAG Laser Treatment Settings.

- A 1-page document contained within Millennium's Evolution 4 binder and entitled Case Type Chart.

- A 1-page document contained within Millennium's Evolution 4 binder and entitled Formula for Perioguard.

- A 1-page document contained within Millennium's Evolution 4 binder and entitled Average Power.

- A 1-page document contained within Millennium's Evolution 4 binder and entitled LPT Protocol.

- A 1-page document contained within Millennium's Evolution 4 binder and entitled PerioLase II Pre-Sets.

- A 4-page document contained within Millennium's Evolution 4 binder and entitled Dental Practice Report: What's wrong with clinical research.

- A 11-page document contained within Millennium's Evolution 4 binder and entitled Cementum Mediated New Attachment and Periodontal Regeneration in Humans Following the Laser Assisted New Attachment Procedure (LANAP) – Final Technical Report to Sponsor.

- A 9-page document contained within Millennium's Evolution 4 binder and entitled The Effect of Occlusal Discrepancies on Periodontitis. I. Relationship of Initial Occlusal Discrepancies to Initial Clinical Parameters.

- A 10-page document contained within Millennium's Evolution 4 binder and entitled The Effect of Occlusal Discrepancies on Periodontitis II. Relationship of Occlusal Treatment to the Progression of Periodontal Disease.

- A 10-page document contained within Millennium's Evolution 4 binder and entitled Longitudinal Comparison of the Periodontal Status of Patients with Moderate to Severe Periodontal Disease Receiving No Treatment, Non-surgical Treatment, and Surgical Treatment Utilizing Individual Sites for Analysis.

- A 7-page document contained within Millennium's Evolution 4 binder and entitled The Effect of Occlusal Discrepancies on Gingival Width.

- A 7-page document contained within Millennium's Evolution 4 binder and entitled Pathologic Tooth Migration.

- A 3-page document contained within Millennium's Evolution 4 binder and entitled The major part of dentistry you may be neglecting.

- A 13-page document contained within Millennium's Evolution 4 binder and entitled One Stage Full Versus Partial-mouth disinfection in the treatment of chronic adult or Generalized Early-Onset Periodontitis. I. Long-Term Clinical Observations.

- A 10-page document contained within Millennium's Evolution 4 binder and entitled One Stage Full Versus Partial-mouth disinfection in the treatment of chronic adult or Generalized Early-Onset Periodontitis. II. Long-Term Impact on Microbial Load.

- An 8-page document contained within Millennium's Evolution 4 binder and entitled One-Stage Full-Mouth Disinfection. Long-term Microbiological Results Analyzed by Checkerboard DNA-DNA Hybridization.

- A 6-page document contained within Millennium's Evolution 4 binder and entitled Orthodontic Movement into Infrabony Defects in Patients with Advanced Periodontal Disease: A Clinical and Radiological Study.

- A 1-page document contained within Millennium's Evolution 4 binder and entitled Dentistry Today: Letters to the Editor.

- A 19-page document contained within Millennium's Evolution 4 binder and entitled Lasers in Periodontics: A Review of the Literature.

- A 1-page document contained within Millennium's Evolution 4 binder and entitled Interview with Dr. Charles Cobb, Author of Lasers in Periodontics: A Review of the Literature.

- A 3-page document contained within Millennium's Evolution 4 binder and entitled Letters to the Editor: Response to Dr. Cobb's Lasers in Periodontics: A Review of the Literature.

- A 3-page document contained within Millennium's Evolution 4 binder and entitled Author's Response to Romanos.

- A 7-page document contained within Millennium's Evolution 4 binder and entitled The word is out: Perio's Pivotal.

- A 4-page document contained within Millennium's Evolution 4 binder and entitled AAP News: The cure-all for periodontal disease?

- An 8-page document contained within Millennium's Evolution 4 binder and entitled Circulation: Periodontal Microbiota and Carotid Intima-Media Thickness: The Oral Infections and Vascular Disease Epidemiology Study (INVEST).

- A 6-page document contained within Millennium's Evolution 4 binder and entitled Differential diagnosis of two disorders that produce common orofacial pain symptoms.

- A 1-page document contained within Millennium's Evolution 4 binder and entitled FR Nd:YAG Laser Power Bleaching.

- A 4-page document contained within Millennium's Evolution 4 binder and entitled Perio Perfect.

- A 2-page document contained within Millennium's Evolution 4 binder and entitled US News and World Report: 21st Century Dentistry.

- A 2-page document contained within Millennium's Evolution 4 binder and entitled DPR Europe: Laser Solution for Periodontal Patients.

- A 2-page document contained within Millennium's Evolution 4 binder and entitled Inside Dentistry: Occlusion Confusion.

- A 2-page document contained within Millennium's Evolution 4 binder and entitled Guest Editorial: Progressive Periodontal Therapeutics for the General Practice.

- A 2-page document contained within Millennium's Evolution 4 binder and entitled The Evolution of Near-Infrared Dental Diode Lasers.

EXHIBIT A-3

-83-

- A 6-page document contained within Millennium's Evolution 4 binder and entitled Dentistry Today: New Attachment Procedure Using the Pulsed Nd:YAG Laser.

- A 13-page document contained within Millennium's Evolution 4 binder and entitled IJPRD: Histologic Evaluation of an Nd:YAG Laser-Assisted New Attachment Procedure in Humans.

- A 14-page document contained within Millennium's Evolution 4 binder and entitled Laser Dentistry: A Clinical Training Seminar.

- A 2-page document contained within Millennium's Evolution 5 binder and entitled Energy Density Comparison, Laminated.

- A 2-page document contained within Millennium's Evolution 5 binder and entitled Energy Density Comparison.

- A 1-page document contained within Millennium's Evolution 5 binder and entitled Critical-Key Concepts.

- A 3-page document contained within Millennium's Evolution 5 binder and entitled LANAP Clinical Technique Checklist, Evolution 5 Clinicians.

- A 3-page document contained within Millennium's Evolution 5 binder and entitled LANAP Clinical Technique Checklist, Evolution 4 Clinicians.

- A 3-page document contained within Millennium's Evolution 5 binder and entitled LANAP Clinical Technique Checklist, Evolution 2 Clinicians.

- A 28-page document contained within Millennium's Evolution 5 binder and entitled Periodontal Regeneration – Intrabony Defects: A Systematic Review From the AAP Regeneration Workshop.

- A 10-page document contained within Millennium's Evolution 5 binder and entitled IJPRD: Successful Management of PeriImplantitis with a Regenerative Approach: A Consecutive Series of 51 Treated Implants with 3- to 7.5-Year Follow-Up.

- A 9-page document contained within Millennium's Evolution 5 binder and entitled Intrabony Defects, Open-Flap Debridement, and Decortication: A Randomized Clinical Trial.

- A 1-page document contained within Millennium's Evolution 5 binder and entitled LANAP Immediate Effects in Vivo on Human Chronic Periodontitis Microbiota.

- A 6-page document contained within Millennium's Evolution 5 binder and entitled IJPRD: Use of Er:YAG Laser to Decontaminate Infected Dental Implant Surface in Preparation for Reestablishment of Bone-to-Implant Contact.

- A 11-page document contained within Millennium's Evolution 5 binder and entitled Photoactivation of Endogenous Latent Transforming Growth Factor–b1 Directs Dental Stem Cell Differentiation for Regeneration.

- A 12-page document contained within Millennium's Evolution 5 binder and entitled The effect of the thermal diode laser (wavelength 808–980 nm) in nonsurgical periodontal therapy: a systematic review and meta-analysis.

- A 9-page document contained within Millennium's Evolution 5 binder and entitled IJPRD: Treatment of Peri-Implantitis Around TiUnite-Surface Implants Using Er:YAG Laser Microexplosions.

- An 8-page document contained within Millennium's Evolution 5 binder and entitled IJPRD: A Prospective 9 Month Clinical Evaluation of Laser-Assisted New Attachment Procedure  (LANAP) Therapy.

- A 1-page document contained within Millennium's Evolution 5 binder and entitled M. Nevins Recap for Success Brochure- "More" Research.

- A 14-page document contained within Millennium's Evolution 5 binder and entitled Pulsed Nd:YAG Laser Treatment for Failing Dental Implants Due to Peri-implantitis-SPIE.

- A 9-page document contained within Millennium's Evolution 5 binder and entitled Change in clinical indices following laser or scalpel treatment for periodontitis: A split- mouth, randomized, multi-center trial; SPIE.

- A 10-page document contained within Millennium's Evolution 5 binder and entitled Thielemann's Diagonal Law of Occlusion Revisted.

- A 9-page document contained within Millennium's Evolution 5 binder and entitled High Power-Pulsed Nd:YAG Laser as a New Stimulus to Induce BMP-2 Expression in MC3T3-E1 Osteoblasts.

- A 13-page document contained within Millennium's Evolution 5 binder and entitled IJPRD: Human Clinical and Histologic Evaluation of Laser-Assisted New Attachment Procedure.

- An 8-page document contained within Millennium's Evolution 5 binder and entitled Compendium Case Report: A High-Tech Approach to Managing Periodontal Disease.

- A 4-page document contained within Millennium's Evolution 5 binder and entitled Mouse Study Explains Bacterium's Unique Role in Periodontitis.

- A 10-page document contained within Millennium's Evolution 5 binder and entitled Interactions of Enamel Matrix Derivative and Biomechanical Loading in Periodontal Regenerative Healing.

- A 3-page document contained within Millennium's Evolution 5 binder and entitled Porphyromonas gingivalis Sinks Teeth into the Oral Microbiota and Periodontal Disease.

- A 10-page document contained within Millennium's Evolution 5 binder and entitled Low-Abundance Biofilm Species Orchestrates Inflammatory Periodontal Disease through the Commensal Microbiota and Complement.

- A 4-page document contained within Millennium's Evolution 5 binder and entitled Clarithromycin Accumulation by Phagocytes and Its Effect on Killing of *Aggregatibacter actinomycetemcomitans*.

- A 3-page document contained within Millennium's Evolution 5 binder and entitled AAP Statement on the Efficacy of Lasers in the Non-surgical Treatment of Inflammatory Periodontal Disease.

- A 7-page document contained within Millennium's Evolution 5 binder and entitled Case Report: Clinical and Histologic Evaluation of Non-Surgical Periodontal Therapy With Enamel Matrix Derivative (Emdogain): A Report of Four Cases.

- A 6-page document contained within Millennium's Evolution 5 binder and entitled Laser antisepsis of *Phorphyromonas gingivalis* in vitro with dental lasers.

- A 1-page document contained within Millennium's Evolution 5 binder and entitled Laser Data Sheet.

- A 1-page document contained within Millennium's Evolution 5 binder and entitled Yukna Peri-Implantitis abstract.

- A 2-page document contained within Millennium's Evolution 5 binder and entitled Probing Depths and Attachment Loss.

- A 1-page document contained within Millennium's Evolution 5 binder and entitled Position Paper on LANAP and Full Mouth Treatment.

- A 1-page document contained within Millennium's Evolution 5 binder and entitled 0855 Ablation of Porphyromonas gingivalis in vitro with dental lasers.

- A 1-page document contained within Millennium's Evolution 5 binder and entitled #855 Ablation of  Porphyromonas gingivalis in vitro with dental laser poster.

- A 1-page document contained within Millennium's Evolution 5 binder and entitled Insurance Narrative.

- A 9-page document contained within Millennium's Evolution 5 binder and entitled The Effect of Occlusal Discrepancies on Periodontitis. I. Relationship of Initial Occlusal Discrepancies to Initial Clinical Parameters.

- A 10-page document contained within Millennium's Evolution 5 binder and entitled The Effect of Occlusal Discrepancies on Periodontitis II. Relationship of Occlusal Treatment to the Progression of Periodontal Disease.

- A 16-page document contained within Millennium's Evolution 5 binder and entitled One-stage, Full Mouth Disinfection Teughels Perio 2000.

- A 13-page document contained within Millennium's Evolution 5 binder and entitled One Stage Full Versus Partial-mouth disinfection in the treatment of chronic adult or Generalized Early Onset Periodontitis. I. Long-Term Clinical Observations.

- A 10-page document contained within Millennium's Evolution 5 binder and entitled One Stage Full Versus Partial-mouth disinfection in the treatment of chronic adult or Generalized Early Onset Periodontitis. II. Long-Term Impact on Microbial Load.

- An 8-page document contained within Millennium's Evolution 5 binder and entitled One Stage Full-Mouth Disinfection. Long-term Microbiological Results Analyzed by Checkerboard DNA-DNA Hybridization.

- A 16-page document contained within Millennium's Evolution 5 binder and entitled Destructive Periodontal Disease in Adults 30 Years of Age and Older in the United States, 1988-1994.

- A 7-page document contained within Millennium's Evolution 5 binder and entitled Pathologic Tooth Migration.

- A 6-page document contained within Millennium's Evolution 5 binder and entitled Orthodontic Movement into Infrabony Defects in Patients with Advanced Periodontal Disease: A Clinical and Radiological Study.

- A 9-page document contained within Millennium's Evolution 5 binder and entitled Endodontic Applications of a Short Pulsed FR Nd:YAG Dental Laser: Treatment of Dystrophic Calcification.

- An 8-page document contained within Millennium's Evolution 5 binder and entitled Endodontic Applications of a Short Pulsed FR Nd:YAG Dental Laser: Photo-Vaporization of Extruded Pulpal Tissue.

- A 7-page document contained within Millennium's Evolution 5 binder and entitled The word is out: Perio's Pivotal.

- A 12-page document contained within Millennium's Evolution 5 binder and entitled The MID Report: Lasers mean less invasive.

- An 8-page document contained within Millennium's Evolution 5 binder and entitled Circulation: Periodontal Microbiota and Carotid Intima-Media Thickness: The Oral Infections and Vascular Disease Epidemiology Study (INVEST).

- A CD contained within Millennium's Evolution 5 binder and entitled Evolution 5 CD.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Readily Ascertainable)

22.     Plaintiff's purported trade secret information, to the extent any exists, is readily ascertainable by lawful means and/or through public sources and, therefore, is not a trade secret.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Does Not Derive Economic Value From its Secrecy)

23.     Plaintiff's purported trade secret information, to the extent any exists, does not derive economic value from its being kept secret and, therefore, is not a trade secret.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Open Competition)

24.     Defendants had the right to prepare to compete with Plaintiff, prepare for new employment, interview for new jobs, and compete with Plaintiff.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

25.     Plaintiff's alleged damages, if any, were caused, in whole or in part, by new and independent intervening causes, and were not caused by any alleged wrongdoing or other fault of the Defendants.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Offset)

26.     Assuming *arguendo* that Plaintiff is awarded any money in this action, Defendants are entitled to an offset against any such award in the amount of any damages Defendants have suffered by virtue of Plaintiff's conduct or in the amount of any money otherwise owed by Plaintiff to Defendants.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Loss or Damage)

27.     Defendants are informed and believe and thereon allege that Plaintiff has sustained no loss or damage as a result of the alleged conduct of Defendants.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Plaintiff)

28.     Any loss or damage allegedly sustained by Plaintiff, if any, was proximately caused or contributed to, in whole or in part, by the negligent, intentional or other wrongful acts and/or omissions of Plaintiff for which Defendants are not responsible. Accordingly, Plaintiff is entitled to no recovery from Defendants, or the amount for which Defendants could be found liable must be reduced or barred in whole by the extent to which Plaintiff caused or contributed to such loss or damage, if any.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Third Parties)

29.     Any loss or damage allegedly sustained by Plaintiff, if any, was proximately caused or contributed to, in whole or in part, by the negligent, intentional or other wrongful acts and/or omissions of persons and/or entities other than Defendants, for which Defendants are not responsible.  Accordingly, Plaintiff is entitled to no recovery from Defendants, or the amount for which Defendants could be found liable must be reduced or barred in whole by the extent to which persons or entities other than Defendants caused or contributed to such loss or damage, if any.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Speculative Damages)

30.     Plaintiff cannot recover any of the damages alleged in the Complaint because such damages, if any, are too speculative to be recoverable at law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

31.     Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional affirmative defenses. Defendants reserve their right to file an amended answer asserting additional affirmative defenses in the event that discovery indicates that they are appropriate.

WHEREFORE, Defendants pray for judgment as follows:

1.      That Plaintiff take nothing by reason of its Complaint on file herein;

2.      For costs of suit incurred herein, including attorneys' fees pursuant to California Code of Civil Procedure section 3426.4; and

3.      For such other and further relief as this Court deems just and proper.


Dated:  April 12, 2017

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By   _____
                /s/ *Michael D. Stewart*
              MICHAEL D. STEWART
              JACQUELINE G. LUTHER

              Attorneys for Defendants
          DR. ALLEN SCOTT TERRY, D.D.S,
              and FOTONA, LLC

<u>PROOF OF SERVICE</u>

<u>STATE OF CALIFORNIA, COUNTY OF ORANGE</u>

*Millennium Dental Technologies v. Dr. Allen Scott Terry, D.D.S.*
*Orange County Superior Court Case No. 30-2016-00880518*

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, 4th Floor, Costa Mesa, CA 92626-1993.

On **April 12, 2017**, I served true copies of the following document(s) described as **DEFENDANTS DR. ALLEN SCOTT TERRY, D.D.S. AND FOTONA, LLC'S ANSWER TO MILLENNIUM DENTAL TECHNOLOIES, INC.'S FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

Patrick D. Flannery, Esq.
THE LAW OFFICES OF
PATRICK D. FLANNERY
19900 MacArthur Blvd., Suite 1150
Irvine, California  92612

*Attorney for Plaintiff Millennium Dental Technologies, Inc.*

Telephone:   (949) 863-3101
Facsimile:    (949) 407-5133
E-mail:  dflannery@pdflannerylaw.com

☒ **BY ELECTRONIC SERVICE:**  I served the document on the person listed in the Service List by submitting an electronic version of the document to One Legal, LLC, through the user interface at www.onelegal.com.

