WAYNE R. GROSS, State Bar No. 138828
  *wgross@GGTrialLaw.com*
EVAN C. BORGES, State Bar No. 128706
  *eborges@GGTrialLaw.com*
JOSHUA M. ROBBINS, State Bar No. 270553
  *jrobbins@ggtriallaw.com*
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

Attorneys for Plaintiff MILLENNIUM
DENTAL TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MILLENNIUM DENTAL TECHNOLOGIES, INC., a California Corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. ALLEN SCOTT TERRY, D.D.S., an individual; FOTONA, LLC, a Wyoming Limited Liability Company; and DOES 1 through 10, inclusive,,<br><br>　　　　Defendants. | Case No. 8:18-cv-00348 DOC-KES<br><br>Assigned for All Purposes to Hon. David O. Carter<br><br>**OPPOSITION OF PLAINTIFF MILLENNIUM DENTAL TECHNOLOGIES, INC. TO MOTION OF DEFENDANT DR. ALAN SCOTT TERRY, D.D.S. TO DISMISS THIRD AMENDED COMPLAINT**<br><br>*[Filed Concurrently with Request for Judicial Notice in Support of Plaintiff's Opposition to Motion to Dismiss]*<br><br>Date:　　June 11, 2018<br>Time:　　8:30 a.m.<br>Crtrm.:　9D, 9th Floor |

# TABLE OF CONTENTS

I.  INTRODUCTION ....................................................................................... 1

II.  ARGUMENT ............................................................................................. 3

   A.  Legal Standard ................................................................................ 3

   B.  Millennium Has Properly Stated a Claim Under the Lanham Act and California's Unfair Competition Law. ............................................. 4

   C.  Terry's Arguments Are Unavailing and Millennium Has Properly Stated a Claim. ................................................................................ 8

      i.  Defendant Terry's Misrepresentations Constitute Actionable False or Misleading Statements. .................................................. 8

      ii.  Millennium Has Pleaded Its False Advertising Claims with Specificity. ................................................................................. 10

      iii.  Millennium Has Alleged That Terry Made a False Statement of Fact in a "Commercial Advertising or Promotion". ................... 11

      iv.  The First Amendment Does Not Preclude Millennium's Claims for False Advertising.. ............................................................... 13

      v.  Millennium Has Adequately Alleged Standing on Its State Law Claims... ..................................................................................... 14

      vi.  Terry's Argument Regarding Millennium's Entitlement to Restitution Does Not Provide a Basis to Grant the Motion.. ..... 16

III.  CONCLUSION ......................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Home Products Corp. v. Abbott Laboratories*,
   522 F. Supp. 1035 (S.D.N.Y. 1981) ................................................................. 9

*Anderson v. Fishback*,
   No. CV–05–0729–ROS (PC), 2009 WL 2423327 (E.D. Cal. Aug. 6,
   2009) .............................................................................................................. 7

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1990) ......................................................................... 4

*Bangura v. Hansen*,
   434 F.3d 487 (6th Cir. 2006) ......................................................................... 7

*Bell Atlantic Corp. v. Twombly*,
   127 S. Ct. 1955 (2007) .................................................................................. 4

*Castrol, Inc. v. Quaker State Corp.*,
   977 F.2d 57 (2d. Cir. 1992) ........................................................................... 9

*Cel–Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co,.*
   20 Cal.4th 163 (Cal. 1999) .......................................................................... 14

*Celebrity Chefs Tour, LLC v. Macy's, Inc.*,
   16 F. Supp. 3d 1159, 1164 (S.D. Cal. 2014) ................................................ 16

*Clearly v. News Corp.*,
   30 F.3d 1255 (9th Cir. 1994) ......................................................................... 5

*Coastal Abstract Serv. v. First Am. Title Ins. Co.*,
   173 F.3d 725 (9th Cir. 1999) ............................................................ 5, 11, 13

*Conant v. Walters*,
   309 F.3d 629 (9th Cir. 2002) ....................................................................... 13

*Data Cash Sys., Inc. v. JS&A Group, Inc.*,
   No. 79 C 0591, 1984 WL 63623 (N.D. Ill. Mar. 20, 1984) .......................... 8

*Fleischer Studios, Inc. v. A.V.E.L.A. Inc.*,
   772 F. Supp. 2d 1155 (C.D. Cal. 2009) ......................................................... 5

-iii-

*Garland Co. Inc. v. Ecology Roof Sys. Corp.*,
 895 F. Supp. 274 (D. Kan. 1995) ........................................................ 12

*Guerrero v. Gates*,
 442 F.3d 697 (9th Cir. 2006) ............................................................. 4

*Harper House v. Thomas Nelson, Inc.*,
 889 F.2d 197 (9th Cir. 1989) ............................................................. 15

*Jackson v. Carey*,
 353 F.3d 750 (9th Cir. 2003) ............................................................. 4

*Johnson & Johnson v. Carter-Wallace, Inc.*,
 631 F.2d 186 (2d Cir. 1980) ............................................................. 15