☐ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

☐ **BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **April 12, 2017**, at Costa Mesa, California.

*/s/ Margaret N. Manns*
Margaret N. Manns

EXHIBIT A-3
-93-

# EXHIBIT "A-4"

# **EXHIBIT "A-4"**

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 02/01/2018                    TIME: 01:30:00 PM          DEPT:  C24
JUDICIAL OFFICER PRESIDING: Thomas A. Delaney
CLERK:  Myra Nakata
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:  None

CASE NO: **30-2016-00880518-CU-BC-CJC** CASE INIT.DATE: 10/11/2016
CASE TITLE: **MILLENNIUM DENTAL TECHNOLOGIES, INC. vs. TERRY**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Breach of Contract/Warranty

EVENT ID/DOCUMENT ID: 72726193
**EVENT TYPE**: Motion to Compel Production
MOVING PARTY: Fotona, LLC
CAUSAL DOCUMENT/DATE FILED: Motion to Compel Production/Inspection of Documents or Things, 12/21/2017

EVENT ID/DOCUMENT ID: 72729351
**EVENT TYPE**: Motion for Leave to File Amended Complaint
MOVING PARTY: MILLENNIUM DENTAL TECHNOLOGIES, INC.
CAUSAL DOCUMENT/DATE FILED: Motion for Leave to Amend, 01/05/2018

**APPEARANCES**

There are no appearances by any party.

Pursuant to telephonic notice all parties submit on the Court's tentative ruling posted on the Internet. Court's tentative ruling as posted on the Internet remains and now becomes the final order of the Court as follows:

**Motion for Leave to File Second Amended Complaint**

The Motion by Plaintiff Millennium Dental Technologies Corporation, Inc. for Leave to File Second Amended Complaint is GRANTED. (See Code Civ. Proc., §§ 473(a)(1); *Morgan v. Superior Court* (1959) 172 Cal.App.2d 527, 530 (leave to amend is liberally granted so cases may be resolved on their merits).) Plaintiff shall file and serve its second amended complaint within 10 days.

To avoid potential prejudice to Defendants, trial is continued from 4/30/18 to 10/1/18 and the MSC is continued to 8/31/18. All other pretrial dates are continued consistent with the new trial date.

Plaintiff to give notice.

**Motion to Compel Compliance with Business Records Subpoena**

DATE: 02/01/2018                          MINUTE ORDER                          Page 1
DEPT:  C24                                                              Calendar No.

EXHIBIT A-4

| CASE TITLE: MILLENNIUM DENTAL TECHNOLOGIES, INC. vs. TERRY | CASE NO: **30-2016-00880518-CU-BC-CJC** |

The Motion by Defendant Fotona, LLC's ("Fotona") to Compel Institute for Advanced Laser Dentistry's ("IALD") compliance with business records subpoena is GRANTED in part and DENIED in part. The motion is denied to the extent that it seeks non-party medical records or communications with their physician. Any documents withheld on the basis of the physician-patient privilege shall be identified on a privilege log. Deponent IALD shall produce all other documents pursuant to the subpoena within 15 days of service of notice of ruling. If IALD does not have any documents in its possession, custody, or control that are responsive to a request, it shall indicate such in its custodian affidavit.

Based on the circumstances here, the court finds that the imposition of sanctions would be unjust and Fotona's request for sanctions and IALD's request for sanctions are therefore denied.

Defendant Fotona to give notice.

| DATE: 02/01/2018 | MINUTE ORDER | Page 2 |
| DEPT: C24 | | Calendar No. |

EXHIBIT A-4

# EXHIBIT "A-5"

# **EXHIBIT "A-5"**

1    Wayne R. Gross (State Bar No. 138828)
       *wgross@ggtriallaw.com*
2    Evan C. Borges (State Bar No. 128706)
       *eborges@ggtriallaw.com*
3    Joshua M. Robbins (State Bar No. 270553)
       *jrobbins@ggtriallaw.com*
4    GREENBERG GROSS LLP
     650 Town Center Drive, Suite 1700
5    Costa Mesa, California  92626
     Telephone: (949) 383-2800
6    Facsimile: (949) 383-2801

7    Matthew K. Wegner (State Bar No. 223062)
       *mwegner@brownwegner.com*
8    Lily Y. Li (State Bar No. 281922)
       *lli@brownwegner.com*
9    BROWN WEGNER LLP
     2010 Main Street, Suite 1260
10   Irvine, CA  92614
     Telephone: (949) 705-0080
11   Facsimile: (949) 794-4099

12   Attorneys for Plaintiff
     Millennium Dental Technologies, Inc.

13

14                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15                **COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

16   MILLENNIUM DENTAL TECHNOLOGIES,        Case No. 30-2016-00880518-CU-BC-CJC
     INC., a California Corporation,
17                                          Assigned for All Purposes to:
                  Plaintiff,                Hon. Thomas A. Delaney
18                                          Department C24
          v.
19                                          **SECOND AMENDED COMPLAINT FOR:**
     DR. ALLEN SCOTT TERRY, D.D.S., an
20   individual; FOTONA, LLC, a Wyoming        (1) **BREACH OF CONTRACT (License**
     Limited Liability Company; and DOES 1          **Agreement);**
21   through 10, inclusive,                     (2) **VIOLATION OF THE LANHAM**
                                                    **ACT (15 U.S.C. § 1125(a))**
22                Defendants.                   (3) **UNFAIR COMPETITION**
                                                    **(California Business and Professions**
23                                                  **Code §17500); and**
                                                (4) **UNFAIR COMPETITION**
24                                                  **(California Business and Professions**
                                                    **Code § 17200)**
25
                                            Action Filed:     October 11, 2016
26                                          Trial Date:       October 1, 2018

27

28
                          **SECOND AMENDED COMPLAINT**

1    Plaintiff Millennium Dental Technologies, Inc., a California corporation (hereinafter

2    "Millennium") brings its complaint and alleges, complains and states, as follows:

3    ### STATEMENT OF FACTS

4        1.    This is an action which arises out of two written contracts between Plaintiff and

5    Defendant Dr. Allen Scott Terry (hereinafter "Terry") for the purchase of a dental laser along

6    with the clinical training on how to perform a Millennium patented periodontal laser protocol

7    commonly known as LANAP® or Laser Assisted New Attachment Procedure.  The action being

8    brought by the Plaintiff asserts, among other things, breach of the two written contacts one

9    entitled "Periolase MVP-7 Periodontal Package Order Form" and the second entitled "License

10   Agreement", a violation of the Lanham Act for false and misleading advertising statements by

11   Terry and Fotona, Unfair Competition by both Terry and Fotona for falsely advertising that Terry

12   and Fotona invented the LANAP® protocol, Unfair Competition by both Terry and Fotona for

13   unlawful, false, unfair and fraudulent business practices which are untrue and misleading.

14       2.    Plaintiff is a California corporation with its principal place of business located in

15   the City of Cerritos, County of Los Angeles, California.

16       3.    Defendant Terry is being sued as an individual. Millennium is informed and

17   believes that Terry's principal residence is located in the City of Sioux Falls, County of

18   Minnehaha, South Dakota.

19       4.    Defendant Fotona is a Wyoming, Limited Liability Company with its principal

20   place of business in the City of San Clemente, County of Orange, California.

21       5.    Plaintiff does not know the true names or capacities of the Defendants designated

22   herein by the fictitious names Does 1 through 10, inclusive.  When said true names and capacities

23   have been ascertained, Plaintiff will seek leave of court to amend this complaint accordingly.

24       6.    Plaintiff is informed and believes, and based thereon allege, that each of the

25   Defendants designated herein is, and at all material times has been, the agent, employee, co-

26   owner, servant, partner, fiduciary and representative of the remaining Defendants and in that

27   capacity is liable to Plaintiff as more specifically set forth herein below.

28

-2-

**SECOND AMENDED COMPLAINT**

7.     Plaintiff is informed and believes, and based thereon allege, that each of the Defendants conspired with each other to commit the acts herein alleged for their individual and collective benefit.

8.     On or about April 8th, 2014, the Terry, as buyer, and Millennium, as seller, entered into that certain contract entitled "Periolase MVP-7 Periodontal Package Order". The Order provided for Terry to purchase and Millennium to sell to Terry a "Periolase MVP-7 Periodontal Package" for the purchase price of $110,545.00.  The Periodontal Package included the price for a dental laser, a specialized hand piece, laser fibers and five days of specialized training on how to safely and effectively use the laser to perform Millennium's patented LANAP® protocol, including live supervised clinical training on actual dental patients.  The Order Form specifically provided that Terry "agrees to the TERMS, CONDITIONS & LICENSE AGREEMENT on the attached/reverse side" of the Order form. Paragraph one of the License Agreements states:

> "1. License Grant: Subject to, and contingent upon, Your successful completion of the Millennium 3-day Basis Proficiency Training Course, "Laser Boot Camp", Millennium grants to You a LIMITED, NON-EXCLUSIVE, NON-SUBLICENSABLE, NON-TRANSFERABLE, PERSONAL license to use the Millennium Materials *solely in connection with Your authorized practice of the LANAP® protocols. THIS AGREEMENT GIVES YOU NO OTHER RIGHTS IN OR TO THE MILLENNIUM MATERIALS OR OTHER PROERTY OF MILLENNIUM, INCLUDING WITHOUT LIMITATION, NO RIGHTS TO (1) teach or permit any other person to use the Millennium Materials or perform the Patented Procedure unless that other person is separately authorized under a current license agreement with Millennium, (2) use the Millennium Materials for any other purpose other than the treatment of Your patients, or (3) use any Millennium advertising materials or trademarks (e.g., "Laser Periodontal Therapy", "Laser Periodontitis Therapy", "Laser ENAP", "LANAP®", "No Cut-No Sew", and the Millennium logo) other than in connection with Your authorized practice of the LANAP® protocols."* (Emphasis added)

A true and correct copy of the Contract is attached hereto as "**Exhibit A**" and is incorporated herein by this reference, as if set forth in full herein.

9.     Paragraph 8 of the License Agreement on the reverse side of the Order specially provides that "This Agreement shall be governed by the laws of the State of California, U.S.A., exclusive of its choice of law principles.  The courts located in and serving Orange County,

-3-

**SECOND AMENDED COMPLAINT**

California shall have exclusive jurisdiction and venue over any dispute arising out of or relating to this Agreement, and You and Millennium hereby consent to such jurisdiction and venue".

    10.    Terry signed the front page of the Order Form and initialed the second page or License Agreement saying, "I have read and agree to Millennium's Terms, Conditions & License Agreement".

    11.    On April 17, 2014 Terry attended his first Laser Boot Camp class. Prior to being given any of the confidential and proprietary training material, hand-outs and notebooks Terry was required to sign a second "License Agreement".

    12.    The second or April 17th 2014 License Agreement states in relevant part:

> "THIS AGREEMENT GIVES LICENSEE NO RIGHTS IN OR TO THE LANAP® PROTOCAL, THE MILLENNIUM MATERIALS, THE MILLENNIUM MARKS, OR OTHER MILLENNIUM PROPERTY RIGHT EXCEPT AS SPECIFICALLY SET FORTH HEREIN. For example, this License does NOT grant Licensee the right: *(i) to teach the LANAP® Protocol or permit or authorize any person other than Licensee to practice the LANAP® Protocol; (ii) to conduct any research involving the LANAP® Protocol except with the prior written consent of Millennium; (iii) to demonstrate the LANAP® Protocol or disclose the Millennium Materials or the Proprietary Techniques to any other person or for any purpose other than Licensee's individual use on a patient in Licensee's own dental practice; (iv) to permit any other party to use, view or have access to the Millennium Materials,* (unless such person is separately authorized under a current license agreement with Millennium) or for Licensee or any other person to copy, sell, distribute or translate Millennium Materials; (v) to deconstruct, decompile, reverse engineer, modify or alter the Laser, or (vi) to use the Millennium Marks except as authorized by this Agreement" (Emphasis added).

    13.    In addition to the above restrictions on use of the Millennium Materials this second License Agreement also provides:

> "Licensee acknowledges and agrees that certain of the Millennium information and materials provided in the LANAP® Training under this License, including the Proprietary Techniques and certain information in the Millennium Materials, is confidential and proprietary in nature ("Confidential Information"), and developed or acquired by Millennium at great expense. Except as expressly allowed herein Licensee agrees not to use or disclose to any third party any of the Confidential Information without Millennium's prior written consent."

-4-

**SECOND AMENDED COMPLAINT**

1    As with the first License Agreement this second license agreement also states, "This

2    License Agreement shall be governed by the laws of California, exclusive of its choice of law

3    principles.  The courts located in Orange County California shall have exclusive jurisdiction and

4    venue over any dispute arising out of or relating to this Agreement, and Licensee hereby consents

5    to such jurisdiction and venue". Terry also signed the second License Agreement agreeing to all

6    of the terms contained therein. A true and correct copy of the License Agreement is attached

7    hereto as **"Exhibit B"** and is incorporated herein by this reference, as if set forth in full herein.

8    14.    Terry completed his initial 3-day boot camp on April 19th, 2014.  He completed the

9    fourth evolution course on September 12th, 2014 and his final fifth evolution course on March 21,

10   2015.

11   15.    In each of the five evolutions or training classes Terry was trained in not only the

12   steps of the LANAP® protocol but he was also trained in the confidential and proprietary clinical

13   steps and techniques that needed to be utilized to obtain the best clinical results or outcome.

14   These steps, procedures and techniques are not described or defined in the Laser Excisional New

15   Attachment Procedure (Patent No. 5,642,997) but can only be learned from taking the

16   Millennium training course and the hands on training provided by Millennium's trained

17   instructors.

18   16.    Since completing the five day supervised specialized training by Millennium,

19   Terry has not contacted Millennium and requested Millennium's consent to either teach, advertise

20   research or sell any of the confidential information or techniques that he learned in the

21   Millennium training.  Millennium has not authorized either Terry or Fotona to advertise, sell or

22   teach the proprietary techniques and procedures taught during their five-day evolution training

23   courses.

24   17.    On or about April 15, 2016 Terry gave a lecture at the Academy of Laser

25   Dentistry.  Terry's lecture was described as a "Comparison of a New Minimally Invasive Laser-

26   Assisted Periodontal Surgical Protocol to LANAP Protocol:  Description of a New Protocol and

27   its Effectiveness in Reducing Periodontal Disease Parameters".

28

-5-

**SECOND AMENDED COMPLAINT**

18.     Fotona is a dental laser manufacturer which competes with Millennium to sell dental lasers to licensed dental practitioners.  Terry represented that he is a *"paid instructor for Fotona for training their users in the advanced periodontal technique"*.  Further it was represented that Terry's technique has been adopted by Fotona as their advanced surgical protocol for moderate-to-severe periodontal disease.

19.     Terry named his new technique "Dual Wavelength Laser Assisted Osseous Surgery" or "DWLAOS".  In reality, Dual Wavelength Laser Assisted Osseous Surgery is nothing more than LANAP® by a different name.  Even though the LANAP® patent expired on February 1st, 2016, the specialized training, clinical techniques, procedures, laser power settings, the number of laser passes and the detailed confidential proprietary steps necessary to get the best clinical results are not part of the patent but can only be obtained through the Millennium courses.  The rights to advertise, sell or teach such information is severely limited by the required License Agreements.

20.     In his opening remarks Terry, as a paid instructor for Fotona, falsely represented to the audience that he developed DWLAOS for the purpose of "enhancing the predictability of treatment and that he has a desire to incorporate all the best of our laser treatments into one procedure".  Notwithstanding the prohibitions against conducting research involving the LANAP® Protocol, Terry then explains that the real reason for his lecture was to reveal his research in comparing his DWLAOS procedure against LANAP in split mouth treatment comparisons that he had performed.

21.     The real reason for Terry's DWLAOS vs. LANAP® comparison was to attempt to convince the members of the Academy that they should purchase the Fotona laser as opposed to the Millennium laser because you get better results with Fotona.  Such allegations are completely false, misleading and have no basis in scientific fact or reality.

22.     Terry then proceeded to provide to the academy a "Step by Step" explanation of the confidential, proprietary and detailed steps of LANAP® as taught to him in the Millennium

-6-

**SECOND AMENDED COMPLAINT**

Evolution training courses.  In his presentation he even goes so far as to actually quote multiple statements made by Millennium instructors during the courses he attended.

23.     In his Step by Step explanation of his DWLAOS protocol he actually discloses the exact power setting for the laser ablation as taught to him by Millennium.  Such information is not disclosed to practitioners in any other forum.  Terry even uses terms such as the "J" stroke which is a term that was made up by Millennium to describe one of the confidential proprietary techniques that they have developed and teach in their classes.  The term "J" stroke does not have a medical definition and is not a recognized surgical term or technique generally recognized in the dental industry.

24.     In an effort to attempt to disguise DWLAOS as being something other than just another name for LANAP®, Terry tells the audience that the Fotona laser can be used for root surface debridement while the Millennium laser does not have such a setting.  However, this attempted distinction is nothing but a sham.  After describing the ER:YAG lasers capability in this part of the procedure, Terry immediately reverts to his Millennium training and states: "And for me I find that the ultrasonics and hand instruments are probably the best way to go here".  In other words, DWLAOS has no distinction from LANAP® and the confidential propriety techniques that he was taught by Millennium are now, according to Terry and Fotona, new and revolutionary procedures invented by Terry and officially adopted by Fotona.

25.     After giving his Step by Step explanation of the LANAP® protocol and Millennium's specialized surgical practices and procedures to get the best result, Terry goes even further.  Next he presents his "Proof of Concept" entitled "Effectiveness of a Dual Wavelength Laser-Assisted Periodontal Surgical Procedure in Treating Moderate to Advanced Periodontitis Compared to the LANAP® Protocol".