*Kwikset Corp. v. Superior Court*,
 51 Cal. 4th 310 (Cal. 2011) ......................................................... 14, 15

*Lopez v. Smith*,
 203 F.3d 1122 (9th Cir. 2000) ............................................................ 4

*Manufactured Home Communities, Inc. v. County of San Diego*,
 544 F. 3d 959 (9th Cir. 2008) ............................................................ 8

*Moroccanoil, Inc. v. Groupon, Inc.*,
 278 F. Supp. 3d 1157, 1161 (C.D. Cal. 2017)........................................ 5

*Neubronner v. Milken*,
 6 F.3d 666 (9th Cir. 1993) .............................................................. 11

*Reid v. Johnson & Jonson*,
 780 F.3d 952 (9th Cir. 2015) ......................................................... 14, 16

*Southland Sod Farms v. Stover Seed Co.*,
 108 F.3d 1134 (9th Cir. 1997) ...................................................... 4, 8, 9

*Summit Tech., Inc. v. High-Line Med. Instruments, Co.*,
 933 F. Supp. 918 (C.D. Cal. 1996)...................................................... 16

*Thompson v. W. States Med. Ctr.*,
 535 U.S. 357 (2002) .................................................................... 13

*TrafficSchool.com, Inc. v. Edriver Inc.*,
 653 F.3d 820 (9th Cir. 2011) ..................................................... 13, 14, 15

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ................................................................. 10

*Walker & Zanger, Inc. v. Paragon Indus., Inc.*,
    465 F. Supp. 2d 956 (N.D. Cal. 2006) .................................................... 12

*Walker & Zanger, Inc. v. Paragon Indus., Inc.*,
    549 F. Supp. 2d 1168 (N.D. Cal. 2007) ............................................. 5, 12

*Williams v. Gerber Products Co.*,
    552 F.3d 934 (9th Cir. 2008) ................................................................. 16

*Wolf v. Louis Marx & Co., Inc.*,
    No. 78 C 2018, 1978 WL 21366 (S.D.N.Y. Oct. 2, 1978) ....................... 8

**Statutes**

California Business and Professions Code §§ 17200 et seq. ............................*passim*

California Business and Professions Code §§ 17500 et seq. ............................*passim*

Lanham Act, 15 U.S.C. § 1125 ......................................................................*passim*

Tariff Act of 1930 Section 337, 19 U.S.C. § 1337(d)–(g) ................................... 3

**Other Authorities**

U.S. Const. amend. I. ......................................................................................... 13

Federal Rule of Civil Procedure 12(b)(6) ........................................................ 3, 16

Federal Rule of Civil Procedure 9(b) ........................................................ 7, 10, 11

U.S. Const. art. III ........................................................................................ 14, 15

# I.    **INTRODUCTION**

The defendants in this case have taken a selective approach to what constitutes a valid pleading from plaintiff, depending on what will bring about the most delay and/or increase the chances of excluding damaging evidence.  In 2017, when this action was in state court, the operative complaint of Plaintiff Millennium Dental Technologies, Inc. ("Millennium") was a First Amended Complaint, which alleged false advertising against both defendants Fotona, LLC ("Fotona") and Dr. A. Scott Terry ("Terry") (collectively "Defendants").  Defendants filed a demurrer to the First Amended Complaint, arguing, among other things, that Millennium did not state a claim for false advertising.  Defendants' demurrer, however, was overruled in its entirety.  *See* Millennium's Request for Judicial Notice ISO Opposition to Motion to Dismiss ("RJN"), Exh. A.  The case was set for a trial to commence in April 2018.

In January 2018, Millennium filed a motion for leave to file a Second Amended Complaint to add a Lanham Act cause of action, based in part on the same facts as the existing causes of action under the California Unfair Competition Law. At a hearing on February 1, 2018, the Superior Court granted Millennium's motion for leave to file the Second Amended Complaint.  The state court also continued the trial date until October 2018.  *See* RJN, Exh. B.

It was only after Millennium filed its Second Amended Complaint that Defendants—as a delay tactic to avoid trial and an adjudication on the merits— removed this case to federal court.  After removing the case, Defendants filed a motion to dismiss the Second Amended Complaint ("MTD"), arguing that Millennium had not pleaded false advertising under the Lanham Act with sufficient specificity.  In response, Millennium filed its current operative pleading, the Third Amended Complaint ("TAC").

The TAC, among other things, exhaustively details the false and misleading advertising by Defendants, including, without limitation, allegations that Terry, at

1  all times, acted as an agent and paid salesperson for Fotona, and that Terry's false

2  statements to the marketplace were part and parcel of a planned false and misleading

3  marketing campaign by Fotona.

4         Notably, Fotona has filed an Answer to the TAC, and does not challenge the

5  sufficiency of the allegations against it, including the causes of action for violations

6  of the Lanham Act and the California Unfair Competition Law that are separately

7  challenged by its agent, Terry.  In addition, Terry has not filed a motion to dismiss

8  two of the five causes of action against him, for breaching his contracts with

9  Millennium.  Thus, the motion before the Court is limited to only certain of the

10  causes of action pleaded against one of two defendants, and is brought based on

11  causes of action where that defendant is alleged to have acted as an agent of the

12  other defendant, which has not brought a motion to dismiss.