26.     Terry then claims that he performed experiments on 22 patients in his office.  He would do LANAP on one side of the patient's mouth and then do his DWLAOS on the other side of the patient's mouth and then compare the results.

-7-

**SECOND AMENDED COMPLAINT**

27.     Since both LANAP® and DWLAOS are the same procedure it is not surprising that Terry concludes that his DWLAOS is a successful and viable treatment option for moderate to advanced periodontitis but he does conclude that when compared to LANAP® his procedure has less recession in the papilla.

28.     Fotona, its sales representatives, and its employee Terry have targeted existing Millennium customers and used false and misleading advertising and marketing statements and proclamations in an effort to get Millennium customers to switch from using Millennium's lasers and protocols to Fotona lasers. Defendants also have directed false and misleading advertising and marketing to customers and potential customers of Millennium at trade shows, on their websites and through other media. Many of these statements are in the form of false and misleading comparative advertising. A non-exhaustive list of examples of such false and misleading advertising statements appears below:

a.   False and misleading claims that the Fotona LightWalker laser can perform Millennium's proprietary LANAP® protocol;

b.   False and misleading claims that the DWLAOS, TwinLight, and WPT procedures are able to form a "healthy, stable, fibrin clot"; avoid "denaturation of innate healing", create "optimal conditions for healing periodontal tissues"; "prevent infections"; achieve "tissue regeneration," and/or otherwise achieve the same clinical outcomes as the LANAP® protocol, using the Fotona Light Walker laser dental device;

c.   False and misleading claims that the Fotona LightWalker laser can achieve biostimulation;

d.   False and misleading statements comparing Fotona's periodontal training to MDT's periodontal training;

e.   False and misleading statements comparing Fotona's "energy meter" to MDT's energy meter; and

f.   False and misleading statements concerning MDT's pricing, components, and money back guarantee.

-8-

**SECOND AMENDED COMPLAINT**

In addition, Defendants and their agents have used the term "LANAP" to assist in their efforts to market and sell Fotona's products and procedures, in violation of Millennium's registered mark "LANAP®."

**FIRST CAUSE OF ACTION**

**(Breach of Contract as against Defendant Terry)**

29.    Plaintiff incorporates herein by reference paragraphs 1 through 28, inclusive.

30.    Defendant entered into two separate Agreements wherein he agreed that in exchange for Millennium teaching him the LANAP® protocol along with all of the confidential, proprietary clinical steps necessary to obtain the best clinical results that he would agree to not teach the LANAP® protocol or permit or authorize any person other than Licensee to practice the LANAP® protocol, to conduct any research involving the LANAP® protocol except with the prior written consent of Millennium, to demonstrate the LANAP® protocol or disclose the Millennium Materials or the Proprietary Techniques to any other person or for any other purpose other than the Licensee's use on a patient in the Licensee's dental practice.

31.    Terry's April 15, 2016 presentation to the Academy of Laser Dentistry wherein he disclosed confidential proprietary material and clinical techniques taught to him by Millennium is a material breach of the both of the License Agreements.

32.    Terry's admission that he is a paid instructor for Fotona and teaches the confidential proprietary material and clinical techniques to Fotona customers is also a material breach of both License Agreements.

33.    Terry's admission that he has conducted research regarding the LANAP® protocol and the confidential clinical techniques taught to him by Millennium is a third material breach of the License Agreements.

34.    Plaintiff has performed all of the conditions, covenants and promises required to be performed in accordance with the terms of the PerioLase® MVP-7™ Periodontal Package Order Form and both License Agreements.

-9-

**SECOND AMENDED COMPLAINT**

35.     At the time both License Agreements were entered into, their terms were clearly defined with specificity, were fair, just and reasonable as to the Defendant and the consideration to be received by Defendant was adequate.

36.     As a result of Defendant Terry's intentional breach of both License Agreements, Millennium has been damaged by the loss of sales of its PerioLase® MVP-7™ Periodontal Package in an amount to be proven at trial as part of a decree by the court.

37.     Plaintiff also seeks an injunction which would compel the Defendant to immediately cease and desist from any further unauthorized disclosures of Millennium confidential proprietary information and techniques.

## SECOND CAUSE OF ACTION

### (Violation of the Lanham Act, as to All Defendants)

38.     Plaintiffs incorporate herein by this reference paragraphs 1 through 37, inclusive.

39.     Defendants have used, made, approved, and sponsored false and misleading representations of fact, orally and in written commercial advertisements and in other promotional materials, including but not limited to Defendants' claims discussed above, that misrepresent the nature, characteristics, and qualities of the technology, products, pricing and training of Fotona, the clinical outcomes of Fotona's products and procedures, and the technology, products, pricing and training of Millennium. Defendants continue to make such false and misleading statements with specific intent to deceive and mislead potential consumers and consumers of dental lasers. These false and misleading statements violate section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40.     Defendants' false and misleading statements are made intentionally and with the intent of harming Millennium and causing potential and existing Millennium customers to switch from using Millennium's dental lasers to Defendants' technology or dental lasers. Because of Defendants' publication of deliberately false comparative claims, Millennium is entitled to a presumption of actual deception, reliance, and materiality.

-10-

**SECOND AMENDED COMPLAINT**

41.     Defendants' false and misleading statements are material, are likely to influence purchasing decisions by potential consumers, and have deceived or have the capacity to deceive potential consumers and consumers.

42.     Defendants' false and misleading statements, its products, and Millennium's products have been placed in interstate commerce.

43.     Defendants' misappropriation of Millennium's trademarked term "LANAP®" to assist in their sales of Fotona's products and procedures causes of a likelihood of consumer confusion, and deprives Millennium of the fair earnings of its skill, labor and enterprise invested in developing the LANAP® mark.

44.     Millennium has been injured as a result of Defendants' false and misleading statements, in the form of lost sales, lost profits, lost market share, and harm to the goodwill associated with Millennium and its products. Millennium therefore seeks recovery from Defendants of all amounts available under 15 U.S.C. §1117, including without limitation, Defendants' profits, Millennium's damages, the costs of the action, enhanced damages, reasonable attorney's fees, and any additional amount that the Court considers just.

45.     Millennium's name, reputation, and goodwill will be irreparably injured by Defendants' acts unless Defendants are permanently enjoined from continuing such acts by this Court. This harm constitutes an injury for which Millennium has no adequate remedy at law. Additionally, Defendants' false and misleading advertising is injuring the dental laser industry and consuming public. Defendants should therefore be permanently enjoined from engaging in the conduct described above.

**THIRD CAUSE OF ACTION**

**(Unfair Competition, False and Misleading Statements in Violation of California Business and Professions Code § 17500)**

46.     Plaintiff incorporates herein by reference paragraphs 1 through 45 above as though fully set forth hereinafter.

-11-

**SECOND AMENDED COMPLAINT**

47.     Fotona, its sales representatives, and its employee Terry have targeted existing
Millennium customers and used false and misleading advertising and marketing statements and
proclamations in an effort to get Millennium customers to switch from using Millennium's lasers
and protocols to Fotona lasers and the phony DWLAOS protocol.  Defendants also have directed
false and misleading advertising and marketing to customers and potential customers of
Millennium at trade shows, on their websites and through other media. Many of these statements
are in the form of false and misleading comparative advertising.

48.     Defendants' false and misleading advertising and marketing statements are given
high creditability and relied upon by dental practitioners due to Terry's representation that he was
trained by Millennium therefore he has "insider knowledge" that Fotona's laser and protocol is a
better product, protocol and will achieve better clinical results.

### FOURTH CAUSE OF ACTION

**(Unfair Competition, Unlawful, Unfair or Fraudulent Business Practices in Violation of
California Business and Professions Code § 17200)**

49.     Plaintiff incorporates herein by reference paragraphs 1 through 48 above as though
fully set forth hereinafter.

50.     Business and Professions Code §17200 defines, unfair competition as "any
unlawful, unfair or fraudulent business act or practice and unfair, untrue or misleading
advertising".

51.     The Defendants then falsely advertise and misrepresent to Millennium customers
and potential customers that the proprietary protocols owned by Millennium were independently
created by the Defendants and that the Defendants new and revolutionary techniques and
protocols are more effective in treating periodontal disease.  All of which is false, misleading and
unfair.

WHEREFORE, Plaintiff Millennium Dental Technologies, Inc., a California Corporation
seeks a judgment against Defendants Dr. Allen Scott Terry, an individual, Fotona, LLC, a
Wyoming Limited Liability Company and Doe Defendants to be named at a later date, as follows:

-12-

**SECOND AMENDED COMPLAINT**

1.  For (a) Defendants' profits realized by Defendants as a result of their wrongful and unlawful acts as alleged herein; (b) Millennium's damages; (c) enhanced damages pursuant to 15 U.S.C §1117;

2.  For injunctive relief to prevent further unlawful distribution and dissemination of Millennium's confidential information;

3.  For injunctive relief to prevent further unlawful, untrue and false advertising and business practices;

4.  For Plaintiffs' costs, expenses, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) incurred herein; and

5.  For such other and further relief as this Court deems just and proper.

DATED: February 9, 2018            GREENBERG GROSS LLP


                                   _____
                                   Evan C. Borges
                                   Attorneys for Plaintiff,
                                   Millennium Dental Technologies, Inc.

-13-

**SECOND AMENDED COMPLAINT**

EXHIBIT A-5
-110-

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 650 Town Center Drive, Suite 1700, Costa Mesa, CA 92626.

On February 9, 2018, I served true copies of the following document(s) described as **SECOND AMENDED COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY ELECTRONIC SERVICE:**  I served the document(s) on the person listed in the Service List by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 9, 2018, at Costa Mesa, California.

Lisa Uyesugi

-14-
**SECOND AMENDED COMPLAINT**

**SERVICE LIST**

| | |
|---|---|
| Matthew K. Wegner, Esq.<br>Lily Y. Li, Esq.<br>BROWN WEGNER LLP<br>2010 Main Street, Suite 1260<br>Irvine, CA 92614 | **Co-Counsel for Plaintiff,**<br>**MILLENNIUM DENTAL**<br>**TECHNOLOGIES, INC.**<br><br>Telephone: (949) 705-0080<br>Facsimile: (949) 794-4099<br>E-mail: mwegner@brownwegner.com;<br>      lli@brownwegner.com |
| Michael D. Stewart, Esq.<br>Jacqueline G. Luther, Esq.<br>SHEPPARD, MULLIN, RICHTER &<br>HAMPTON LLP<br>650 Town Center Drive, 4th Floor<br>Costa Mesa, CA 92626-1993 | **Attorneys for Defendants,**<br>**DR. ALLEN SCOTT TERRY, D.D.S. and**<br>**FOTONA, LLC**<br><br>Telephone: (714) 513-5100<br>Facsimile: (714) 513-5130<br>E-mail: mstewart@sheppardmullin.com;<br>      jluther@sheppardmullin.com<br>cc:    jsummers@sheppardmullin.com |
| Mark A. Finkelstein, Esq.<br>JONES DAY<br>3161 Michelson Drive, Suite 800<br>Irvine, CA 92612-4408 | **Attorneys for Defendant,**<br>**FOTONA, LLC**<br><br>Telephone: (949) 851-3939<br>Facsimile: (949) 553-7539<br>E-mail: mafinkelstein@jonesday.com |

-15-

**SECOND AMENDED COMPLAINT**

EXHIBIT A-5
-112-

Exhibit "A"

562-860-9286                                                        10:46:32 a.m.    04-01-2014        1/2



**MILLENNIUM DENTAL TECHNOLOGIES, INC.**

**Periolase® MVP-7™**
**Periodontal Package™ Order Form**

| Business Name: | Midwest Periodontics | | Shipping Address (FOB Origin): | |
|---|---|---|---|---|
| Cust. Name: | Alan Terry DDS | | Address: | |
| Address: | 3605 Kiwanis Circle | | | |
| | | | City: | |
| City, State, Zip: | Sioux Falls, SD 57105 | | State, Zip: | |
| Phone: | (605) 335-8830 | Fax: | Cell Phone: | |
| E-Mail: | aaterry6337@yahoo.com | Website: | www.midwestperiodontics.com | |

| *DATE OF PROPOSAL: | 3/31/2014 | EVENT: | | |
|---|---|---|---|---|
| DEP. PAYMENT METHOD (Check One): | ☐ Check   ☐ Credit Card | | MDT REP:   Jim Ruchle   OWNER | |
| CREDIT CARD #: | | TYPE: | | EXP. DATE: |
| BALANCE OF ORDER PAYMENT METHOD (Check One): | ☐ Check | ☐ Financing | ☐ Credit Card | |
| CHOICE OF FINANCING (PLEASE LIST): | | | | |
| BILLING ADDRESS: ☐ Same as shipping address | | | | |
| billing address continued: | | CUSTOMER REFERRED BY: | | |

| ATTENDING DENTIST(S) | SPECIALTY | LOCATION | ****LASER BOOTCAMP® DATE |
|---|---|---|---|
| Alan Terry DDS | Perio | NYC | April 17th-19th, 2014 |
| | | | |
| | | | |

| QUANTITY | ITEM # | DESCRIPTION | UNIT PRICE | EXT PRICE | TOTAL |
|---|---|---|---|---|---|
| 1 | PL1 | PerioLase® MVP-7™ Periodontal Package™ | $109,995.00 | $109,995.00 | $109,995.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Circle laser color    MDT Standard Blue/Grey    Millennium Red    University White    PerioLase Blue

| | | |
|---|---|---|
| IMPORTANT: I agree to the TERMS, CONDITIONS & LICENSE AGREEMENT on the attached/reverse side. | SUB-TOTAL | $109,995.00 |
| Signature & Date: _____ DDS          4/8/14 | Sales Tax | TBD |
| YOUR SIGNATURE CONSTITUTES THIS PROPOSAL AS AN ORDER          *ORDER DATE | Shipping | $550.00 |
| Name and Title (Print): Allan Scott Terry   Periodontist/Owner | TOTAL | $110,545.00 |
| | Less Deposit | |
| | ***BALANCE | $110,545.00 |
| | BALANCE DUE DATE: | |

TERMS :
* THIS PROPOSAL IS VALID FOR 30 DAYS FROM PROPOSAL DATE.
** THE SIGNED ORDER IS VALID FOR 90 DAYS FROM ORDER DATE.
*** BALANCE DUE 30 BUSINESS DAYS BEFORE SCHEDULED LASER BOOTCAMP DATE.
**** POSTPONING THE LASER BOOTCAMP BEYOND 90 DAYS FROM THE LASER BOOTCAMP DATE ABOVE VOIDS THIS ORDER.
**** ORDER CANCELATION LESS THAN 10 WORKING DAYS PRIOR TO SCHEDULED BOOTCAMP SHALL RESULT IN LOSS OF DEPOSIT.
**** A BOOTCAMP DATE CHANGE LESS THAN THREE WEEKS FROM THE 1ST DAY OF BOOTCAMP SHALL RESULT IN A CHANGE FEE.

(Customer initial)
BIM

**PLEASE FAX BOTH PAGES TO 562-860-9286**
10945 South Street, Suite 104-A, Cerritos, CA  90703  U.S.  TEL: 888-495-2737  or  562-860-2908
All purchase contracts are subject to acceptance by Millennium Dental Technologies, Inc.
06-00-001 Rev. Q 3/10/2014                          www.LANAP.com                          Page 1 of 2

MILLENNIUM DENTAL TECHNOLOGIES INC.'S  CONDITIONS & LICENSE AGREEMENT

562-860-9286                                      10:46:47 a.m.     04-01-2014        2/2

Laser ENAP®/ Laser Periodontal Therapy®/ Laser Periodontitis Therapy™/ LPT™/ Laser Assisted New Attachment Procedure/ Laser ANAP/ LANAP® Protocol

A. Payment of deposit secures the selected scheduled training date for Laser BootCamp® training.

B. Order may not be canceled before you speak directly with the sales director, and the territory sales representative completes a two (2) hour in-office kick-off meeting.

C. Balance of the PerioLase® Periodontal Package® purchase price must be received 30 business days prior to the beginning of Laser BootCamp®.

D. Balance payments made by credit card are not subject to the card holder/bank satisfaction guarantee. Card holder accepts that this agreement supersedes any card issuing bank's customer satisfaction guarantee.

E. Any scheduled training canceled by Millennium Dental Technologies, Inc., is rescheduled to customer's choice of alternative training dates.

F. PerioLase® Periodontal Package® delivery will be made to the customer's office as soon after completion of Laser BootCamp® as possible.

G. The purchase of the PerioLase® Periodontal Package® includes a license to use the LANAP® protocols. After requisite training, this license (a copy of which is printed below) is issued and belongs to the doctor receiving the training.

H. Six month Clinical Guarantee: If after taking the LANAP® training course and practicing the LANAP® protocols with the PerioLase® MVP-7™ Laser, and using the Millennium Materials (as defined in the License Agreement) in your personal office for SIX (6) months, you are not able to reproduce the clinical results depicted in the training, upon return of all Millennium Materials and the PerioLase® Periodontal Package® in good working order, Millennium Dental Technologies, Inc. will refund your entire purchase price. This is conditioned upon the following: 1) Purchase made by personal loan, cash, credit cards and Millennium Dental Technologies approved funding sources (other leases and deferred plans are not eligible); 2) Completion of Evolution 4 training; 3) Customers must demonstrate a good faith effort to incorporate LANAP® protocols and integrate the PerioLase® Periodontal Package® into clinical use within their practice, this includes regular communication with MDT customer support and instructors during the first six month period.