13         The reason Defendants, through Terry, have brought such a strained, and

14  flawed, motion to dismiss is that, in fact, they seek to exclude what is ultimately bad

15  evidence for them—that is, the facts with respect to Terry and his false and

16  misleading statements in the marketplace as a paid representative and salesperson

17  for Fotona.

18         As explained below, just as was the case with the First Amended Complaint

19  as to which Defendants' demurrer was overruled in state court, Millennium in its

20  TAC has properly stated a claim against Terry.  Indeed, when read in context with

21  the entire TAC, it is evident that the false and misleading statements made by Terry

22  to the marketplace were the tip of the iceberg, and part and parcel of a larger

23  campaign by Fotona to make false and misleading comparisons of its dental laser

24  and process to that of Millennium, which is the world leader in laser dentistry.

25         Finally, in an attempt to bias the Court, Terry in his motion makes several

26  misleading statements about the history of this litigation.  Among other things, Terry

27  references a motion for attorneys' fees filed by Defendants after Millennium

28

PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANT TERRY TO DISMISS THIRD AMENDED
COMPLAINT

voluntarily dismissed a prior trade secrets claim without prejudice.[1]  *See* Terry's

Memorandum of Points and Authorities ISO Motion to Dismiss Millennium's Third

Amended Complaint ("MTD") at 8:14–16 and 12:14–19.  Terry fails to mention,

however, that the Orange County Superior Court *denied* Defendants' motion,

specifically holding that Millennium's trade secrets were adequately identified, and

finding that Millennium's trade secret claim was supported by evidence sufficient to

defeat Defendants' motion.  Terry's Request for Judicial Notice ISO MTD, Ex. E at

pp. 3–4.[2]

In sum, this case was set for trial in state court, and should be moving toward

trial in this Court.  Millennium has properly stated its claims, and the motion to

dismiss should be denied.

## II.     ARGUMENT

### A.     Legal Standard.

Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be

dismissed only when a plaintiff's allegations fail to state a claim upon which relief

can be granted.  Once it has adequately stated a claim, a plaintiff may support the

allegations in its complaint with any set of facts consistent with those allegations.

---

[1] Millennium decided to dismiss its trade secrets claim to streamline this case for trial and focus on Defendants' most significant and injurious conduct.

[2] Terry also claims that Millennium acted improperly in bringing and then dismissing an International Trade Commission ("ITC") action against Defendant Fotona, LLC ("Fotona") and its Slovenian affiliate.  *See* MTD at 11–12.  Again, Terry fails to inform the Court that the focus of the ITC action was different and much more limited in scope as compared to this action, including as to the offending conduct, which was that Fotona had been making claims about its products that required FDA clearances that Fotona had not received.  In December 2017, however, during the pendency of the ITC action, Fotona obtained an FDA clearance that potentially mooted the limited relief available in the ITC action, which was prospective injunctive relief.  *See* Section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337(d)–(g) (ITC remedies are limited to *prospective* relief, i.e., exclusion and cease-and-desist orders).  Again, to streamline the disputes between the parties, Millennium decided to dismiss its ITC action without prejudice, reserving its rights.  In this action, Millennium has retained the right to seek and seeks monetary damages for harm to it in the past due to all the false and misleading statements made by Defendants to the marketplace.

1  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007); see *Balistreri v.*
2  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (stating that a complaint
3  should be dismissed only when it lacks a "cognizable legal theory" or sufficient
4  facts to support a cognizable legal theory).

5        The Court must accept as true all factual allegations in the complaint and
6  must draw all reasonable inferences from those allegations, construing the complaint
7  in the light most favorable to the plaintiff.  *Guerrero v. Gates*, 442 F.3d 697, 703
8  (9th Cir. 2006); *Balistreri*, 901 F.2d at 699.  Dismissal without leave to amend is
9  appropriate only when the Court is satisfied that the deficiencies in the complaint
10 could not possibly be cured by amendment.  *Jackson v. Carey*, 353 F.3d 750, 758
11 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v.*
12 *Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

13     **B.**    **<u>Millennium Has Properly Stated a Claim Under the Lanham Act</u>**
14         **<u>and California's Unfair Competition Law</u>.**

15       The elements for a Lanham Act § 43(a) false advertising claim are:
16           (1) a false statement of fact by the defendant in a
17           commercial advertisement about its own or another's
18           product; (2) the statement actually deceived or has the
19           tendency to deceive a substantial segment of its audience;
20           (3) the deception is material, in that it is likely to influence
21           the purchasing decision; (4) the defendant caused its false
22           statement to enter interstate commerce; and (5) the
23           plaintiff has been or is likely to be injured as a result of the
24           false statement, either by direct diversion of sales from
25           itself to defendant or by a lessening of the goodwill
26           associated with its products.
27 *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997)
28 (citations omitted).

PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANT TERRY TO DISMISS THIRD AMENDED
COMPLAINT

1    "To demonstrate falsity within the meaning of the Lanham Act, a plaintiff

2  may show that the statement was literally false, either on its face or by necessary

3  implication, or that the statement was literally true but likely to mislead or confuse

4  consumers." *Id.* (citing *Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939, 943, 946 (3d

5  Cir. 1993.  Representations constitute commercial advertising or promotion under

6  the Lanham Act if they are:  "(1) commercial speech; (2) by a defendant who is in

7  commercial competition with plaintiff; (3) for the purpose of influencing consumers

8  to buy defendant's goods or services."  *Coastal Abstract Serv. v. First Am. Title Ins.*

9  *Co.*, 173 F.3d 725, 735 (9th Cir. 1999).

10    Critically, actionable false statements under the Lanham Act need not be

11  made in a "classic advertising campaign," but they must be "disseminated

12  sufficiently to the relevant purchasing public to constitute 'advertising' or

13  'promotion' within that industry."  *Id.*  Accordingly, to evaluate whether a

14  representation is actionable "commercial speech," it is necessary to evaluate the

15  specific characteristics of advertising and promotion within the particular industry at

16  issue, which in this case is lasers sold to dentists and periodontists for use in the

17  treatment of periodontal disease.

18    With respect to Millennium's claims for false advertising under California

19  Business and Professions Code §§ 17200 et seq. ("UCL") and 17500 et seq.

20  ("FAL"), Millennium has stated a claim for the same reason it has stated a claim

21  under the Lanham Act.  In the Ninth Circuit, when state law claims for unfair

22  competition or false advertising are based on the same conduct as claims under the

23  Lanham Act, courts apply the same analysis to the claims.  *Moroccanoil, Inc. v.*

24  *Groupon, Inc.*, 278 F. Supp. 3d 1157, 1161 (C.D. Cal. 2017); *see also Fleischer*

25  *Studios, Inc. v. A.V.E.L.A. Inc.*, 772 F. Supp. 2d 1155, 1167 (C.D. Cal. 2009);

26  *Clearly v. News Corp.*, 30 F.3d 1255, 1263 (9th Cir. 1994); *Walker & Zanger, Inc.*

27  *v. Paragon Indus., Inc.*, 549 F. Supp. 2d 1168, 1192 (N.D. Cal. 2007).  Because

28  Millennium's state law unfair competition and false advertising claims against Dr.

Terry are substantially congruent with its Lanham Act claim, the Lanham Act analysis applies to Millennium's state claims.  *See* MTD at 16:18–27.

Millennium has stated a claim under the Lanham Act and state unfair competition law.  Millennium has alleged that Terry, acting as an agent and commissioned salesman for Millennium's direct competitor,[3] Fotona, has made several false and misleading statements to the marketplace, which are directly calculated to reach potential customers of Millennium.  *See* TAC at ¶¶ 100, 108, and 114.  To support its Lanham Act and state false advertising claims, Millennium has alleged specific facts, including the following:

- Terry represented to potential purchasers of dental lasers at conferences, which are specifically identified in the TAC, that he developed (and Fotona officially adopted) a "new" laser surgical protocol for the treatment of periodontal disease that is equivalent or superior to existing protocols, including Millennium's LANAP® Protocol, when in reality his protocol is a mere rebranding of the LANAP® Protocol.  *See* TAC at ¶¶ 15 and 83–98.

- At one or more of these presentations to potential customers and in an internet message-board communication with at least one potential purchaser, Terry expressly concealed his affiliation with Fotona.  TAC at ¶¶ 86 and 97–98.

- Terry falsely represented to at least one potential customer that the LANAP® Protocol can be performed on Fotona's LightWalker device and that Fotona's and Millennium's devices are virtually identical, parroting Fotona's broader deceptive statements to the market that its product is equivalent to that of Millennium.  TAC at ¶ 98; *see also, e.g., id.* at ¶¶ 65

---

[3] *See* TAC at ¶¶ 61, 97, and 101.

PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANT TERRY TO DISMISS THIRD AMENDED COMPLAINT

("Fotona representatives at a trade show told a Canadian dentist . . . that Fotona can 'do LANAP®.'") and 73.

- Millennium has alleged that these statements are material, given that Millennium and Fotona are in direct competition and that similar claims have resulted in lost sales to Millennium. *See* TAC at ¶¶ 7, 65, and 101.

- Millennium has further alleged that Terry's false statements are very likely to be believed by the market, given that Terry presents himself as an expert on these matters, based largely on his training by Millennium in the LANAP® Protocol. *See* TAC at ¶¶ 73, 98 ("Terry began by trying to gain credibility by stating that he was LANAP-certified."), 101–02, 104, and 109.

- Millennium has also alleged that it has been harmed by Terry's false and misleading advertising campaign in the form of lost sales, lost profits, lost market share, and harm to the goodwill associated with Millennium and its products. *See* TAC ¶¶ 73 (Millennium has experienced a "precipitous decline" in sales as a result of Defendants' conduct), 101–02, 105, 111, and 115.