---

LICENSE AGREEMENT — IMPORTANT - READ VERY CAREFULLY: THIS IS A LEGAL AGREEMENT BETWEEN YOU (THE "TRAINEE" OR "YOU") AND MILLENNIUM DENTAL TECHNOLOGIES, INC., OF 10945 SOUTH STREET, SUITE 104-A, CERRITOS, CALIFORNIA 90703 ("MILLENNIUM"). IT IS IMPORTANT THAT YOU READ AND AFFIRMATIVELY AGREE TO BE BOUND BY THIS DOCUMENT BEFORE OPENING OR USING THE LANAP® TRAINING MATERIALS, CLINICAL TRAINING PRESENTATIONS, OR CONFIDENTIAL AND PROPRIETARY INFORMATION AND INSTRUCTION ON MILLENNIUM'S PROPRIETARY TECHNIQUES AND PROCEDURES, INCLUDING WITHOUT LIMITATION THE "LASER EXCISIONAL NEW ATTACHMENT PROCEDURE," U.S. PATENT NO. 5,642,997 (COLLECTIVELY, THE "MILLENNIUM MATERIALS"). BY OPENING OR USING THE MILLENNIUM MATERIALS, YOU ACKNOWLEDGE THAT YOU HAVE READ THIS AGREEMENT AND THAT YOU AGREE TO BE BOUND BY ALL OF ITS TERMS. IF YOU DO NOT AGREE TO BE SO BOUND, IMMEDIATELY RETURN ALL MILLENNIUM MATERIALS TO MILLENNIUM UNOPENED AND UNUSED.

1. License Grant: Subject to, and contingent upon, Your successful completion of the Millennium 3-Day Basic Proficiency Training Course, "Laser BootCamp®", Millennium grants to You a LIMITED, NON-EXCLUSIVE, NON-SUBLICENSABLE, PERSONAL license to use the Millennium Materials solely in connection with Your authorized practice of the LANAP® protocols. THIS AGREEMENT GIVES YOU NO OTHER RIGHTS IN OR TO THE MILLENNIUM MATERIALS OR OTHER PROPERTY OF MILLENNIUM, INCLUDING WITHOUT LIMITATION, NO RIGHTS TO (1) teach or permit any other person to use the Millennium Materials or perform the Patented Procedure unless that other person is separately authorized under a current license agreement with Millennium, (2) use the Millennium Materials for any purpose other than the treatment of Your patients, or (3) to use any Millennium advertising materials or trademarks (e.g., "Laser Periodontal Therapy"™, "Laser Periodontitis Therapy"™, "LaserENAP®", "LANAP®", "No Cut-No Sew"™, and the Millennium logo) other than in connection with Your authorized practice of the LANAP® protocols.

2. Term: This Agreement is effective upon the Commencement of Millennium's 3-Day Basic Proficiency Training Course "Laser BootCamp"™, and, unless terminated earlier pursuant to this paragraph 2, shall continue for the term of U.S. Patent No. 5,642,997. The license granted herein is personal to you and shall terminate immediately upon Your death or permanent disability. Furthermore, if You breach any of the terms, conditions or promises under this Agreement and continue in default for a period of thirty (30) days after receiving written notice of such default, Millennium shall have the right at the expiration of the notice period to terminate this Agreement and the licenses granted herein without further notice.

3. FOB Origin – Cerritos, CA USA: Customer (Buyer) shall determine the common carrier for delivery of products to the Buyer location; the Seller will choose a carrier on behalf of the Buyer if no preference is indicated. The Buyer shall be responsible for the payment of shipping, handling and insurance for the product, regardless of who selects the carrier. The Buyer takes title (ownership) of the merchandise at the time the Seller consigns the freight to the common carrier at the Seller's shipping dock. The Buyer retains ownership of the products in transit and at the destination, regardless of who selects the carrier. The Seller prepays the freight and insurance fees as a courtesy to the Buyer and then charges shipping, handling and insurance fees to the Buyer on the invoice. The Buyer is responsible to file any claims against the carrier for damage or loss of product.

4. Return of Materials: Upon termination or expiration of this Agreement, You shall immediately (1) cease using the Millennium Materials, and (2) upon request, return to Millennium all Millennium Materials (regardless of form) then in Your possession or in the possession of any third party to whom such materials were distributed, and You shall certify in writing that all original and copies thereof, regardless of form, have been returned. Sections 5 through 9 shall survive termination of this Agreement. All product returned to the Seller for any reason, including service, repair, replacement or refund, shall have a Seller issued Return Material Authorization (RMA) number marked on the outside of the shipping container. This RMA number will be refused and sent back to the Buyer at the Buyers expense. The Buyer pays for shipping, handling and insurance for all shipments involving returned product unless prior arrangements or written offers obtain otherwise. The Buyer retains title (ownership) of the product during transit, at the destination and during service/repair or evaluation of the claims leading to the issuing of the RMA. The Seller will notify the Buyer, in writing, if and when the Seller takes title to the returned product and the terms of credit to be issued, if applicable. Buyer is responsible to file claims with the Buyers insurance company for damage or loss of product in transit or at the Seller's facility.

5. Confidentiality: You acknowledge and agree that the Millennium Materials are proprietary in nature and contain valuable confidential information developed or acquired by Millennium at great expense. Except as expressly allowed herein, You agree not to disclose Millennium Materials to third parties without the advance written consent of Millennium.

6. No Warranty/Limitation of Remedies: MILLENNIUM MAKES NO WARRANTIES, WHETHER EXPRESS OR IMPLIED, WRITTEN OR ORAL (INCLUDING ANY WARRANTY OF MERCHANTABILITY, NON-INFRINGEMENT, OR FITNESS FOR A PARTICULAR PURPOSE) AS TO THE MILLENNIUM MATERIALS OR THE PATENTED PROCEDURE. TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, MILLENNIUM SHALL NOT BE LIABLE TO YOU OR ANY OTHER PERSON OR ENTITY, INCLUDING WITHOUT LIMITATION YOUR PATIENTS, FOR SPECIAL, INCIDENTAL, INDIRECT OR CONSEQUENTIAL DAMAGES (INCLUDING, BUT NOT LIMITED TO, LOSS OF PROFITS OR LOSS OF USE DAMAGES) ARISING OUT OF THE USE OF THE MILLENNIUM MATERIALS OR THE PATENTED PROCEDURE, EVEN IF MILLENNIUM HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES OR LOSSES AND WHETHER IN AN ACTION FOR OR ARISING OUT OF A BREACH OF CONTRACT, TORT, OR ANY OTHER CAUSE OF ACTION.

7. Indemnity: You assume sole responsibility for Your dental practice and Your use of the Millennium Materials. You agree to indemnify, defend and hold Millennium and its successors, and their respective shareholders, officers, employees and agents, harmless against, and to reimburse them for, all losses (including all liability, penalties, costs, damages, expenses, causes of action, claims, or judgments, including attorneys' fees and costs) arising out of Your treatment of patients and/or Your use of the Millennium Materials.

8. Governing Law: This Agreement shall be governed by the laws of the State of California, U.S.A., exclusive of its choice of law principles. The courts located in and serving Orange County, California shall have exclusive jurisdiction and venue over any dispute arising out of or relating to this Agreement, and You and Millennium hereby consent to such jurisdiction and venue.

9. In General: The failure of any provision of this Agreement by virtue of its being construed as invalid or otherwise unenforceable shall render the entire Agreement cancelable at the option of the party asserting the enforceability of said provision. Failure of a party to enforce any provision of this Agreement shall not constitute or be construed as a waiver of such provision or of the right to enforce such provision. This Agreement contains the parties' entire understanding and may only be modified by a written instrument signed by each party's duly authorized representative.

I have read and agree to Millennium's Terms, Conditions & License Agreement:

(Customer Initial)

Doc. No 04-09-001 Rev. Q 3/24/2014                                                                        Page 2 of 2

Exhibit "B"

# LICENSE AGREEMENT

**IMPORTANT - READ CAREFULLY:** THIS LICENSE AGREEMENT ("AGREEMENT") IS A BINDING LEGAL AGREEMENT BETWEEN MILLENNIUM DENTAL TECHNOLOGIES, INC. ("MILLENNIUM") AND THE INDIVIDUAL BELOW WHO WILL RECEIVE THE LANAP® PROTOCOL TRAINING ("LICENSEE"). BEFORE PARTICIPATING IN ANY OF THE LANAP® PROTOCOL TRAINING TAUGHT BY THE INSTITUTE FOR ADVANCED LASER DENTISTRY ("IALD"), OR OPENING, VIEWING OR USING THE MATERIALS. PRESENTATIONS, AND DOCUMENTS WHICH CONTAIN MILLENNIUM CONFIDENTIAL AND PROPRIETARY INFORMATION, TECHNIQUES, PROCEDURES, TRADE SECRETS AND KNOW-HOW ("MILLENNIUM MATERIALS"), THE INDIVIDUAL BELOW ACKNOWLEDGES THAT S/HE HAS READ, UNDERSTANDS AND EXECUTED THIS AGREEMENT AND AGREES TO BE BOUND BY ALL OF ITS TERMS.

**1. License Grant:** A limited right to use the LANAP® Protocol (as defined below) and the Millennium Materials is granted upon the commencement of and for the duration of the Laser BootCamp® Training Session (Evolutions™ 1-3) to the individual will participate in the Training and has executed this Agreement. Upon successful completion of the Laser BootCamp® Training Session and achievement of Standard Proficiency Certification from IALD, a license to use the LANAP® Protocol and a limited right to use the Millennium Materials is granted to the individual completing the Laser BootCamp ("Licensee"). Licensee acknowledges that Licensee is required to successfully complete all five (5) training sessions ("Evolutions™") of the LANAP® Protocol Continuum™ Training ("Training") , which includes training in the LANAP® Protocol with the PerioLase® MVP-7™ Laser ("Laser"), the only properly configured device that supports the LANAP® Protocol. Evolutions™ 1-3 are taught in the Laser BootCamp® and Evolutions™ 4 and 5 occur at scheduled dates following completion of the Laser BootCamp®. Failure to complete Evolution™ 4 and Evolution™ 5 within six months of the scheduled completion date for each Evolution will result in loss of recognition which can be restored or reinstated upon successful completion of both Evolutions™ 4 and 5.

The Licensee is PERSONAL, NON-SUBLICENSABLE, NON-TRANSFERABLE and NON-EXCLUSIVE. The License is granted only to the individual who has completed the Laser BootCamp®, limited to use by the Licensee only in the Licensee's individual dentistry practice, and limited to use in United States and Canada, unless approved in writing in advance by Millennium.

The License granted to practice the LANAP® Protocol includes the right:
    a. to utilize US patent number 5,642,997 for the life of the patent;
    b. to utilize the proprietary techniques, procedures, information, trade secrets and know-how taught in the LANAP® Protocol Continuum™ Training, which proprietary techniques include the procedures for the elimination of occlusal prematurities and interferences ("Proprietary Techniques").
    c. to use, subject to the terms and conditions set forth herein, certain Millennium trademarks including "LANAP®", "No Cut-No Sew-No Fear™", "Laser Periodontal Therapy," "PerioLase®", "LaserENAP," the Millennium logo and such other marks as Millennium may from time to time authorize in writing ("Millennium Marks") for the purpose of informing the public that Licensee is authorized by Millennium to practice the LANAP® Protocol. Licensee is required to comply with the Trademark Use Standards provided by Millennium.
    d. to retain and use one copy of the Millennium Training, which right is limited to access and use by Licensee only and solely in connection with Licensee's individual practice of the LANAP® Protocol. Licensee acknowledges and agrees that Licensee has no ownership right to the Millennium Materials, and that Licensee will not, and will not permit any other party to, copy, sell, distribute, or translate the Millennium Materials, in whole or in part, or allow any other party to use or view the Millennium Materials (unless such party is separately authorized under a current license agreement with Millennium).

THIS AGREEMENT GIVES LICENSEE NO RIGHTS IN OR TO THE LANAP® PROTOCOL, THE MILLENNIUM MATERIALS, THE MILLENNIUM MARKS, OR OTHER MILLENNIUM PROPERTY

RIGHT EXCEPT AS SPECIFICALLY SET FORTH HEREIN. For example, this License does NOT grant Licensee the right: (i) to teach the LANAP® Protocol or permit or authorize any person other than Licensee to practice the LANAP® Protocol; (ii) to conduct research involving the LANAP® Protocol except with the prior written consent of Millennium; (iii) to demonstrate the LANAP® Protocol or disclose the Millennium Materials or the Proprietary Techniques to any other person or for any purpose other than Licensee's individual use on a patient in Licensee's own dental practice; (iv) to permit any other party to use, view or have access to the Millennium Materials, (unless such person is separately authorized under a current license agreement with Millennium) or for Licensee or any other person to copy, sell, distribute or translate the Millennium Materials; (v) to deconstruct, decompile, reverse engineer, modify or alter the Laser, or (vi) to use the Millennium Marks except as authorized by this Agreement.

**2. Use of Millennium Marks:** The use of the Millennium Marks licensed under this Agreement is subject to the following terms and conditions: (i) Licensee must have successfully completed the Laser BootCamp®; (ii) all uses of the Millennium Marks are consistent with the Millennium Trademark Use Standards; (iii) the proposed use does not disclose any Millennium Confidential Information; and (iv) Licensee is not in violation of any obligation or provision of the License Agreement. As part of Millennium's obligation to assure quality associated with the use of its Marks, Licensee is required to and agrees to maintain records of all uses of the Millennium Marks for a period of five (5) years, and upon request to furnish copies of those records for Millennium review. In the event that Millennium discovers an impermissible use of any Millennium Mark. Licensee agrees to make any changes requested by Millennium and to send out or publish any corrective notices Millennium deems necessary to avoid or correct confusion or incorrect impressions among consumers.

**3. Term:** This Agreement is effective upon the commencement of participation in the Laser BootCamp® by the individual executing this Agreement. The License is granted to Licensee upon Licensee's successful completion of the Laser BootCamp® and achievement of Standard Proficiency Certification. The License, and all rights granted under this Agreement, shall terminate without further notice, upon the occurrence of any of the following: (i) upon the death of Licensee; (ii) at such time as Licensee discontinues or ceases the practice of dentistry; (iii) if Licensee attempts to transfer or assign this License, including any purported assignment or transfer in connection with a sale or other disposition of Licensee's dental practice; (iv) if Licensee alters or modifies the LANAP® Protocol, any of the Proprietary Techniques or if Licensee uses a laser to perform the LANAP® Protocol that has not been authorized by Millennium; (v) if Licensee violate or breach any term, condition or provision of this Agreement; (vi) if the License was granted pursuant to or under any other agreement, at the option of Millennium upon the termination of such agreement; and (vii) immediately upon exercise of the Clinical Guarantee and return of the Equipment.

**4. Return of Materials:** Upon a termination of this Agreement, Licensee shall immediately cease using the LANAP® Protocol and the Millennium Materials and shall return (or if requested by Millennium destroy) all Millennium Material in Licensee's possession or control, and shall certify in writing that all such materials have been either returned or destroyed.

**5. Confidentiality:** Licensee acknowledges and agrees that certain of the Millennium information and materials provided in the LANAP® Training and under this License, including the Proprietary Techniques and certain

EXHIBIT A-5

information in the Millennium Materials. is confidential and proprietary in nature ("Confidential Information"), and developed or acquired by Millennium at great expense. Except as expressly allowed herein, Licensee agrees not to use or disclose to any third party any of the Confidential Information without Millennium's prior written consent.

**6. No Warranty/Limitation of Remedies:** EXCEPT FOR THE LIMITED WARRANTY PROVIDED IN MILLENNIUM'S STANDARD WARRANTY IN CONNECTION WITH THE PURCHASE OF THE LASER, AND/OR ITS ENHANCED AND EXTENDED WARRANTY, MILLENNIUM MAKES NO WARRANTIES, WHETHER EXPRESS OR IMPLIED, WRITTEN OR ORAL (INCLUDING ANY WARRANTY OF MERCHANTABILITY, NON-INFRINGEMENT, OR FITNESS FOR A PARTICULAR PURPOSE) AS TO THE LASER, THE LANAP® PROTOCOL, THE MILLENNIUM MARKS, OR THE MILLENNIUM MATERIALS. TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, MILLENNIUM SHALL NOT BE LIABLE TO LICENSEE OR ANY OTHER PERSON OR ENTITY, INCLUDING WITHOUT LIMITATION LICENSEE'S PATIENTS, FOR ANY LOSS OR DAMAGE, INCLUDING SPECIAL, INCIDENTAL, INDIRECT OR CONSEQUENTIAL DAMAGES (INCLUDING, BUT NOT LIMITED TO, LOSS OF PROFITS OR LOSS OF USE DAMAGES, OR DAMAGES TO REPUTATION) ARISING OUT OF OR IN CONNECTION WITH THE USE OF THE LASER AND RELATED ACCESSORIES, THE LANAP® PROTOCOL, INCLUDING THE PROPRIETARY TECHNIQUES, THE MILLENNIUM MATERIALS OR THE MILLENNIUM MARKS, EVEN IF MILLENNIUM HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES OR LOSSES AND WHETHER IN AN ACTION FOR OR ARISING OUT

OF A BREACH OF CONTRACT, TORT, OR ANY OTHER CAUSE OF ACTION.

**7. Indemnity:** Licensee assumes sole responsibility for Licensee's dental practice and Licensee's use and performance of the LANAP® Protocol and use of the Laser. Licensee agrees to indemnify, defend and hold Millennium, and its affiliates (including IALD), successors, respective shareholders, officers, employees and agents, harmless against, and to reimburse them for, all liabilities and losses (including all penalties, costs, damages, expenses, causes of action, claims, or judgments, including attorneys' fees and costs) arising out of Licensee's treatment of patients and/or use of the LANAP® Protocol, the Laser and any accessories and/or the Millennium Materials.

**8. Governing Law:** This License Agreement shall be governed by the laws of California, exclusive of its choice of law principles. The courts located in Orange County, California shall have exclusive jurisdiction and venue over any dispute arising out of or relating to this Agreement, and Licensee hereby consents to such jurisdiction and venue.