- Finally, Millennium has alleged, and Terry does not dispute, that the interstate commerce element of the Lanham Act is satisfied. TAC ¶ 103.

In sum, Millennium has advanced allegations sufficient to support its Lanham Act and state law claims.[4]  As explained below, Terry's arguments are unavailing and Terry fails to satisfy his burden.[5]

---

[4] Indeed, Terry does not dispute that most of his false or misleading statements are pled with particularity, satisfying Rule 9(b). *See* MTD at 17:27 (only "Statement C" alleged to be not actionable as failing to comply with Rule 9(b)).

[5] "The defendant bears the burden of proving plaintiff has failed to state a claim." *Anderson v. Fishback*, No. CV–05–0729–ROS (PC), 2009 WL 2423327, at * 2 (E.D. Cal. Aug. 6, 2009) (citing *Hedges v. U.S.,* 404 F.3d 744, 750 (3d Cir. 2005) and *Bangura v. Hansen*, 434 F.3d 487, 498 (6th Cir. 2006)

PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANT TERRY TO DISMISS THIRD AMENDED COMPLAINT

**C.**    **Terry's Arguments Are Unavailing and Millennium Has Properly Stated a Claim.**

Terry argues that each of the misrepresentations attributable to him and identified in Millennium's TAC fails as a matter of law.  Terry separately contends that, in any event, Millennium's UCL claims separately fail as a matter of law.  Each of these contentions is addressed below.

**i.**    **Defendant Terry's Misrepresentations Constitute Actionable False or Misleading Statements.**

Terry argues that several (but not all) of his statements are mere "puffery," as opposed to statements of fact actionable under the Lanham Act.  MTD at 17:25–26 and 18–20.  "Puffing is exaggerated advertising, blustering, and boasting upon which no reasonable buyer would rely." *Southland Sod Farms*, 108 F.3d at 1145; *see also Manufactured Home Communities, Inc. v. County of San Diego*, 544 F. 3d 959, 966 (9th Cir. 2008) ("An opinion is any broad, unfocused and wholly subjective comment." (internal quotations omitted)).

Terry argues that his false statements that he created a "new" surgical procedure[6] constitute mere "puffery."  MTD at 19:17–20:7.  Terry cites a number of unpublished cases from other jurisdictions which conclude that the specific statements of novelty at issue either constituted mere puffery or were accurate, and therefore not actionable.  Terry cites, among others, *Wolf v. Louis Marx & Co., Inc.*, No. 78 C 2018, 1978 WL 21366, at *4 (S.D.N.Y. Oct. 2, 1978), which concluded that the "claim that the toy was 'new' *was accurate . . .* " and therefore does not support the cited proposition.  (emphasis added).  Terry also misleadingly omits the prefatory word "frequently" from his quotation of *Data Cash Sys., Inc. v. JS&A Group, Inc.*, No. 79 C 0591, 1984 WL 63623, at *3–4 (N.D. Ill. Mar. 20, 1984) ("*frequently*, newness claims are only puffing . . . .").  None of these cases stands for

---

[6] *See* TAC at ¶¶ 15, 92, and 96.

the proposition that false statements of novelty always constitute non-actionable puffery. Indeed, courts have specifically held that claims of "newness" can be actionable when such claims are false, as Millennium has alleged in this case. *See, e.g., American Home Products Corp. v. Abbott Laboratories*, 522 F. Supp. 1035, 1040 (S.D.N.Y. 1981) (claims that product is "new" held to be actionable false statement).

As alleged in the TAC, Terry claimed to have invented a "new" surgical procedure before the Academy of Laser Dentistry ("ALD"). TAC at ¶ 91. The TAC alleges that this presentation was a thinly veiled marketing presentation and that conferences like the ALD are critical to the sales of dental lasers. TAC at ¶¶ 14 and 92. In the course of his presentation, Terry exhaustively recounted the steps of his procedure and displayed data from an alleged study performed by him comparing clinical outcomes between his protocol and Millennium's. *Id.* at ¶¶ 92–96. In this way, Terry falsely conveyed to his audience that the technique presented was "new" *vis-à-vis Millennium specifically*, and a reasonable audience would have understood and relied upon that objectively false statement. *See* TAC at ¶¶ 16 and 89 (Terry's protocol "is little more than the LANAP protocol by a different name . . . ."). As such, Terry's statement constitutes an actionable assertion of fact under the Lanham Act.