**9. In General:** Sections 5 through 8 shall survive any termination of this Agreement. If any provision of this Agreement is judicially declared to be invalid, unenforceable, void or voidable, such determination will not have the effect of invalidating or voiding the remainder of this Agreement or affect the enforceability or application of such provision to other persons or other jurisdictions or affect any other provision of this Agreement. Failure of a party to enforce any provision of this Agreement shall not constitute or be construed as a waiver of such provision or of the right to enforce such provision. This Agreement may only be modified in a writing signed by both parties.

I HAVE READ THIS LICENSE AGREEMENT AND ACCEPT AND AGREE TO ITS TERMS.

Signature (person participating in the Training)

Alan Scott Terry
Print Name

Executed on this 17 day of 04/2014
(day)         (month/year)

MILLENNIUM DENTAL TECHNOLOGIES, INC.

Signature

Jennifer Iglesias / T.C.
Print Name/Title

REV 5 10/18/2012

I hereby acknowledge that during this Introductory Laser Course, I was informed that:

(1)     The U.S. Food and Drug Administration has cleared PerioLase® lasers to be marketed in the United States for the following:

**Hard Tissue**

- First degree caries removal
- Removal of resin, gutta percha, cements in endodontically treated teeth

**Soft Tissue**

**Laser Assisted New Attachment Procedure™**

**Laser curettage--sulcular debridement** (removal of inflamed, diseased soft tissue in the periodontal pocket) to improve clinical indices including **Gingival Index (GI)** - improving the quality, quantity, and severity of disease; **Gingival Bleeding Index (GBI)** - reduce bleeding from the gums; **Probe Depth (PD)** - reduce the depth of the periodontal pocket; **Attachment Level (AL)** - increase the level of tissue attachment; and **Tooth Mobility (TM)** - lessen loose teeth.

**Other soft tissue uses**:

- \* Gingivectomy
- \* Gingivoplasty
- \* Tissue troughing/retraction for impressions
- \* Soft tissue crown lengthening
- \* Aphthous ulcer treatment
- \* Excisional and incisional biopsies
- \* Frenectomy
- \* Gingival incisions and excisions
- \* Hemostatic assistance

- \* Incising and draining of abscesses
- \* Operculectomy
- \* Oral Papillectomy
- \* Reduction of denture hyperplasia
- \* Reduction of drug-induced gingival hypertrophy
- \* Removal of fibromas
- \* Removal of post-surgical granulations
- \* Second stage recovery of implants
- \* Vestibuloplasty

(2)     Any information relating to other applications is strictly for educational purposes.

Printed name of participant: _Alan Terry_

Signature of participant: _[signature]_

Date of laser course: _4/3/14_

Name of instructor: _Neal Lehrman / Ray Yukna_

*Rev. Nov 03*

EXHIBIT A-5

# EXHIBIT "B"

# **EXHIBIT "B"**

EXHIBIT B
-120-

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | FOR COURT USE ONLY |
|---|---|---|

NAME: Matthew K. Wegner (SBN 223062); Lily Y. Li (SBN 281922)
FIRM NAME: BROWN WEGNER LLP
STREET ADDRESS: 2603 Main Street, Suite 1050
CITY: Irvine          STATE: CA     ZIP CODE: 92614
TELEPHONE NO.: 949.705.0080          FAX NO.:
E-MAIL ADDRESS: mwegner@brownwegner.com; lli@brownwegner.com
ATTORNEY FOR (Name): Plaintiff, MILLENNIUM DENTAL TECHNOLOGIES, INC.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

Plaintiff/Petitioner: MILLENNIUM DENTAL TECHNOLOGIES, INC.
Defendant/Respondent: DR. ALLEN SCOTT TERRY, D.D.S., et al.

| REQUEST FOR DISMISSAL | CASE NUMBER: 30-2016-00880518-CU-BC-CJC |
|---|---|

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice    (2) ☒ Without prejudice
   b. (1) ☐ Complaint          (2) ☐ Petition
      (3) ☐ Cross-complaint filed by (name):                     on (date):
      (4) ☐ Cross-complaint filed by (name):                     on (date):
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☒ Other (specify):* Second Cause of Action (Violation of the California Uniform Trade Secrets Act) stated in the First Amended Complaint ONLY

2. (Complete in all cases except family law cases.)
   The court ☐ did  ☒ did not  waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: November 9, 2017

Matthew K. Wegner                                        ▶ [signature]
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)          (SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☒ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date:

                                                        ▶
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)          (SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross Complainant

(To be completed by clerk)

4. ☐ Dismissal entered as requested on (date):
5. ☐ Dismissal entered on (date):                          as to only (name):
6. ☐ Dismissal **not entered** as requested for the following reasons (specify):

7. a. ☐ Attorney or party without attorney notified on (date):
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
       ☐ a copy to be conformed    ☐ means to return conformed copy

Date:                          Clerk, by _____, Deputy          Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CIV-110 [Rev. Jan. 1, 2013] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.; Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390 www.courts.ca.gov |
|---|---|---|

**CIV-110**

| | |
|---|---|
| Plaintiff/Petitioner:MILLENNIUM DENTAL TECHNOLOGIES, INC.<br>Defendant/Respondent:DR. ALLEN SCOTT TERRY, D.D.S., et al. | CASE NUMBER:<br>30-2016-00880518-CU-BC-CJC |

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

### Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action.  *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court  *(check one):*     Yes     No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

▶

_____                    _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                              (SIGNATURE)

---

**REQUEST FOR DISMISSAL**

**EXHIBIT B**

**PROOF OF ELECTRONIC SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in Orange County, State of California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 2603 Main Street, Suite 1050, Irvine, California 92614. My electronic service address is mgalvez@brownwegner.com.

On November 9, 2017, I served the foregoing document entitled:

**REQUEST FOR DISMISSAL [Second Cause of Action stated in the First Amended Complaint ONLY]**

on the following interested party(ies) in this action:

Michael D. Stewart, Esq.
Jacqueline G. Luther, Esq.
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130
Email(s): mstewart@sheppardmullin.com;
jluther@sheppardmullin.com
cc: jsummers@sheppardmullin.com
[Attorneys for Defendants DR. ALLEN SCOTT
TERRY, D.D.S. and FOTONA, LLC]

Mark A. Finkelstein, Esq.
JONES DAY
3161 Michelson Dr Ste 800
Irvine, CA 92612-4408
Telephone: 949.851.3939
Facsimile: 949.553.7539
Email: mafinkelstein@jonesday.com
[Attorneys for Defendant FOTONA, LLC]

**BY E-SERVICE:**  I effected the electronic service of the document by submitting an electronic version of the document to First Legal, the court's authorized electronic filing service provider, through the user interface at www.firstlegal.com.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this November 9, 2017, at Irvine, California.

_____
Mae Galvez, ACP, CLP

BROWN WEGNER LLP
2603 MAIN STREET, SUITE 1050
IRVINE, CALIFORNIA 92614
TELEPHONE 949.705.0080

30-2016-00880518-CU-BC-CJC

PROOF OF ELECTRONIC SERVICE

EXHIBIT B
-123-

# EXHIBIT "C"

# EXHIBIT "C"

EXHIBIT C
-124-

Case Summary:

| Case Id: | 30-2016-00880518-CU-BC-CJC |
|---|---|
| Case Title: | MILLENNIUM DENTAL TECHNOLOGIES, INC. VS. ALLEN SCOTT TERRY |
| Case Type: | BREACH OF CONTRACT/WARRANTY |
| Filing Date: | 10/11/2016 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 3467025 RECEIVED ON 10/11/2016 11:25:55 AM. | 10/13/2016 | | *NV* | |
| 2 | COMPLAINT FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 10/11/2016 | 10/11/2016 | | 18 pages | ☐ |
| 3 | CIVIL CASE COVER SHEET FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 10/11/2016 | 10/11/2016 | | 1 pages | ☐ |
| 4 | SUMMONS ISSUED AND FILED FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 10/11/2016 | 10/11/2016 | | 1 pages | ☐ |
| 5 | PAYMENT RECEIVED BY NATIONWIDE FOR 194 - COMPLAINT OR OTHER 1ST PAPER IN THE AMOUNT OF 435.00, TRANSACTION NUMBER 12044840 AND RECEIPT NUMBER 11868805. | 10/13/2016 | | 1 pages | ☐ |
| 6 | CASE ASSIGNED TO JUDICIAL OFFICER SHERMAN, RANDALL ON 10/11/2016. | 10/11/2016 | | 1 pages | ☐ |
| 7 | E-FILING TRANSACTION 2503679 RECEIVED ON 10/24/2016 10:38:34 AM. | 10/24/2016 | | *NV* | |
| 8 | PROOF OF SERVICE OF SUMMONS FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 10/24/2016 | 10/24/2016 | | 2 pages | ☐ |
| 9 | E-FILING TRANSACTION 3474805 RECEIVED ON 11/01/2016 12:43:30 PM. | 11/01/2016 | | *NV* | |
| 10 | PROOF OF SERVICE OF SUMMONS FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 11/01/2016 | 11/01/2016 | | 2 pages | ☐ |
| 11 | E-FILING TRANSACTION 2509089 RECEIVED ON 11/14/2016 03:32:23 PM. | 11/14/2016 | | *NV* | |
| 12 | AMENDED COMPLAINT (FIRST) FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 11/14/2016 | 11/14/2016 | | 19 pages | ☐ |
| 13 | E-FILING TRANSACTION 4635794 RECEIVED ON 11/15/2016 03:26:46 PM. | 11/15/2016 | | *NV* | |
| 14 | PROOF OF SERVICE FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 11/15/2016 | 11/15/2016 | | 3 pages | ☐ |
| 15 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 03/03/2017 AT 09:00:00 AM IN C24 AT CENTRAL JUSTICE CENTER. | 12/13/2016 | | 2 pages | ☐ |
| 16 | | 12/20/2016 | | *NV* | |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| | E-FILING TRANSACTION 4651149 RECEIVED ON 12/19/2016 02:17:15 PM. | | | | |
| 17 | NOTICE OF HEARING (OF CASE MANAGEMENT CONFERENCE) FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 12/19/2016 | 12/19/2016 | | 6 pages | ☐ |
| 18 | E-FILING TRANSACTION 3495708 RECEIVED ON 01/04/2017 02:45:09 PM. | 01/05/2017 | | *NV* | |
| 19 | DECLARATION - OTHER FILED BY TERRY, ALLEN SCOTT; FOTONA, LLC ON 01/04/2017 | 01/04/2017 | | 7 pages | ☐ |
| 20 | PAYMENT RECEIVED BY ONELEGAL FOR 195 - ANSWER OR OTHER 1ST PAPER, 195 - ANSWER OR OTHER 1ST PAPER IN THE AMOUNT OF 870.00, TRANSACTION NUMBER 12086466 AND RECEIPT NUMBER 11910434. | 01/05/2017 | | 1 pages | ☐ |
| 21 | E-FILING TRANSACTION 3506978 RECEIVED ON 02/03/2017 11:49:33 AM. | 02/07/2017 | | *NV* | |
| 22 | DEMURRER TO AMENDED COMPLAINT FILED BY TERRY, ALLEN SCOTT; FOTONA, LLC ON 02/03/2017 | 02/03/2017 | | 13 pages | ☐ |
| 23 | PAYMENT RECEIVED BY ONELEGAL FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12103750 AND RECEIPT NUMBER 11927671. | 02/07/2017 | | 1 pages | ☐ |
| 24 | DEMURRER TO AMENDED COMPLAINT SCHEDULED FOR 03/16/2017 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 02/07/2017 | | *NV* | |
| 25 | E-FILING TRANSACTION 4678969 RECEIVED ON 02/15/2017 03:26:43 PM. | 02/15/2017 | | *NV* | |
| 26 | CASE MANAGEMENT STATEMENT FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 02/15/2017 | 02/15/2017 | | 7 pages | ☐ |
| 27 | E-FILING TRANSACTION 3513395 RECEIVED ON 02/21/2017 03:45:42 PM. | 02/21/2017 | | *NV* | |
| 28 | CASE MANAGEMENT STATEMENT FILED BY TERRY, ALLEN SCOTT; FOTONA, LLC ON 02/21/2017 | 02/21/2017 | | 6 pages | ☐ |
| 29 | JURY TRIAL SCHEDULED FOR 10/30/2017 AT 09:00:00 AM IN C24 AT CENTRAL JUSTICE CENTER. | 03/03/2017 | | *NV* | |
| 30 | MANDATORY SETTLEMENT CONFERENCE SCHEDULED FOR 10/05/2017 AT 09:00:00 AM IN C24 AT CENTRAL JUSTICE CENTER. | 03/03/2017 | | *NV* | |
| 31 | THE JURY TRIAL IS SCHEDULED FOR 10/30/2017 AT 09:00 AM IN DEPARTMENT C24. | 03/03/2017 | | *NV* | |
| 32 | THE MANDATORY SETTLEMENT CONFERENCE IS SCHEDULED FOR 10/05/2017 AT 09:00 AM IN DEPARTMENT C24. | 03/03/2017 | | *NV* | |
| 33 | | 03/03/2017 | | 1 pages | ☐ |

EXHIBIT C

-126-

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
|  | MINUTES FINALIZED FOR CASE MANAGEMENT CONFERENCE 03/03/2017 09:00:00 AM. |  |  |  |  |
| 34 | E-FILING TRANSACTION 2535663 RECEIVED ON 03/03/2017 03:39:25 PM. | 03/03/2017 |  | *NV* |  |
| 35 | OPPOSITION FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 03/03/2017 | 03/03/2017 |  | 10 pages | ☐ |
| 36 | E-FILING TRANSACTION 3517991 RECEIVED ON 03/03/2017 05:21:22 PM. | 03/03/2017 |  | *NV* |  |
| 37 | OPPOSITION FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 03/03/2017 | 03/03/2017 |  | 10 pages | ☐ |
| 38 | PAYMENT RECEIVED BY SHEPPARDMULLIN FOR 209 - ADVANCED JURY FEE (NON-REFUNDABLE) IN THE AMOUNT OF 150.00, TRANSACTION NUMBER 12119828 AND RECEIPT NUMBER 11943651. | 03/09/2017 |  | 1 pages | ☐ |
| 39 | E-FILING TRANSACTION 4690533 RECEIVED ON 03/09/2017 03:22:04 PM. | 03/09/2017 |  | *NV* |  |
| 40 | REPLY TO OPPOSITION FILED BY TERRY, ALLEN SCOTT; FOTONA, LLC ON 03/09/2017 | 03/09/2017 |  | 7 pages | ☐ |
| 41 | E-FILING TRANSACTION 2537012 RECEIVED ON 03/09/2017 10:57:26 AM. | 03/10/2017 |  | *NV* |  |
| 42 | NOTICE OF POSTING JURY FEES FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 03/09/2017 | 03/09/2017 |  | 3 pages | ☐ |
| 43 | PAYMENT RECEIVED BY NATIONWIDE FOR 209 - ADVANCED JURY FEE (NON-REFUNDABLE) IN THE AMOUNT OF 150.00, TRANSACTION NUMBER 12120211 AND RECEIPT NUMBER 11944022. | 03/10/2017 |  | 1 pages | ☐ |
| 44 | E-FILING TRANSACTION 3520425 RECEIVED ON 03/10/2017 10:08:53 AM. | 03/10/2017 |  | *NV* |  |
| 45 | NOTICE OF POSTING JURY FEES FILED BY TERRY, ALLEN SCOTT; FOTONA, LLC ON 03/10/2017 | 03/10/2017 |  | 3 pages | ☐ |
| 46 | PAYMENT RECEIVED BY ONELEGAL FOR 209 - ADVANCED JURY FEE (NON-REFUNDABLE) IN THE AMOUNT OF 150.00, TRANSACTION NUMBER 12120405 AND RECEIPT NUMBER 11944216. | 03/10/2017 |  | 1 pages | ☐ |
| 47 | MINUTES FINALIZED FOR DEMURRER TO AMENDED COMPLAINT 03/16/2017 01:30:00 PM. | 03/23/2017 |  | 1 pages | ☐ |
| 48 | E-FILING TRANSACTION 3533320 RECEIVED ON 04/12/2017 04:09:19 PM. | 04/12/2017 |  | *NV* |  |
| 49 | ANSWER TO AMENDED COMPLAINT FILED BY TERRY, ALLEN SCOTT; FOTONA, LLC ON 04/12/2017 | 04/12/2017 |  | 42 pages | ☐ |
| 50 | E-FILING TRANSACTION 2548303 RECEIVED ON 04/19/2017 02:28:43 PM. | 04/24/2017 |  | *NV* |  |
| 51 |  | 04/19/2017 |  | 4 pages | ☐ |