Terry also argues that his representations to Dr. Boltchi, a dentist interested in purchasing a dental laser, regarding the purported ability of Fotona's device to perform Millennium's protocol, were simply puffery. *See* MTD at 17:19–26. In fact, Terry's representation that Fotona's LightWalker can perform the LANAP® Protocol is objectively false and therefore actionable. *See Southland Sod Farms*, 108 F.3d at 1145 ("A specific and measurable advertisement claim of product superiority based on product testing is not puffery."); *Castrol, Inc. v. Quaker State Corp.*, 977 F.2d 57, 62–64 (2d. Cir. 1992) (Lanham Act liability may be premised on claims of superiority and affirming district court's finding of a violation in such

-9-

circumstances).  Millennium has alleged as much in its TAC.  TAC ¶ 8 ("the LANAP® Protocol [cannot] be properly performed on a Fotona laser, due to, among other things, differences in the lasers' optical fiber diameters, specific operating parameters, and energy settings, which are verified and standardized by an external power meter.") and ¶ 38.  Terry's representation is also misleading, as Fotona does not teach its clients how to perform Millennium's proprietary procedure, which is protected as a trade secret.  *See* TAC at ¶ 35.  At this stage, where all reasonable inferences are to be drawn in favor of Millennium and where Millennium has alleged the existence of divergent technical characteristics between its laser and that of Fotona, these allegations are sufficient to defeat Terry's motion to dismiss.

### ii.    Millennium Has Pleaded Its False Advertising Claims with Specificity.

Terry also claims that certain allegations in the TAC are not pleaded with sufficient specificity to satisfy Rule 9(b).  As an initial matter, Terry only argues that the allegations made by Millennium at ¶ 97 of the TAC concerning Terry's sales pitches at conferences other than the ALD do not satisfy Rule 9(b).  *See* MTD at 20– 21.[7]  First, Millennium has in fact alleged the "*who, what, when, where, and how*" of the pleaded misrepresentations; namely, that Terry presented a "similar" pitch as the one given at ALD to attendees at specifically identified presentations in Seattle, Dallas, Boston, and Marshall, Minnesota between June 2015 and December 2017. Millennium further alleged that, in at least one of these presentations, Terry concealed his affiliation with Fotona, decreasing the likelihood that his audience would consider his false and misleading statements mere "puffery" and itself constituting a misrepresentation actionable under the Lanham Act.

Second, Defendants are well aware of Terry's speaking engagements and precisely what he said at each of those events, and as such Rule 9(b) has been

---

[7] Terry apparently concedes that Millennium's other allegations satisfy the standard.

satisfied.  *See Neubronner v. Milken*, 6 F.3d 666, 671–72 (9th Cir. 1993) ("A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.") (internal quotations omitted).

In sum, the TAC pleads Terry's false and misleading statements with adequate specificity.  Moreover, Terry does not dispute that most of Millennium's allegations concerning Terry's false and misleading statements satisfy Rule 9(b), each of which, therefore, independently serves to defeat Terry's Motion.

### iii.    Millennium Has Alleged That Terry Made a False Statement of Fact in a "Commercial Advertising Or Promotion."

For a plaintiff to prevail on a Lanham Act claim, a defendant's misrepresentations must "be disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion'" within that industry.  *Coastal Abstract Serv., Inc.*, 173 F.3d at 735 (citation omitted).  Terry argues that several of his statements were not sufficiently disseminated to meet this standard.  MTD at pp. 18:27–19:2 and 22–24.

The question of whether statements reasonably could be said to have been made in a commercial advertisement or promotion, however, is a fact-specific inquiry not suitable for determination on a motion to dismiss.  In considering this issue on an appeal from a successful motion to dismiss, the Ninth Circuit in *Newcal Industries, Inc.* observed that "[w]hether the relevant statements were 'disseminated sufficiently to the relevant purchasing public,' [citation], may turn out to be true or false, but the *allegation suffices for purposes of stating a claim . . .* [plaintiff] must be given an opportunity to prove that the alleged statements were made in a commercial advertising."  513 F.3d 1038, 1054 (9th Cir. 2008) (emphasis added). The *Newcal* court also distinguished *Walker & Zanger, Inc. v. Paragon Indus., Inc.*, 465 F. Supp. 2d 956 (N.D. Cal. 2006), which is cited by Terry.  As the *Newcal* court observed:

-11-

1    [*Walker & Zanger, Inc. v. Paragon Indus., Inc.*] found on a motion for

2    *summary judgmen*t that the factually-established "handful of

3    statements to customers" did not constitute sufficient dissemination in

4    the industry at issue in that case.  On remand, the district court here

5    will be free to reach the same conclusion, but only after [Plaintiff] has

6    had an opportunity to present evidence in support of its allegations and

7    has failed to meet its burden of proof. [Defendant] has offered no

8    citation that would support dismissal as a matter of law.

9    *Newcal*, 513 F.3d at 1054.[8]

10    Here, Millennium has alleged that Defendants, including Terry, have used,

11    made, approved, and sponsored false and misleading representations of fact, orally

12    and in written commercial advertisements and other promotional materials.  TAC at

13    ¶ 100.   The TAC also pleads specific factual allegations, including that Terry (1)

14    made false and misleading statements at presentations in specific major cities and

15    other locations between 2015 and 2017, including at ALD, as well as online,[9] and

16    (2) that sales at trade shows are a significant portion of Millennium's business and

17    that Millennium already has a strong existing market share within the specialized

18    field of laser periodontal treatment,[10] giving rise to the inference (which indeed,

19    reflects the reality) that the relevant market for periodontal laser devices involves a

20    limited number of potential purchasers.  Accordingly, although Terry's false and

21    misleading statements were made to a subset of the overall group of potential

22    customers, his statements are sufficient to constitute "advertising" or "promotion"

23    given the particular characteristics of the periodontal laser industry.  *See Coastal*

24    _____

25    [8] Indeed, of all the cases cited by Defendants on this issue, only *Garland Co.