EXHIBIT C
-127-

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| | MOTION TO BE RELIEVED AS COUNSEL OF RECORD FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 04/19/2017 | | | | |
| 52 | DECLARATION IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 04/19/2017 | 04/19/2017 | | 4 pages | ☐ |
| 53 | PAYMENT RECEIVED BY NATIONWIDE FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12144183 AND RECEIPT NUMBER 11967966. | 04/24/2017 | | 1 pages | ☐ |
| 54 | MOTION TO BE RELIEVED AS COUNSEL OF RECORD SCHEDULED FOR 05/18/2017 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 04/24/2017 | | NV | |
| 55 | E-FILING TRANSACTION 3538657 RECEIVED ON 04/26/2017 04:38:15 PM. | 04/27/2017 | | NV | |
| 56 | SUBSTITUTION OF ATTORNEY FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 04/26/2017 | 04/27/2017 | | 3 pages | ☐ |
| 57 | E-FILING TRANSACTION 2550399 RECEIVED ON 04/27/2017 12:13:49 PM. | 04/27/2017 | | NV | |
| 58 | NOTICE OF WITHDRAWAL OF MOTION FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 04/27/2017 | 04/27/2017 | | 4 pages | ☐ |
| 59 | E-FILING TRANSACTION 3538957 RECEIVED ON 04/27/2017 12:27:48 PM. | 04/27/2017 | | NV | |
| 60 | NOTICE OF WITHDRAWAL OF MOTION FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 04/27/2017 | 04/27/2017 | | 4 pages | ☐ |
| 63 | MINUTES FINALIZED FOR CHAMBERS WORK 05/04/2017 03:36:00 PM. | 05/04/2017 | | 1 pages | ☐ |
| 64 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 05/04/2017 | | 2 pages | ☐ |
| 65 | PROPOSED STIPULATION AND ORDER RECEIVED ON 06/05/2017 | 06/05/2017 | | 16 pages | ☐ |
| 66 | E-FILING TRANSACTION 2560458 RECEIVED ON 06/05/2017 01:01:20 PM. | 06/05/2017 | | NV | |
| 67 | PROOF OF ESERVICE FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 06/05/2017 | 06/05/2017 | | 1 pages | ☐ |
| 68 | E-FILING TRANSACTION 2560459 RECEIVED ON 06/05/2017 01:01:22 PM. | 06/15/2017 | | NV | |
| 69 | STIPULATION AND ORDER (RE: CONFIDENTIAL DESIGNATIONS) FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 06/09/2017 | 06/09/2017 | | 16 pages | ☐ |
| 70 | PAYMENT RECEIVED BY FIRSTLEGALNETWORK FOR 37 - STIPULATION AND ORDER IN THE | 06/15/2017 | | 1 pages | ☐ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| | AMOUNT OF 20.00, TRANSACTION NUMBER 12172087 AND RECEIPT NUMBER 11995789. | | | | |
| 71 | PROPOSED ORDER RECEIVED ON 08/01/2017 | 08/01/2017 | | 4 pages | ☐ |
| 72 | E-FILING TRANSACTION 4753458 RECEIVED ON 08/01/2017 03:08:02 PM. | 08/01/2017 | | NV | |
| 73 | EX PARTE APPLICATION - OTHER FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC.; FOTONA, LLC; TERRY, ALLEN SCOTT ON 08/01/2017 | 08/01/2017 | | 5 pages | ☐ |
| 74 | DECLARATION IN SUPPORT FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 08/01/2017 | 08/01/2017 | | 7 pages | ☐ |
| 75 | PAYMENT RECEIVED BY FIRSTLEGALNETWORK FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12196774 AND RECEIPT NUMBER 12020491. | 08/01/2017 | | 1 pages | ☐ |
| 76 | EX PARTE SCHEDULED FOR 08/02/2017 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 08/01/2017 | | NV | |
| 77 | JURY TRIAL SCHEDULED FOR 01/29/2018 AT 09:00:00 AM IN C24 AT CENTRAL JUSTICE CENTER. | 08/02/2017 | | NV | |
| 78 | MANDATORY SETTLEMENT CONFERENCE SCHEDULED FOR 11/30/2017 AT 09:00:00 AM IN C24 AT CENTRAL JUSTICE CENTER. | 08/02/2017 | | NV | |
| 79 | JURY TRIAL CONTINUED TO 01/29/2018 AT 09:00 AM IN THIS DEPARTMENT PURSUANT TO PARTY'S MOTION. | 08/02/2017 | | NV | |
| 80 | MANDATORY SETTLEMENT CONFERENCE CONTINUED TO 11/30/2017 AT 09:00 AM IN THIS DEPARTMENT PURSUANT TO PARTY'S MOTION. | 08/02/2017 | | NV | |
| 81 | MINUTES FINALIZED FOR EX PARTE 08/02/2017 01:30:00 PM. | 08/02/2017 | | 1 pages | ☐ |
| 82 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 08/02/2017 | | 2 pages | ☐ |
| 83 | E-FILING TRANSACTION 2578512 RECEIVED ON 08/01/2017 03:08:04 PM. | 08/07/2017 | | NV | |
| 84 | ORDER - OTHER (TO CONTINUE TRIAL) FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 08/04/2017 | 08/04/2017 | | 4 pages | ☐ |
| 85 | PROPOSED ORDER RECEIVED ON 08/18/2017 | 08/18/2017 | | 1 pages | ☐ |
| 86 | E-FILING TRANSACTION 4759286 RECEIVED ON 08/18/2017 12:18:49 PM. | 08/18/2017 | | NV | |
| 87 | EX PARTE APPLICATION - OTHER FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 08/18/2017 | 08/18/2017 | | 36 pages | ☐ |
| 88 | PAYMENT RECEIVED BY FIRSTLEGALNETWORK FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER | 08/18/2017 | | 1 pages | ☐ |

EXHIBIT C

-129-

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
|  | REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12206460 AND RECEIPT NUMBER 12030180. |  |  |  |  |
| 89 | EX PARTE SCHEDULED FOR 08/21/2017 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 08/18/2017 |  | *NV* |  |
| 90 | E-FILING TRANSACTION 4759678 RECEIVED ON 08/21/2017 10:53:35 AM. | 08/21/2017 |  | *NV* |  |
| 91 | OPPOSITION FILED BY TERRY, ALLEN SCOTT; FOTONA, LLC ON 08/21/2017 | 08/21/2017 |  | 8 pages | ☐ |
| 92 | DECLARATION IN SUPPORT OF OPPOSITION FILED BY TERRY, ALLEN SCOTT; FOTONA, LLC ON 08/21/2017 | 08/21/2017 |  | 65 pages | ☐ |
| 93 | MINUTES FINALIZED FOR EX PARTE 08/21/2017 01:30:00 PM. | 08/21/2017 |  | 1 pages | ☐ |
| 94 | E-FILING TRANSACTION NUMBER 1412142 REJECTED. | 08/28/2017 |  | 1 pages | ☐ |
| 95 | PROPOSED ORDER RECEIVED ON 09/13/2017 | 09/13/2017 |  | 3 pages | ☐ |
| 96 | E-FILING TRANSACTION 1420299 RECEIVED ON 09/13/2017 04:35:19 PM. | 09/14/2017 |  | *NV* |  |
| 97 | MOTION FOR ORDER TO STAY PROCEEDINGS FILED BY TERRY, ALLEN SCOTT; FOTONA, LLC ON 09/13/2017 | 09/13/2017 |  | 32 pages | ☐ |
| 98 | DECLARATION IN SUPPORT FILED BY TERRY, ALLEN SCOTT; FOTONA, LLC ON 09/13/2017 | 09/13/2017 |  | 157 pages | ☐ |
| 99 | REQUEST FOR JUDICIAL NOTICE FILED BY TERRY, ALLEN SCOTT; FOTONA, LLC ON 09/13/2017 | 09/13/2017 |  | 131 pages | ☐ |
| 100 | PROOF OF ESERVICE FILED BY TERRY, ALLEN SCOTT; FOTONA, LLC ON 09/13/2017 | 09/13/2017 |  | 2 pages | ☐ |
| 101 | PAYMENT RECEIVED BY ONELEGAL FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12220309 AND RECEIPT NUMBER 12044013. | 09/14/2017 |  | 1 pages | ☐ |
| 102 | MOTION FOR ORDER TO STAY PROCEEDINGS SCHEDULED FOR 11/02/2017 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 09/14/2017 |  | *NV* |  |
| 103 | PROPOSED ORDER RECEIVED ON 09/15/2017 | 09/15/2017 |  | 2 pages | ☐ |
| 104 | PROPOSED ORDER RECEIVED ON 09/15/2017 | 09/15/2017 |  | 2 pages | ☐ |
| 105 | PROPOSED ORDER RECEIVED ON 09/15/2017 | 09/15/2017 |  | 2 pages | ☐ |
| 106 | PROPOSED ORDER RECEIVED ON 09/15/2017 | 09/15/2017 |  | 3 pages | ☐ |
| 107 | PROPOSED ORDER RECEIVED ON 09/15/2017 | 09/15/2017 |  | 2 pages | ☐ |
| 108 | PROPOSED ORDER RECEIVED ON 09/15/2017 | 09/15/2017 |  | 2 pages | ☐ |
| 109 | PROPOSED ORDER RECEIVED ON 09/15/2017 | 09/15/2017 |  | 2 pages | ☐ |
| 110 | E-FILING TRANSACTION 3587900 RECEIVED ON 09/15/2017 10:10:42 PM. | 09/18/2017 |  | *NV* |  |

EXHIBIT C

-130-

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 111 | DECLARATION IN SUPPORT FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 09/15/2017 | 09/15/2017 | | 71 pages | ☐ |
| 112 | E-FILING TRANSACTION 2593414 RECEIVED ON 09/15/2017 10:14:37 PM. | 09/18/2017 | | *NV* | |
| 113 | DECLARATION IN SUPPORT FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 09/15/2017 | 09/15/2017 | | 437 pages | ☐ |
| 114 | E-FILING TRANSACTION 1422058 RECEIVED ON 09/19/2017 01:10:08 PM. | 09/19/2017 | | *NV* | |
| 115 | PROOF OF SERVICE BY MAIL FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 09/19/2017 | 09/19/2017 | | 3 pages | ☐ |
| 116 | E-FILING TRANSACTION 2594342 RECEIVED ON 09/19/2017 07:12:49 PM. | 09/19/2017 | | *NV* | |
| 117 | OPPOSITION FILED BY TERRY, ALLEN SCOTT; FOTONA, LLC ON 09/19/2017 | 09/19/2017 | | 69 pages | ☐ |
| 118 | REQUEST FOR JUDICIAL NOTICE FILED BY TERRY, ALLEN SCOTT; FOTONA, LLC ON 09/19/2017 | 09/19/2017 | | 37 pages | ☐ |
| 119 | E-FILING TRANSACTION 3588640 RECEIVED ON 09/19/2017 01:43:37 PM. | 09/20/2017 | | *NV* | |
| 120 | EX PARTE APPLICATION - OTHER FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 09/19/2017 | 09/19/2017 | | 23 pages | ☐ |
| 121 | PAYMENT RECEIVED BY FIRSTLEGALNETWORK FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12223037 AND RECEIPT NUMBER 12046738. | 09/20/2017 | | 1 pages | ☐ |
| 122 | EX PARTE SCHEDULED FOR 09/20/2017 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 09/20/2017 | | *NV* | |
| 123 | MINUTES FINALIZED FOR EX PARTE 09/20/2017 01:30:00 PM. | 09/20/2017 | | 1 pages | ☐ |
| 124 | E-FILING TRANSACTION 2593407 RECEIVED ON 09/15/2017 09:36:40 PM. | 09/21/2017 | | *NV* | |
| 125 | MOTION TO COMPEL ANSWERS TO REQUEST FOR ADMISSIONS FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 09/15/2017 | 09/15/2017 | | 17 pages | ☐ |
| 126 | SEPARATE STATEMENT FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 09/15/2017 | 09/15/2017 | | 63 pages | ☐ |
| 127 | PAYMENT RECEIVED BY FIRSTLEGALNETWORK FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12223973 AND RECEIPT NUMBER 12047667. | 09/21/2017 | | 1 pages | ☐ |
| 128 | | 09/21/2017 | | *NV* | |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| | MOTION TO COMPEL RESPONSE TO REQUESTS FOR ADMISSIONS SCHEDULED FOR 11/09/2017 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | | | | |
| 129 | E-FILING TRANSACTION NUMBER 1421307 REJECTED. | 09/21/2017 | | 1 pages | ☐ |
| 130 | E-FILING TRANSACTION NUMBER 1421309 REJECTED. | 09/21/2017 | | 1 pages | ☐ |
| 131 | E-FILING TRANSACTION 4768421 RECEIVED ON 09/15/2017 10:03:13 PM. | 09/21/2017 | | *NV* | |
| 132 | MOTION TO COMPEL ANSWERS TO INTERROGATORIES (NO 1) FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 09/15/2017 | 09/15/2017 | | 12 pages | ☐ |
| 133 | SEPARATE STATEMENT FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 09/15/2017 | 09/15/2017 | | 11 pages | ☐ |
| 134 | PAYMENT RECEIVED BY FIRSTLEGALNETWORK FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12224073 AND RECEIPT NUMBER 12047767. | 09/21/2017 | | 1 pages | ☐ |
| 135 | MOTION TO COMPEL FURTHER RESPONSES TO FORM INTERROGATORIES SCHEDULED FOR 11/09/2017 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 09/21/2017 | | *NV* | |
| 136 | E-FILING TRANSACTION 4768417 RECEIVED ON 09/15/2017 09:42:30 PM. | 09/21/2017 | | *NV* | |
| 137 | MOTION TO COMPEL ANSWERS TO INTERROGATORIES (NO 2) FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 09/15/2017 | 09/15/2017 | | 12 pages | ☐ |
| 138 | SEPARATE STATEMENT FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 09/15/2017 | 09/15/2017 | | 36 pages | ☐ |
| 139 | PAYMENT RECEIVED BY FIRSTLEGALNETWORK FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12224183 AND RECEIPT NUMBER 12047877. | 09/21/2017 | | 1 pages | ☐ |
| 140 | MOTION TO COMPEL FURTHER RESPONSES TO FORM INTERROGATORIES SCHEDULED FOR 11/09/2017 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 09/21/2017 | | *NV* | |
| 141 | E-FILING TRANSACTION 2593410 RECEIVED ON 09/15/2017 09:47:22 PM. | 09/21/2017 | | *NV* | |
| 142 | MOTION TO COMPEL ANSWERS TO INTERROGATORIES (SPECIAL) FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 09/15/2017 | 09/15/2017 | | 17 pages | ☐ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 143 | SEPARATE STATEMENT FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 09/15/2017 | 09/15/2017 | | 70 pages | ☐ |
| 144 | PAYMENT RECEIVED BY FIRSTLEGALNETWORK FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12224241 AND RECEIPT NUMBER 12047935. | 09/21/2017 | | 1 pages | ☐ |
| 145 | MOTION TO COMPEL ANSWERS TO SPECIAL INTERROGATORIES SCHEDULED FOR 11/09/2017 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 09/21/2017 | | *NV* | |
| 146 | E-FILING TRANSACTION 1421308 RECEIVED ON 09/15/2017 09:58:08 PM. | 09/21/2017 | | *NV* | |
| 147 | MOTION TO COMPEL ANSWERS TO REQUEST FOR ADMISSIONS FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 09/15/2017 | 09/15/2017 | | 17 pages | ☐ |
| 148 | SEPARATE STATEMENT FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 09/15/2017 | 09/15/2017 | | 39 pages | ☐ |
| 149 | PAYMENT RECEIVED BY FIRSTLEGALNETWORK FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12224243 AND RECEIPT NUMBER 12047937. | 09/21/2017 | | 1 pages | ☐ |
| 150 | MOTION TO COMPEL RESPONSE TO REQUESTS FOR ADMISSIONS SCHEDULED FOR 11/09/2017 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 09/21/2017 | | *NV* | |
| 151 | E-FILING TRANSACTION 3589491 RECEIVED ON 09/21/2017 10:58:56 AM. | 09/21/2017 | | *NV* | |
| 152 | NOTICE OF CHANGE OF FIRM NAME FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 09/21/2017 | 09/21/2017 | | 3 pages | ☐ |
| 153 | PROPOSED ORDER RECEIVED ON 09/21/2017 | 09/21/2017 | | 3 pages | ☐ |
| 154 | PROPOSED ORDER RECEIVED ON 09/21/2017 | 09/21/2017 | | 2 pages | ☐ |
| 155 | MOTION TO COMPEL PRODUCTION SCHEDULED FOR 11/09/2017 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 09/25/2017 | | *NV* | |
| 156 | MOTION TO COMPEL PRODUCTION SCHEDULED FOR 11/09/2017 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 09/25/2017 | | *NV* | |
| 157 | E-FILING TRANSACTION 2595035 RECEIVED ON 09/21/2017 01:26:50 PM. | 09/28/2017 | | *NV* | |
| 158 | MOTION TO COMPEL PRODUCTION/INSPECTION OF DOCUMENTS OR THINGS FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 09/21/2017 | 09/21/2017 | | 17 pages | ☐ |
| 159 | SEPARATE STATEMENT FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 09/21/2017 | 09/21/2017 | | 7 pages | ☐ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 160 | PAYMENT RECEIVED BY FIRSTLEGALNETWORK FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12227819 AND RECEIPT NUMBER 12051487. | 09/28/2017 | | 1 pages | ☐ |
| 161 | MOTION TO COMPEL PRODUCTION SCHEDULED FOR 11/09/2017 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 09/28/2017 | | *NV* | |
| 162 | E-FILING TRANSACTION 4770121 RECEIVED ON 09/21/2017 01:35:08 PM. | 09/28/2017 | | *NV* | |
| 163 | MOTION TO COMPEL PRODUCTION/INSPECTION OF DOCUMENTS OR THINGS FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 09/21/2017 | 09/21/2017 | | 10 pages | ☐ |
| 164 | PAYMENT RECEIVED BY FIRSTLEGALNETWORK FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12227851 AND RECEIPT NUMBER 12051519. | 09/28/2017 | | 1 pages | ☐ |
| 165 | MOTION TO COMPEL PRODUCTION SCHEDULED FOR 11/16/2017 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 09/28/2017 | | *NV* | |
| 166 | E-FILING TRANSACTION 1425481 RECEIVED ON 09/28/2017 03:19:58 PM. | 09/29/2017 | | *NV* | |
| 167 | NOTICE OF HEARING FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 09/28/2017 | 09/28/2017 | | 524 pages | ☐ |
| 168 | E-FILING TRANSACTION 3593008 RECEIVED ON 10/02/2017 02:23:01 PM. | 10/03/2017 | | *NV* | |
| 169 | ASSOCIATION OF ATTORNEY FILED BY FONTANA, LLC ON 10/02/2017 | 10/02/2017 | | 3 pages | ☐ |
| 170 | E-FILING TRANSACTION 4776946 RECEIVED ON 10/12/2017 12:33:08 PM. | 10/12/2017 | | *NV* | |
| 171 | NOTICE OF WITHDRAWAL OF MOTION FILED BY TERRY, ALLEN SCOTT; FOTONA, LLC ON 10/12/2017 | 10/12/2017 | | 3 pages | ☐ |
| 172 | E-FILING TRANSACTION 1430630 RECEIVED ON 10/13/2017 03:26:50 PM. | 10/16/2017 | | *NV* | |
| 173 | NOTICE OF LODGING FILED BY TERRY, ALLEN SCOTT; FOTONA, LLC ON 10/13/2017 | 10/13/2017 | | *NA* | |
| 174 | PROOF OF SERVICE FILED BY TERRY, ALLEN SCOTT; FOTONA, LLC ON 10/13/2017 | 10/13/2017 | | 3 pages | ☐ |
| 175 | E-FILING TRANSACTION 3597358 RECEIVED ON 10/13/2017 03:17:36 PM. | 10/17/2017 | | *NV* | |
| 176 | MOTION FOR SUMMARY JUDGMENT/ADJUDICATION FILED BY TERRY, ALLEN SCOTT; FOTONA, LLC ON 10/13/2017 | 10/13/2017 | | 4 pages | ☐ |
| 177 | | 10/13/2017 | | 27 pages | ☐ |