26    Inc. v. Ecology Roof Sys. Corp*., 895 F. Supp. 274, 276 (D. Kan. 1995) involved a determination of this issue on motion to dismiss, and there the plaintiff alleged only a single letter to a single buyer as the basis for its false advertising claim.

27    [9] TAC at ¶¶ 87 and 97–98.

28    [10] *Id.* at ¶¶ 40 and 62.

PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANT TERRY TO DISMISS THIRD AMENDED
COMPLAINT

1  *Abstract Serv., Inc*., 73 F.3d at 735 ("Where the potential purchasers in the market
2  are relatively limited in number, even a single promotional presentation to an
3  individual purchaser may be enough to trigger the protections of the Act." (quoting
4  *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1386 (5th Cir. 1996)).

5        In sum, Millennium has sufficiently alleged that Terry's false and misleading
6  statements constitute "advertising" or "promotion."

### iv.     The First Amendment Does Not Preclude Millennium's Claims for False Advertising.

9        Terry alleges that, because he is a licensed dentist, he is insulated from civil
10  liability arising under the Lanham Act for his propagation of false and misleading
11  advertisements by virtue of the First Amendment.  MTD at 24–25.  Terry
12  completely ignores, however, the allegation that he was acting as a paid agent and
13  representative of Millennium's competitor, Fotona.  Moreover, the cases upon
14  which Terry relies serve only as unremarkable illustrations of basic principles of
15  constitutional law, holding that the *government* cannot infringe upon the First
16  Amendment rights of physicians through regulatory action without sufficient
17  justification.  *See Thompson v. W. States Med. Ctr.,* 535 U.S. 357 (2002) (involving
18  a challenge to federal act prohibiting advertising and promotion of particular drugs);
19  *Conant v. Walters*, 309 F.3d 629 (9th Cir. 2002) (involving a challenge to stated
20  federal policy of revoking licenses of doctors who prescribe marijuana).  By
21  contrast, Millennium is a private litigant unaffiliated with any governmental body.
22  Moreover, the Ninth Circuit has observed that Lanham Act cases do not typically
23  involve any First Amendment concerns because false and misleading advertising is
24  not constitutionally protected speech.  *TrafficSchool.com, Inc. v. Edriver Inc.*, 653
25  F.3d 820, 829 (9th Cir. 2011).  As such, Terry's First Amendment argument has no
26  bearing on Millennium's claims.

27
28

PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANT TERRY TO DISMISS THIRD AMENDED COMPLAINT

1

### v.     Millennium Has Adequately Pleaded Standing on Its State

2

### Law Claims.

3       Terry claims that Millennium does not meet the requirements of Proposition

4   64, which requires "that a plaintiff have 'lost money or property' to have standing to

5   sue" under the UCL.  *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323 (2011).

6   Millennium has properly pled such standing.  In order to establish standing, a

7   "plaintiff must meet the economic injury-in-fact requirement, which demands no

8   more than the corresponding requirement under Article III of the U.S. Constitution."

9   *Reid v. Johnson & Jonson*, 780 F.3d 952, 958 (9th Cir. 2015).  "Evidence of direct

10  competition is strong proof that plaintiffs have a stake in the outcome of the suit, so

11  their injury isn't 'conjectural' or 'hypothetical.'"  *TrafficSchool.com, Inc.*, 653 F.3d

12  at 826 (reversing district court's determination at trial that, despite prevailing on

13  their Lanham Act claim, Plaintiffs did not have standing to bring related UCL claim)

14  (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  "A plaintiff who

15  can't produce lost sales data may therefore establish an injury by creating a chain of

16  inferences showing how defendant's false advertising could harm plaintiff's

17  business."  *Id.*

18      Terry erroneously asserts that Millennium must demonstrate "actual reliance"

19  on the "allegedly deceptive or misleading statements" in order to properly allege its

20  state law claims.  MTD at 26.  In support, Terry cites *In re Tobacco II Cases*

21  ("*Tobacco*"), which involved a claim brought under the "fraudulent"—as opposed

22  to "unlawful"— prong of the UCL.  46 Cal. 4th 298, 326 (Cal. 2009) ("we conclude

23  this language imposes an actual reliance requirement on plaintiffs prosecuting a

24  private enforcement action under the UCL's fraud prong.").

25      Millennium, unlike the class of plaintiffs in *Tobacco*, also brings its claim

26  under the UCL's "unlawful" prong, which "borrows violations of other law and

27  treats them as unlawful practices."  *Cel–Tech Commc'ns, Inc. v. Los Angeles*

28  *Cellular Tel. Co*,. 20 Cal.4th 163, 180 (Cal. 1999) (internal quotations omitted).