EXHIBIT C

-134-

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| | MEMORANDUM OF POINTS AND AUTHORITIES FILED BY TERRY, ALLEN SCOTT; FOTONA, LLC ON 10/13/2017 | | | | |
| 178 | SEPARATE STATEMENT FILED BY TERRY, ALLEN SCOTT; FOTONA, LLC ON 10/13/2017 | 10/13/2017 | | 8 pages | ☐ |
| 179 | EXHIBIT LIST FILED BY TERRY, ALLEN SCOTT; FOTONA, LLC ON 10/13/2017 | 10/13/2017 | | 206 pages | ☐ |
| 180 | PROOF OF SERVICE FILED BY TERRY, ALLEN SCOTT; FOTONA, LLC ON 10/13/2017 | 10/13/2017 | | 3 pages | ☐ |
| 181 | EXHIBIT LIST FILED BY TERRY, ALLEN SCOTT; FOTONA, LLC ON 10/13/2017 | 10/13/2017 | | 256 pages | ☐ |
| 182 | PAYMENT RECEIVED BY ONELEGAL FOR 38 - MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION IN THE AMOUNT OF 500.00, TRANSACTION NUMBER 12237806 AND RECEIPT NUMBER 12061486. | 10/17/2017 | | 1 pages | ☐ |
| 183 | MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION SCHEDULED FOR 12/28/2017 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 10/17/2017 | | *NV* | |
| 184 | E-FILING TRANSACTION 4780463 RECEIVED ON 10/23/2017 06:17:26 PM. | 10/24/2017 | | *NV* | |
| 185 | NOTICE OF LODGING FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 10/23/2017 | 10/23/2017 | | *NA* | |
| 186 | E-FILING TRANSACTION 2605426 RECEIVED ON 10/23/2017 06:03:11 PM. | 10/30/2017 | | *NV* | |
| 187 | MOTION - OTHER (TO SEAL RECORDS) FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 10/23/2017 | 10/23/2017 | | 10 pages | ☐ |
| 188 | DECLARATION IN SUPPORT FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 10/23/2017 | 10/23/2017 | | 102 pages | ☐ |
| 189 | DECLARATION IN SUPPORT FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 10/23/2017 | 10/23/2017 | | 29 pages | ☐ |
| 190 | PROOF OF SERVICE FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 10/23/2017 | 10/23/2017 | | 2 pages | ☐ |
| 191 | PAYMENT RECEIVED BY FIRSTLEGALNETWORK FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12244524 AND RECEIPT NUMBER 12068265. | 10/30/2017 | | 1 pages | ☐ |
| 192 | MOTION - OTHER SCHEDULED FOR 01/11/2018 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 10/30/2017 | | *NV* | |
| 193 | E-FILING TRANSACTION 2607197 RECEIVED ON 10/27/2017 04:37:07 PM. | 10/30/2017 | | *NV* | |
| 194 | OPPOSITION FILED BY TERRY, ALLEN SCOTT; FOTONA, LLC ON 10/27/2017 | 10/27/2017 | | 19 pages | ☐ |

EXHIBIT C

-135-

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 195 | DECLARATION IN SUPPORT OF OPPOSITION FILED BY TERRY, ALLEN SCOTT; FOTONA, LLC ON 10/27/2017 | 10/27/2017 | | 108 pages | ☐ |
| 196 | MOTION TO COMPEL PRODUCTION SCHEDULED FOR 11/16/2017 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 10/30/2017 | | *NV* | |
| 197 | MOTION TO COMPEL FURTHER RESPONSES TO FORM INTERROGATORIES SCHEDULED FOR 11/16/2017 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 10/30/2017 | | *NV* | |
| 198 | MOTION TO COMPEL FURTHER RESPONSES TO FORM INTERROGATORIES SCHEDULED FOR 11/16/2017 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 10/30/2017 | | *NV* | |
| 199 | MOTION TO COMPEL ANSWERS TO SPECIAL INTERROGATORIES SCHEDULED FOR 11/16/2017 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 10/30/2017 | | *NV* | |
| 200 | MOTION TO COMPEL RESPONSE TO REQUESTS FOR ADMISSIONS SCHEDULED FOR 11/16/2017 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 10/30/2017 | | *NV* | |
| 201 | MOTION TO COMPEL RESPONSE TO REQUESTS FOR ADMISSIONS SCHEDULED FOR 11/16/2017 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 10/30/2017 | | *NV* | |
| 202 | MOTION TO COMPEL PRODUCTION SCHEDULED FOR 11/16/2017 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 10/30/2017 | | *NV* | |
| 203 | MOTION TO COMPEL PRODUCTION SCHEDULED FOR 11/16/2017 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 10/30/2017 | | *NV* | |
| 204 | MOTION TO COMPEL PRODUCTION CONTINUED TO 11/16/2017 AT 01:30 PM IN THIS DEPARTMENT PURSUANT TO COURT'S MOTION. | 10/30/2017 | | *NV* | |
| 205 | MOTION TO COMPEL FURTHER RESPONSES TO FORM INTERROGATORIES CONTINUED TO 11/16/2017 AT 01:30 PM IN THIS DEPARTMENT PURSUANT TO COURT'S MOTION. | 10/30/2017 | | *NV* | |
| 206 | MOTION TO COMPEL FURTHER RESPONSES TO FORM INTERROGATORIES CONTINUED TO 11/16/2017 AT 01:30 PM IN THIS DEPARTMENT PURSUANT TO COURT'S MOTION. | 10/30/2017 | | *NV* | |
| 207 | MOTION TO COMPEL ANSWERS TO SPECIAL INTERROGATORIES CONTINUED TO 11/16/2017 AT 01:30 PM IN THIS DEPARTMENT PURSUANT TO COURT'S MOTION. | 10/30/2017 | | *NV* | |
| 208 | | 10/30/2017 | | *NV* | |

EXHIBIT C

-136-

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| | MOTION TO COMPEL RESPONSE TO REQUESTS FOR ADMISSIONS CONTINUED TO 11/16/2017 AT 01:30 PM IN THIS DEPARTMENT PURSUANT TO COURT'S MOTION. | | | | |
| 209 | MOTION TO COMPEL RESPONSE TO REQUESTS FOR ADMISSIONS CONTINUED TO 11/16/2017 AT 01:30 PM IN THIS DEPARTMENT PURSUANT TO COURT'S MOTION. | 10/30/2017 | | *NV* | |
| 210 | MOTION TO COMPEL PRODUCTION CONTINUED TO 11/16/2017 AT 01:30 PM IN THIS DEPARTMENT PURSUANT TO COURT'S MOTION. | 10/30/2017 | | *NV* | |
| 211 | MOTION TO COMPEL PRODUCTION CONTINUED TO 11/16/2017 AT 01:30 PM IN THIS DEPARTMENT PURSUANT TO COURT'S MOTION. | 10/30/2017 | | *NV* | |
| 212 | MINUTES FINALIZED FOR CHAMBERS WORK 10/30/2017 11:57:00 AM. | 10/30/2017 | | 2 pages | ☐ |
| 213 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 10/30/2017 | | 3 pages | ☐ |
| 214 | E-FILING TRANSACTION 1435596 RECEIVED ON 10/30/2017 12:14:53 PM. | 10/30/2017 | | *NV* | |
| 215 | NOTICE OF HEARING FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 10/30/2017 | 10/30/2017 | | 7 pages | ☐ |
| 216 | MINUTES FINALIZED FOR MOTION FOR ORDER TO STAY PROCEEDINGS 11/02/2017 01:30:00 PM. | 11/02/2017 | | 1 pages | ☐ |
| 217 | E-FILING TRANSACTION 1438971 RECEIVED ON 11/08/2017 02:35:11 PM. | 11/08/2017 | | *NV* | |
| 218 | REPLY TO OPPOSITION FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 11/08/2017 | 11/08/2017 | | 11 pages | ☐ |
| 219 | E-FILING TRANSACTION 3606194 RECEIVED ON 11/09/2017 09:11:19 AM. | 11/09/2017 | | *NV* | |
| 220 | REQUEST FOR DISMISSAL (SECOND CAUSE OF ACTION) FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 11/09/2017 | 11/09/2017 | | 3 pages | ☐ |
| 221 | E-FILING TRANSACTION NUMBER 2592440 REJECTED. | 11/13/2017 | | 1 pages | ☐ |
| 222 | MINUTES FINALIZED FOR MULTIPLE EVENTS 11/16/2017 01:30:00 PM. | 11/16/2017 | | 3 pages | ☐ |
| 223 | E-FILING TRANSACTION NUMBER 4770112 REJECTED. | 11/17/2017 | | 1 pages | ☐ |
| 224 | E-FILING TRANSACTION NUMBER 3589650 REJECTED. | 11/17/2017 | | 1 pages | ☐ |
| 225 | PROPOSED ORDER RECEIVED ON 11/20/2017 | 11/20/2017 | | 2 pages | ☐ |
| 226 | E-FILING TRANSACTION 2614308 RECEIVED ON 11/20/2017 02:50:20 PM. | 11/20/2017 | | *NV* | |
| 227 | | 11/20/2017 | | 3 pages | ☐ |

EXHIBIT C

-137-

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| | EX PARTE APPLICATION - OTHER FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 11/20/2017 | | | | |
| 228 | DECLARATION IN SUPPORT FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 11/20/2017 | 11/20/2017 | | 19 pages | ☐ |
| 229 | MEMORANDUM OF POINTS AND AUTHORITIES FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 11/20/2017 | 11/20/2017 | | 6 pages | ☐ |
| 230 | PAYMENT RECEIVED BY FIRSTLEGALNETWORK FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12256050 AND RECEIPT NUMBER 12079782. | 11/20/2017 | | 1 pages | ☐ |
| 231 | EX PARTE SCHEDULED FOR 11/21/2017 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 11/20/2017 | | *NV* | |
| 232 | E-FILING TRANSACTION NUMBER 2612151 REJECTED. | 11/21/2017 | | 1 pages | ☐ |
| 233 | E-FILING TRANSACTION 2614591 RECEIVED ON 11/21/2017 10:38:50 AM. | 11/21/2017 | | *NV* | |
| 234 | OPPOSITION FILED BY TERRY, D.D.S., DR. ALLEN SCOTT; FOTONA, LLC ON 11/21/2017 | 11/21/2017 | | 6 pages | ☐ |
| 235 | DECLARATION IN SUPPORT OF OPPOSITION FILED BY TERRY, D.D.S., DR. ALLEN SCOTT; FOTONA, LLC ON 11/21/2017 | 11/21/2017 | | 24 pages | ☐ |
| 236 | DECLARATION IN SUPPORT OF OPPOSITION FILED BY TERRY, D.D.S., DR. ALLEN SCOTT; FOTONA, LLC ON 11/21/2017 | 11/21/2017 | | 13 pages | ☐ |
| 237 | JURY TRIAL SCHEDULED FOR 04/30/2018 AT 09:00:00 AM IN C24 AT CENTRAL JUSTICE CENTER. | 11/21/2017 | | *NV* | |
| 238 | MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION SCHEDULED FOR 03/22/2018 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 11/21/2017 | | *NV* | |
| 239 | MANDATORY SETTLEMENT CONFERENCE SCHEDULED FOR 03/15/2018 AT 09:00:00 AM IN C24 AT CENTRAL JUSTICE CENTER. | 11/21/2017 | | *NV* | |
| 240 | JURY TRIAL CONTINUED TO 04/30/2018 AT 09:00 AM IN THIS DEPARTMENT PURSUANT TO PARTY'S MOTION. | 11/21/2017 | | *NV* | |
| 241 | MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION CONTINUED TO 03/22/2018 AT 01:30 PM IN THIS DEPARTMENT PURSUANT TO PARTY'S MOTION. | 11/21/2017 | | *NV* | |
| 242 | MANDATORY SETTLEMENT CONFERENCE CONTINUED TO 03/15/2018 AT 09:00 AM IN THIS DEPARTMENT PURSUANT TO PARTY'S MOTION. | 11/21/2017 | | *NV* | |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|-----|--------|-------------|--------------|----------|--------|
| 243 | MINUTES FINALIZED FOR EX PARTE 11/21/2017 01:30:00 PM. | 11/21/2017 | | 1 pages | ☐ |
| 244 | E-FILING TRANSACTION 2614587 RECEIVED ON 11/21/2017 10:34:18 AM. | 11/27/2017 | | NV | |
| 245 | APPLICATION - OTHER FILED BY FOTONA, LLC ON 11/21/2017 | 11/21/2017 | | 2 pages | ☐ |
| 247 | PAYMENT RECEIVED BY ONELEGAL FOR 142 - COMMISSION - OUT OF STATE DEPOSITION - ISSUED IN THE AMOUNT OF 30.00, TRANSACTION NUMBER 12257968 AND RECEIPT NUMBER 12081688. | 11/27/2017 | | 1 pages | |
| 249 | DOCUMENT - OTHER (COMMISSION ISSUED ON 11/27/2017) RECEIVED ON 11/21/2017. | 11/21/2017 | | 15 pages | ☐ |
| 250 | E-FILING TRANSACTION NUMBER 3587898 REJECTED. | 11/28/2017 | | 1 pages | ☐ |
| 251 | E-FILING TRANSACTION NUMBER 4768418 REJECTED. | 11/28/2017 | | 1 pages | ☐ |
| 252 | E-FILING TRANSACTION NUMBER 3587899 REJECTED. | 11/28/2017 | | 1 pages | ☐ |
| 253 | E-FILING TRANSACTION NUMBER 4768419 REJECTED. | 11/28/2017 | | 1 pages | ☐ |
| 254 | E-FILING TRANSACTION NUMBER 2593412 REJECTED. | 11/28/2017 | | 1 pages | ☐ |
| 255 | E-FILING TRANSACTION NUMBER 3587897 REJECTED. | 11/28/2017 | | 1 pages | ☐ |
| 256 | E-FILING TRANSACTION NUMBER 2593413 REJECTED. | 11/29/2017 | | 1 pages | ☐ |
| 257 | E-FILING TRANSACTION 4789366 RECEIVED ON 11/20/2017 02:50:20 PM. | 12/11/2017 | | NV | |
| 258 | ORDER - OTHER FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 11/30/2017 | 11/30/2017 | | 2 pages | ☐ |
| 259 | CASE REASSIGNED TO THOMAS DELANEY EFFECTIVE 01/02/2018. | 12/15/2017 | | 2 pages | ☐ |
| 260 | E-FILING TRANSACTION 3618134 RECEIVED ON 12/18/2017 01:37:04 PM. | 12/18/2017 | | NV | |
| 261 | NOTICE OF WITHDRAWAL OF MOTION FILED BY TERRY, D.D.S., DR. ALLEN SCOTT; FOTONA, LLC ON 12/18/2017 | 12/18/2017 | | 3 pages | ☐ |
| 264 | MINUTES FINALIZED FOR CHAMBERS WORK 12/21/2017 11:43:00 AM. | 12/21/2017 | | 1 pages | ☐ |
| 265 | E-FILING TRANSACTION 4798867 RECEIVED ON 12/21/2017 03:14:19 PM. | 12/21/2017 | | NV | |
| 266 | MOTION TO COMPEL PRODUCTION/INSPECTION OF DOCUMENTS OR THINGS FILED BY FOTONA, LLC ON 12/21/2017 | 12/21/2017 | | 203 pages | ☐ |
| 267 | | 12/21/2017 | | 11 pages | |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| | SEPARATE STATEMENT FILED BY FOTONA, LLC ON 12/21/2017 | | | | ☐ |
| 268 | PROOF OF SERVICE FILED BY FOTONA, LLC ON 12/21/2017 | 12/21/2017 | | 3 pages | ☐ |
| 269 | PAYMENT RECEIVED BY ONELEGAL FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12272123 AND RECEIPT NUMBER 12095852. | 12/21/2017 | | 1 pages | |
| 270 | MOTION TO COMPEL PRODUCTION SCHEDULED FOR 02/01/2018 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 12/21/2017 | | *NV* | |
| 271 | PROPOSED ORDER RECEIVED ON 12/28/2017 | 12/28/2017 | | 2 pages | ☐ |
| 272 | E-FILING TRANSACTION 2625814 RECEIVED ON 12/29/2017 03:43:31 PM. | 12/29/2017 | | *NV* | |
| 273 | OPPOSITION FILED BY TERRY, D.D.S., DR. ALLEN SCOTT; FOTONA, LLC ON 12/29/2017 | 12/29/2017 | | 15 pages | ☐ |
| 274 | DECLARATION IN SUPPORT OF OPPOSITION FILED BY TERRY, D.D.S., DR. ALLEN SCOTT; FOTONA, LLC ON 12/29/2017 | 12/29/2017 | | 38 pages | ☐ |
| 275 | PROOF OF ESERVICE FILED BY TERRY, D.D.S., DR. ALLEN SCOTT; FOTONA, LLC ON 12/29/2017 | 12/29/2017 | | 3 pages | ☐ |
| 276 | MOTION - OTHER REASSIGNED TO C24 AT CENTRAL JUSTICE CENTER ON 01/11/2018 AT 01:30:00 PM. | 01/02/2018 | | *NV* | |
| 277 | MOTION TO COMPEL PRODUCTION REASSIGNED TO C24 AT CENTRAL JUSTICE CENTER ON 02/01/2018 AT 01:30:00 PM. | 01/02/2018 | | *NV* | |
| 278 | MANDATORY SETTLEMENT CONFERENCE REASSIGNED TO C24 AT CENTRAL JUSTICE CENTER ON 03/15/2018 AT 09:00:00 AM. | 01/02/2018 | | *NV* | |
| 279 | JURY TRIAL REASSIGNED TO C24 AT CENTRAL JUSTICE CENTER ON 04/30/2018 AT 09:00:00 AM. | 01/02/2018 | | *NV* | |
| 280 | E-FILING TRANSACTION 3621044 RECEIVED ON 12/28/2017 03:31:25 PM. | 01/03/2018 | | *NV* | |
| 281 | MOTION FOR ATTORNEY FEES FILED BY TERRY, D.D.S., DR. ALLEN SCOTT; FOTONA, LLC ON 12/28/2017 | 12/28/2017 | | 28 pages | ☐ |
| 282 | DECLARATION IN SUPPORT FILED BY TERRY, D.D.S., DR. ALLEN SCOTT; FOTONA, LLC ON 12/28/2017 | 12/28/2017 | | 5 pages | ☐ |
| 283 | DECLARATION IN SUPPORT FILED BY TERRY, D.D.S., DR. ALLEN SCOTT; FOTONA, LLC ON 12/28/2017 | 12/28/2017 | | 16 pages | ☐ |
| 284 | DECLARATION IN SUPPORT FILED BY TERRY, D.D.S., DR. ALLEN SCOTT; FOTONA, LLC ON 12/28/2017 | 12/28/2017 | | 320 pages | ☐ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 285 | PROOF OF ESERVICE FILED BY TERRY, D.D.S., DR. ALLEN SCOTT; FOTONA, LLC ON 12/28/2017 | 12/28/2017 | | 3 pages | ☐ |
| 286 | PAYMENT RECEIVED BY ONELEGAL FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12275882 AND RECEIPT NUMBER 12099622. | 01/03/2018 | | 1 pages | ☐ |
| 287 | MOTION FOR ATTORNEY FEES SCHEDULED FOR 02/08/2018 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 01/03/2018 | | NV | |
| 288 | E-FILING TRANSACTION 2626397 RECEIVED ON 01/03/2018 11:11:31 AM. | 01/03/2018 | | NV | |
| 289 | DECLARATION IN SUPPORT FILED BY TERRY, D.D.S., DR. ALLEN SCOTT; FOTONA, LLC ON 01/03/2018 | 01/03/2018 | | 313 pages | ☐ |
| 290 | E-FILING TRANSACTION 2627201 RECEIVED ON 01/04/2018 07:06:00 PM. | 01/04/2018 | | NV | |
| 291 | REPLY TO OPPOSITION FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 01/04/2018 | 01/04/2018 | | 7 pages | ☐ |
| 292 | DECLARATION IN SUPPORT FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 01/04/2018 | 01/04/2018 | | 14 pages | ☐ |
| 293 | E-FILING TRANSACTION 3622260 RECEIVED ON 01/03/2018 04:05:06 PM. | 01/05/2018 | | NV | |
| 294 | NOTICE OF CHANGE OF ADDRESS AND/OR TELEPHONE FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 01/03/2018 | 01/03/2018 | | 3 pages | ☐ |
| 295 | PROPOSED ORDER RECEIVED ON 01/05/2018 | 01/05/2018 | | 2 pages | ☐ |
| 296 | E-FILING TRANSACTION 4802473 RECEIVED ON 01/05/2018 04:11:45 PM. | 01/10/2018 | | NV | |
| 297 | MOTION FOR LEAVE TO AMEND FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 01/05/2018 | 01/05/2018 | | 8 pages | ☐ |
| 298 | DECLARATION IN SUPPORT FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 01/05/2018 | 01/05/2018 | | 11 pages | ☐ |
| 299 | PAYMENT RECEIVED BY FIRSTLEGALNETWORK FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12279588 AND RECEIPT NUMBER 12103328. | 01/10/2018 | | 1 pages | ☐ |
| 300 | MOTION FOR LEAVE TO FILE AMENDED COMPLAINT SCHEDULED FOR 02/01/2018 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 01/10/2018 | | NV | |
| 301 | THE COURT TAKES THIS MATTER UNDER SUBMISSION. | 01/11/2018 | | NV | |
| 302 | MINUTES FINALIZED FOR MOTION - OTHER 01/11/2018 01:30:00 PM. | 01/11/2018 | | 1 pages | ☐ |