-14-

1  Here, Millennium's state law unfair competition claims "borrow" from the Lanham

2  Act.  The Lanham Act does not require plaintiffs to allege actual reliance in order to

3  state a claim, and Terry does not move for dismissal of Millennium's Lanham Act

4  claim on this basis.  *See Johnson & Johnson v. Carter-Wallace, Inc.*, 631 F.2d 186,

5  190 (2d Cir. 1980) ("The [Lanham Act] demands only proof providing a reasonable

6  basis for the belief that the plaintiff is likely to be damaged as a result of the false

7  advertising. The correct standard is whether it is likely that [defendant's] advertising

8  has caused or will cause a loss of [plaintiff's] sales, not whether [plaintiff] has come

9  forward with specific evidence that [defendant's] ads actually resulted in some

10  definite loss of sales."); *see also Harper House v. Thomas Nelson, Inc.*, 889 F.2d

11  197, 210 (9th Cir. 1989) (Lanham Act plaintiffs need not prove injury when suing to

12  enjoin conduct).  As such, it would make little sense if Proposition 64, which was

13  passed to prevent "shakedown lawsuits" brought by persons acting for the general

14  public and having no nexus to defendants, operated to preclude Millennium's state

15  law claims, which are based upon and entail narrower remedies than its sufficiently

16  pled Lanham Act claim.[11]

17      Millennium has also alleged that (1) it is in direct competition with Fotona, on

18  whose behalf Terry operated as a salesperson, and (2) representations identical to

19  those made by Terry have in fact induced at least one customer to abandon his

20  commitment to purchase a laser from Millennium, and instead purchase one from

21  Fotona.  *See* TAC at ¶¶ 65 and 101.  Moreover, as Terry notes in his Motion to

22  Dismiss, Millennium has in fact alleged that Terry's "false and misleading

23  advertising and marketing statements are given high creditability and relied upon by

24  dental practitioners."  MTD 27; quoting TAC, ¶ 109 (emphasis removed).  As such,

---

25  [11] *See Kwikset Corp.*, 51 Cal. 4th at 317 ("We conclude Proposition 64 should

26  be read in light of its apparent purposes, i.e., to eliminate standing for those who have not engaged in any business dealings with would-be defendants and thereby

27  strip such unaffected parties of the ability to file 'shakedown lawsuits,' while preserving for actual victims of deception and other acts of unfair competition the

28  ability to sue and enjoin such practices.").

PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANT TERRY TO DISMISS THIRD AMENDED
COMPLAINT

Millennium has alleged facts permitting  a "chain of inferences showing how defendant's false advertising could harm" its business.  *TrafficSchool.com*, 653 F.3d at 826.

In sum, Millennium has asserted a sufficient likelihood of standing to survive Defendant's motion to dismiss.  *See Reid*, 780 F.3d at 958 (question of whether a reasonable consumer is likely to be deceived by a defendant's representations is "appropriate for resolution on a motion to dismiss only in rare circumstances."); *see also Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (reversing district court's granting of motion to dismiss UCL claims for failure to allege a likelihood of deception to reasonable consumers, and observing that "whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer").

### vi.  Terry's Argument Regarding Millennium's Entitlement to Restitution Does Not Provide a Basis to Grant the Motion.

Finally, Terry claims that Millennium has failed to adequately allege that it is entitled to restitution.  Terry's argument is of no moment on this motion to dismiss.  A court in evaluating a motion to dismiss is charged with determining whether the complaint states a claim which entitles the plaintiff to relief; the question is not whether all of the relief asked for can be granted, but rather whether plaintiff can be afforded any relief.  *See Summit Tech., Inc. v. High-Line Med. Instruments, Co.,* 933 F. Supp. 918, 927–28 (C.D. Cal. 1996) ("a Rule 12(b)(6) motion will not be granted merely because a plaintiff requests a remedy to which he or she is not entitled" (quotations omitted); *see also Celebrity Chefs Tour, LLC v. Macy's, Inc.*, 16 F. Supp. 3d 1159, 1164 (S.D. Cal. 2014) (holding that "a Rule 12(b)(6) motion is the improper vehicle for raising" argument that punitive damages were unavailable).  As pleaded in the TAC, Millennium seeks injunctive relief under its state law UCL claims, and thus properly states a cause of action.  Accordingly, Terry's arguments

1  that Millennium has failed to allege its eligibility for the remedy of restitution under

2  the UCL are irrelevant to the outcome on the present motion.  *See* MTD at 27–28.

3  **III.   CONCLUSION**

4       For the foregoing reasons, Millennium respectfully requests that the Court

5  deny Terry's motion to dismiss.  Alternatively, in the event the Court is inclined to

6  grant the motion, Millennium requests leave to amend.

7

8  DATED:  May 21, 2018              GREENBERG GROSS LLP

9

10

11                                By:  _____/s/ Evan C. Borges_____

12                                     Evan C. Borges
                                       Attorneys for Plaintiff MILLENNIUM
13                                     DENTAL TECHNOLOGIES, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANT TERRY TO DISMISS THIRD AMENDED
COMPLAINT