EXHIBIT C

-141-

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 303 | ORDER APPOINTING COURT REPORTER PRO TEM FILED BY FOTONA, LLC; TERRY, D.D.S., DR. ALLEN SCOTT ON 01/11/2018 | 01/11/2018 | | 2 pages | ☐ |
| 304 | MINUTES FINALIZED FOR UNDER SUBMISSION RULING 01/12/2018 01:47:00 PM. | 01/12/2018 | | 2 pages | |
| 305 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 01/12/2018 | | 3 pages | |
| 306 | E-FILING TRANSACTION 2631689 RECEIVED ON 01/18/2018 05:55:47 PM. | 01/19/2018 | | *NV* | |
| 307 | ASSOCIATION OF ATTORNEY FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 01/18/2018 | 01/18/2018 | | 4 pages | ☐ |
| 308 | E-FILING TRANSACTION 1460438 RECEIVED ON 01/19/2018 03:22:11 PM. | 01/19/2018 | | *NV* | |
| 309 | OPPOSITION FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 01/19/2018 | 01/19/2018 | | 8 pages | ☐ |
| 310 | DECLARATION IN SUPPORT OF OPPOSITION FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 01/19/2018 | 01/19/2018 | | 91 pages | |
| 311 | DECLARATION IN SUPPORT OF OPPOSITION FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 01/19/2018 | 01/19/2018 | | 19 pages | |
| 312 | SEPARATE STATEMENT FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 01/19/2018 | 01/19/2018 | | 14 pages | |
| 313 | E-FILING TRANSACTION 3627866 RECEIVED ON 01/19/2018 03:43:34 PM. | 01/19/2018 | | *NV* | |
| 314 | OPPOSITION FILED BY TERRY, D.D.S., DR. ALLEN SCOTT; FOTONA, LLC ON 01/19/2018 | 01/19/2018 | | 9 pages | |
| 315 | DECLARATION IN SUPPORT OF OPPOSITION FILED BY TERRY, D.D.S., DR. ALLEN SCOTT; FOTONA, LLC ON 01/19/2018 | 01/19/2018 | | 19 pages | |
| 316 | MANDATORY SETTLEMENT CONFERENCE SCHEDULED FOR 03/16/2018 AT 08:30:00 AM IN C24 AT CENTRAL JUSTICE CENTER. | 01/22/2018 | | *NV* | |
| 317 | MANDATORY SETTLEMENT CONFERENCE CONTINUED TO 03/16/2018 AT 08:30 AM IN THIS DEPARTMENT PURSUANT TO COURT'S MOTION. | 01/22/2018 | | *NV* | |
| 318 | MINUTES FINALIZED FOR CHAMBERS WORK 01/22/2018 04:22:00 PM. | 01/22/2018 | | 1 pages | |
| 319 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 01/22/2018 | | 2 pages | |
| 320 | E-FILING TRANSACTION 2634092 RECEIVED ON 01/25/2018 02:38:14 PM. | 01/25/2018 | | *NV* | |
| 321 | REPLY - OTHER FILED BY FOTONA, LLC ON 01/25/2018 | 01/25/2018 | | 37 pages | ☐ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 322 | E-FILING TRANSACTION 3629996 RECEIVED ON 01/25/2018 08:24:03 PM. | 01/25/2018 | | *NV* | |
| 323 | REPLY - OTHER FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 01/25/2018 | 01/25/2018 | | 12 pages | ☐ |
| 324 | DECLARATION IN SUPPORT OF REPLY FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 01/25/2018 | 01/25/2018 | | 50 pages | |
| 325 | E-FILING TRANSACTION 3630530 RECEIVED ON 01/26/2018 11:26:44 PM. | 01/26/2018 | | *NV* | |
| 326 | OPPOSITION FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC.; MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 01/26/2018 | 01/26/2018 | | 21 pages | ☐ |
| 327 | REQUEST FOR JUDICIAL NOTICE FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC.; MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 01/26/2018 | 01/26/2018 | | 7 pages | ☐ |
| 328 | PROPOSED ORDER RECEIVED ON 01/28/2018 | 01/28/2018 | | 4 pages | ☐ |
| 329 | E-FILING TRANSACTION 4809669 RECEIVED ON 01/26/2018 11:52:10 PM. | 01/29/2018 | | *NV* | |
| 330 | DECLARATION IN SUPPORT OF OPPOSITION FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC.; MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 01/26/2018 | 01/26/2018 | | 25 pages | ☐ |
| 331 | DECLARATION IN SUPPORT OF OPPOSITION FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC.; MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 01/26/2018 | 01/26/2018 | | 109 pages | ☐ |
| 332 | DECLARATION IN SUPPORT OF OPPOSITION FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC.; MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 01/26/2018 | 01/26/2018 | | 21 pages | ☐ |
| 333 | DECLARATION IN SUPPORT OF OPPOSITION FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC.; MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 01/26/2018 | 01/26/2018 | | 22 pages | ☐ |
| 334 | E-FILING TRANSACTION 4809672 RECEIVED ON 01/27/2018 12:52:01 AM. | 01/30/2018 | | *NV* | |
| 335 | NOTICE OF LODGING FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 01/29/2018 | 01/29/2018 | | *NA* | |
| 336 | E-FILING TRANSACTION 2634789 RECEIVED ON 01/27/2018 12:44:57 AM. | 01/30/2018 | | *NV* | |
| 337 | APPLICATION - OTHER (RE: SEALING RECORDS) FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 01/29/2018 | 01/29/2018 | | 141 pages | ☐ |
| 338 | | 01/30/2018 | | 1 pages | ☐ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| | PAYMENT RECEIVED BY ONELEGAL FOR 37 - REQUESTS NOT REQUIRING A HEARING: CONTINUANCE OF HEARING OR CASE MANAGEMENT CONFERENCE; STIPULATION AND ORDER; SERVICE BY POSTING OR PUBLICATION IN THE AMOUNT OF 20.00, TRANSACTION NUMBER 12291061 AND RECEIPT NUMBER 12114793. | | | | |
| 339 | MINUTES FINALIZED FOR MULTIPLE EVENTS 02/01/2018 01:30:00 PM. | 02/01/2018 | | 2 pages | ☐ |
| 340 | E-FILING TRANSACTION 4811458 RECEIVED ON 02/01/2018 02:05:05 PM. | 02/01/2018 | | *NV* | |
| 341 | NOTICE OF RULING FILED BY TERRY, D.D.S., DR. ALLEN SCOTT; FOTONA, LLC ON 02/01/2018 | 02/01/2018 | | 4 pages | ☐ |
| 342 | E-FILING TRANSACTION 1465015 RECEIVED ON 02/01/2018 04:09:03 PM. | 02/01/2018 | | *NV* | |
| 343 | NOTICE OF RULING FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC.; MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 02/01/2018 | 02/01/2018 | | 7 pages | ☐ |
| 344 | E-FILING TRANSACTION 4811638 RECEIVED ON 02/01/2018 05:01:22 PM. | 02/01/2018 | | *NV* | |
| 345 | REPLY - OTHER FILED BY TERRY, D.D.S., DR. ALLEN SCOTT; FOTONA, LLC ON 02/01/2018 | 02/01/2018 | | 15 pages | ☐ |
| 346 | DECLARATION IN SUPPORT OF REPLY FILED BY TERRY, D.D.S., DR. ALLEN SCOTT; FOTONA, LLC ON 02/01/2018 | 02/01/2018 | | 36 pages | ☐ |
| 347 | E-FILING TRANSACTION NUMBER 2627594 REJECTED. | 02/02/2018 | | 1 pages | ☐ |
| 348 | E-FILING TRANSACTION 1467122 RECEIVED ON 02/08/2018 11:48:47 AM. | 02/08/2018 | | *NV* | |
| 349 | NOTICE OF LODGING (SUPPLEMENTAL) FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 02/08/2018 | 02/08/2018 | | *NA* | |
| 350 | SUPPLEMENTAL (DECLARATION IN SUPPORT) FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 02/08/2018 | 02/08/2018 | | 12 pages | ☐ |
| 351 | THE COURT TAKES THIS MATTER UNDER SUBMISSION. | 02/08/2018 | | *NV* | |
| 352 | MINUTES FINALIZED FOR MOTION FOR ATTORNEY FEES 02/08/2018 01:30:00 PM. | 02/08/2018 | | 1 pages | |
| 353 | E-FILING TRANSACTION 4814425 RECEIVED ON 02/09/2018 05:49:20 PM. | 02/13/2018 | | *NV* | |
| 354 | AMENDED COMPLAINT (SECOND) FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC.; MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 02/09/2018 | 02/09/2018 | | 22 pages | ☐ |

EXHIBIT C

-144-

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|-----|--------|-------------|--------------|----------|--------|
| 355 | MINUTES FINALIZED FOR UNDER SUBMISSION RULING 02/16/2018 11:02:00 AM. | 02/16/2018 | | 5 pages | ☐ |
| 356 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 02/16/2018 | | 6 pages | ☐ |
| 357 | E-FILING TRANSACTION NUMBER 4800320 REJECTED. | 02/21/2018 | | 1 pages | ☐ |
| 358 | E-FILING TRANSACTION 1472243 RECEIVED ON 02/23/2018 04:55:47 PM. | 02/26/2018 | | *NV* | |
| 359 | MOTION TO COMPEL PRODUCTION/INSPECTION OF DOCUMENTS OR THINGS FILED BY FOTONA, LLC ON 02/23/2018 | 02/23/2018 | | 15 pages | ☐ |
| 360 | DECLARATION IN SUPPORT FILED BY FOTONA, LLC ON 02/23/2018 | 02/23/2018 | | 187 pages | ☐ |
| 361 | SEPARATE STATEMENT FILED BY FOTONA, LLC ON 02/23/2018 | 02/23/2018 | | 22 pages | ☐ |
| 362 | PAYMENT RECEIVED BY ONELEGAL FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12305340 AND RECEIPT NUMBER 12129080. | 02/26/2018 | | 1 pages | ☐ |
| 363 | MOTION TO COMPEL PRODUCTION SCHEDULED FOR 05/17/2018 AT 01:30:00 PM IN C24 AT CENTRAL JUSTICE CENTER. | 02/26/2018 | | *NV* | |
| 364 | MOTION TO COMPEL PRODUCTION SCHEDULED FOR 05/18/2018 AT 09:00:00 AM IN C24 AT CENTRAL JUSTICE CENTER. | 02/28/2018 | | *NV* | |
| 365 | MOTION TO COMPEL PRODUCTION CONTINUED TO 05/18/2018 AT 09:00 AM IN THIS DEPARTMENT PURSUANT TO COURT'S MOTION. | 02/28/2018 | | *NV* | |
| 366 | MINUTES FINALIZED FOR CHAMBERS WORK 02/28/2018 07:36:00 AM. | 02/28/2018 | | 1 pages | ☐ |
| 367 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 02/28/2018 | | 2 pages | ☐ |
| 368 | E-FILING TRANSACTION 3640808 RECEIVED ON 02/27/2018 02:48:31 PM. | 02/28/2018 | | *NV* | |
| 369 | SUBSTITUTION OF ATTORNEY FILED BY MILLENNIUM DENTAL TECHNOLOGIES, INC. ON 02/27/2018 | 02/27/2018 | | 3 pages | ☐ |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|------|------|-------|------------|----------|
| GREENBERG GROSS LLP | ATTORNEY | | 01/19/2018 | |
| MILLENNIUM DENTAL TECHNOLOGIES, INC. | PLAINTIFF | | 10/13/2016 | |
| BROWN WEGNER MCNAMARA LLP | ATTORNEY | | 04/27/2017 | |
| BROWN WEGNER LLP | ATTORNEY | | 09/21/2017 | |
| JONES DAY | ATTORNEY | | 10/03/2017 | |

EXHIBIT C

-145-

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| SHEPPARD, MULLIN, RICHTER & HAMPTON LL | ATTORNEY | | 01/04/2017 | |
| FOTONA, LLC | DEFENDANT | | 10/13/2016 | |
| FOTONA, LLC | DEFENDANT | | 11/14/2016 | |
| DR. ALLEN SCOTT TERRY, D.D.S. | DEFENDANT | | 10/13/2016 | |
| THE LAW OFFICE OF PATRICK D. FLANNERY | ATTORNEY | | 10/13/2016 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|
| MOTION TO COMPEL PRODUCTION | 05/18/2018 | 09:00 | C24 | DELANEY |
| JURY TRIAL | 04/30/2018 | 09:00 | C24 | DELANEY |
| MANDATORY SETTLEMENT CONFERENCE | 03/16/2018 | 08:30 | C24 | DELANEY |

Print this page